1  Sheila A.G. Armbrust (SBN 265998)
   sarmbrust@sidley.com
2  Stephen Chang (SBN 312580)
   stephen.chang@sidley.com
3  Laura V. Herrera (SBN 343929)
   laura.herrera@sidley.com
4  SIDLEY AUSTIN LLP
   555 California Street
5  Suite 2000
   San Francisco, CA 94104
6  Telephone: +1 415 772 1200
   Facsimile: +1 415 772 7400
7
   Amy P. Lally (SBN 198555)
8  alally@sidley.com
   SIDLEY AUSTIN LLP
9  1999 Avenue of the Stars
   17th Floor
10 Los Angeles, CA 90067
   Telephone: +1 310 595 9662
11 Facsimile: +1 310 595 9501

12 *Attorneys for Defendant*
   *Higher Education Loan Authority*
13 *of the State of Missouri*

14                    UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO/OAKLAND DIVISION

17 JAIME MALDONADO, ANNA VARELA,          Case No.  24-cv-7850
   ALMA GARY, and JEFF PLAMONDON,
18 individually and on behalf of all others similarly   **DEFENDANT HIGHER EDUCATION**
   situated,                              **LOAN AUTHORITY OF THE STATE OF**
19                                         **MISSOURI'S NOTICE OF REMOVAL OF**
                                           **ACTION UNDER 28 U.S.C. §§ 1441**
20              Plaintiffs,                **AND 1442**

21        vs.                             State Action Filed: September 4, 2024

22 HIGHER EDUCATION LOAN AUTHORITY        State Action Served: October 10, 2024
   OF THE STATE OF MISSOURI, and
23 DOES 1-30,

24              Defendants.

25

26

27

28

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1442, CASE NO. 24-CV-7850

**NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1442, Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA" or "Defendant") hereby removes to this Court the above-styled action, pending as Case No. 24CV090146 in the Superior Court of California for the County of Alameda (the "Action").

**I.    PRELIMINARY STATEMENT**

On September 4, 2024, Plaintiffs Jaime Maldonado, Anna Varela, Alma Gary, and Jeff Plamondon (collectively, the "Plaintiffs"), filed the Action, captioned *Maldonado et al. v. Higher Education Loan Authority of the State of Missouri et al.*, against MOHELA in the Superior Court for the County of Alameda. It is docketed as Civil Action No. 24CV090146. A copy of the Complaint ("Compl.") is attached to the Declaration of Sheila A.G. Armbrust ("Armbrust Decl.") as Exhibit A.

Plaintiffs mailed the Complaint to MOHELA on October 1, 2024, and completed service pursuant to MOHELA's signed Notice and Acknowledgement of Service on October 10, 2024. Armbrust Decl., Ex. M ("Notice and Acknowledgement"). MOHELA has timely filed this removal within thirty days in accordance with Title 28, United States Code, Section 1446(b).

Plaintiffs allege that the U.S. Department of Education (the "Department") publicly announced that Plaintiffs' and the proposed class members' loans would be discharged and notified Plaintiffs of the same, and that MOHELA, as "a federal student loan servicer," "continues to collect and report on these accounts as if they had never been cancelled, refuses to issue authorized refunds to the borrowers, and has demanded payment from Plaintiffs and proposed class members." Compl. ¶¶ 1, 21. Plaintiffs assert claims under: the California Fair Debt Collection Practices Act ("Rosenthal Act"), Civil Code § 1788 *et seq.*; the California Consumer Credit Reporting Agencies Act ("CCRAA"), Civil Code § 1785.1 *et seq.*; the California Student Borrower Bill of Rights ("SBBR"), Civil Code §§ 1788.100 *et seq.*; and the California Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.*

1    Pursuant to Title 28, United States Code, Section 1446(a), a true and correct copy of all

2  process, proceedings, and orders served upon Defendant in the Action are attached. *See* Armbrust

3  Decl. Exs. A–M.

4    In accordance with Title 28, United States Code, Section 1446(d), MOHELA is providing

5  notice to Plaintiffs through its attorneys of record and is filing a copy of this notice with the Superior

6  Court for the County of Alameda.

7  **II.    GROUNDS FOR REMOVAL**

8    The Action is subject to removal to federal court on three grounds. First, MOHELA's

9  challenged acts, for which MOHELA can assert colorable federal defenses, were performed under

10  color of federal office and are therefore subject to removal pursuant to Title 28, United States Code,

11  Section 1442(a)(1), the federal officer removal statute. Second, the district courts of the

12  United States have original jurisdiction over Plaintiffs' claims, so this case is subject to removal

13  pursuant to Title 28, United States Code, Section 1441(a). Third, should the Court determine that

14  MOHELA is not colorably an "arm of the state" entitled to sovereign immunity, *see infra*

15  Section II.A.4, then this action would, in the alternative, be subject to removal based on diversity

16  jurisdiction pursuant to Title 28, United States Code, Section 1441(a).

17    **A.    Federal Officer Removal**

18    This court has jurisdiction over the Complaint pursuant to Title 28, United States Code,

19  Section 1442(a)(1), which provides for removal of any "civil action . . . against or directed to . . . any

20  officer (or any person acting under that officer) of the United States or of any agency thereof, in an

21  officer or individual capacity, for or relating to any act under color of such office . . . ." Federal

22  contractors may remove cases based on actions performed under color of a federal office if they

23  assert a colorable federal defense. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir.

24  2006). To invoke the federal officer removal statute, a defendant must show that the following

25  elements are met: (1) it is a "person" within the meaning of the statute, (2) it acted under a federal

26  officer's direction, (3) its challenged acts have a "causal nexus" to a federal officer's direction, and

27  (4) it has a "'colorable' federal defense to [the] plaintiffs' claims." *Leite v. Crane Co.*, 749 F.3d

28

2

1    1117, 1120 (9th Cir. 2014) (citing *Durham*, 445 F.3d at 1251).

2    MOHELA satisfies each prong of the test for federal officer removal.

3    **1.   MOHELA is a "person" under 28 U.S.C. § 1442(a)(1).**

4    MOHELA is a public corporation and therefore is a "person" within the meaning of Title 28,

5    United States Code, Section 1442(a)(1). The Ninth Circuit agrees with other courts of appeals, which

6    "have uniformly held that corporations are 'person[s]' under § 1442(a)(1)." *Goncalves ex rel.*

7    *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017). As the

8    Supreme Court stated in *Biden v. Nebraska*, "Missouri created MOHELA as a nonprofit government

9    corporation to participate in the student loan market." 143 S. Ct. 2355, 2365 (2023) (citing Mo. Rev.

10   Stat. § 173.360).

11   **2.   MOHELA acted under a federal officer in its servicing of Plaintiffs' loans.**

12   MOHELA satisfies the second prong for federal officer removal because it acted under a

13   federal officer in its servicing of Plaintiffs' loans. *See Goncalves*, 865 F.3d at 1244. For a private

14   entity to be "acting under" a federal officer, the private entity must be involved in "an effort to assist,

15   or to help carry out, the duties or tasks of the federal superior" to an extent that goes "beyond simple

16   compliance with the law," but instead "help[s] the officer fulfill other basic governmental tasks." *Id.*

17   at 1244-45 (quoting *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 151–53 (2007)). As a

18   federal loan servicer, MOHELA has a close relationship of this kind with the Department.

19   Plaintiffs' allegations concern MOHELA's administration of Plaintiffs' student loan

20   payments, discharges, and refunds. Compl. ¶¶ 9–12. As Plaintiffs acknowledge in their Complaint,

21   "The Department contracts with a limited number of third-party 'student loan servicers, including

22   MOHELA, to service its student loan accounts." Compl. ¶ 5; *see also* 20 U.S.C. § 1087f(a)(2).

23   Plaintiffs' allegations arise from actions alleged to have been taken by MOHELA in the course of its

24   performance of contractual obligations to the Department. See Compl. ¶¶ 5, 35 (alleging the

25   contractual obligations of federal student loan servicers "such as MOHELA").

26   MOHELA has two principal contracts with the Department for servicing federal student loan

27   accounts. Declaration of Jennifer Farmer ("Farmer Decl.") ¶ 5. The primary contract, known as the

28

3

1    "Direct Loan" or "DL" Contract ("DL Contract"), covering the loans at issue in this dispute was

2    awarded to MOHELA in September 2011 and is currently in the process of winding down.

3    *Id.* ¶¶ 5, 6, 12. All of MOHELA's federal student loan servicing from 2011 to April 1, 2024,

4    occurred pursuant to the DL Contract. *Id.* ¶¶ 5, 6, 11. In 2023, MOHELA was awarded a second

5    servicing contract by the Department, known as the Unified Servicing and Data Solution ("USDS")

6    contract. *Id.* ¶ 5; *see also* Compl. ¶ 35. From April 1, 2024 to October 2024, MOHELA serviced

7    loans pursuant to the terms of both the DL Contract and USDS Contract pending completion of a

8    contractually required system migration. *Id.* ¶¶ 11, 12. While performing its contractual obligations

9    to the Department—which were not only highly detailed, but also involved the Department's active

10   guidance and control—MOHELA assisted a federal officer in the fulfillment of basic duties and

11   therefore was (and is) "acting under" the Department. *Id.* ¶¶ 13, 14; *see Goncalves*, 865 F.3d

12   at 1246–47 (holding that a private contractor was "acting under" a federal officer when it was

13   serving as an agent for the government and assisting the government in fulfilling basic duties). Thus,

14   the liability alleged by Plaintiffs arises by virtue of actions MOHELA performed at the direction of a

15   federal officer.

16       Indeed, several courts have upheld removal of actions brought against federal student loan

17   servicers under Title 28, United States Code, Section 1442(a)(1) and denied plaintiffs' remand

18   motions. *See, e.g.*, *Holston v. Pa. Higher Educ. Assistance Agency*, 2019 WL 4745051, at *2 (D.N.J.

19   Sept. 30, 2019) (upholding federal student loan servicers' removal of action to federal court under

20   § 1442(a)(1) because it acted under direction of a federal officer when "servic[ing] student loans issued

21   by the federal government under the [Direct] Loan Program, . . . and under the Federal Family

22   Education Loan Program," and when "administer[ing] the Public Service Loan Forgiveness

23   Program"); *Cobb v. GC Servs., LP*, 2016 WL 7155765, at *2 (S.D. W. Va. Dec. 7, 2016) (upholding

24   federal student loan servicer's removal of action to federal court under § 1442(a)(1) because it acted

25   under direction of a federal officer when it "helped and assisted the [Department] in its loan collection

26   activities"); *Smith v. Collection Techs., Inc.*, 2016 WL 1169529, at *2–4 (S.D. W. Va. Mar. 22, 2016)

27   (same); *Snuffer v. Great Lakes Educ. Loan Servs., Inc.*, 2015 WL 13049342, at *2 (S.D. W. Va.

28

4

1    Mar. 19, 2015) (same).

2    **3.    MOHELA's alleged acts have a causal nexus to a federal officer's direction.**

3    MOHELA also satisfies the third prong for federal officer removal because its challenged

4    acts taken at a federal officer's direction have a causal connection to Plaintiffs' claims.

5    The "hurdle erected by 'the causal-connection' requirement is quite low." *Goncalves*, 865

6    F.3d at 1244 (citing *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008)). Non-

7    governmental corporate defendants like MOHELA need only show that the challenged acts

8    "occurred *because of* what they were asked to do by the Government." *Id.* at 1245 (emphasis

9    original). In *Goncalves*, the Ninth Circuit applied this standard to hold that a defendant healthcare

10    insurance company's act of pursuing a subrogation claim pursuant to a provision of the Federal

11    Employees Health Benefits Act satisfied the causal connection requirement for federal officer

12    removal, because the challenged acts were taken in response to the Office of Personnel

13    Management's request that the defendants "administer the plan" and make "reasonable efforts" to

14    pursue known subrogation claims. 865 F.3d at 1245.

15    Here, too, the very acts that form the basis for Plaintiffs' claims are acts MOHELA

16    performed at the direction of federal officers. *See*, *e.g.*, Farmer Decl., Ex. A ("DL Contract") at 36

17    (identifying the Department's high-level requirements for MOHELA pursuant to the DL Contract,

18    including requirements pertaining to processing discharge transactions); *compare with* Compl. ¶ 9

19    (alleging that following notice of their discharge, "MOHELA has continued to represent to Plaintiffs

20    that they remain obligated on their cancelled loans"). The actions that Plaintiffs challenge here relate

21    to MOHELA's administration of federal student loan accounts and, specifically, its administration of

22    federal student loan payments, discharge transactions, and refunds, responsibilities within the scope

23    of MOHELA's duties as a federal contractor. Farmer Decl. ¶¶ 4, 13, 14 .

24    **4.    MOHELA will assert colorable federal defenses.**

25    Finally, MOHELA satisfies the fourth prong because it has several colorable federal defenses

26    to Plaintiffs' claims. In determining removal jurisdiction under § 1442(a)(1), the scope of the court's

27    inquiry is only whether the defendant advanced a colorable federal defense, "not whether [the]

28

5

1    defense will be successful." *DeFiore v. SOC LLC*, 85 F.4th 546, 558 (9th Cir. 2023) (citing *Magnin*

2    *v. Teledyne Cont'l Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996)). Defendants "need not win [their]

3    case" before removal. *DeFiore*, 85 F.4th at 558. Any one of the below defenses would be sufficient

4    to justify removal.

5        **First**, MOHELA is an arm of the state of Missouri, for the reasons explained below, and thus

6    enjoys sovereign immunity from Plaintiffs' claims. *See Alden v. Maine*, 527 U.S. 706, 713–14

7    (1999) (recognizing that state sovereign immunity is a doctrine of federal constitutional law). For

8    purposes of state sovereign immunity, determining "whether an entity is an arm of the State . . .

9    requires examination of three factors: (1) the State's intent as to the status of the entity, including the

10   functions performed by the entity; (2) the State's control over the entity; and (3) the entity's overall

11   effects on the state treasury." *Puerto Rico Ports Auth. v. Fed. Mar. Comm'n*, 531 F.3d 868, 873

12   (D.C. Cir. 2008). Here, all three factors establish that MOHELA is entitled to sovereign immunity.

13   Missouri intends for MOHELA to be a "public instrumentality and body corporate," designating it as

14   such in law. *See*, *e.g.*, Mo. Rev. Stat. §§ 173.360, 173.415; *see also Puerto Rico Ports Auth.*, 531

15   F.3d at 875 (finding the language of a public corporation's enabling act "strongly suggest[ed] that [it

16   was] an arm of the Commonwealth entitled to sovereign immunity" where the public corporation

17   was described as a "government instrumentality"). MOHELA's board is controlled by the state,

18   comprising two state officials and five members appointed by the Governor and approved by the

19   State Senate, and all members are removable by the Governor. Mo. Rev. Stat.  § 173.360. Missouri

20   law also imposes restrictions on how MOHELA conducts business. *E.g.*, *id*. §§ 173.385.1, 173.387,

21   173.390, 173.392. And MOHELA affects the state treasury because, among other reasons, its profits

22   help fund education in Missouri: "MOHELA has provided $230 million for development projects at

23   Missouri colleges and universities and almost $300 million in grants and scholarships." *Biden*, 143

24   S. Ct. at 2366 (recognizing that "harm to MOHELA is also a harm to Missouri"); *see* Mo. Rev. Stat.

25   § 173.392 (establishing a fund in the state treasury to which MOHELA is required to contribute for

26   these purposes). In addition, each year, MOHELA is responsible for funding millions of dollars in

27   line items in the State's budget for various public education funds. *See* Declaration of Karen Lenk

28

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1442, CASE NO. 24-CV-7850

1   ("Lenk Decl.") ¶¶ 4–7. And, by law, MOHELA must provide $350 million to the Treasury's Lewis

2   and Clark Discovery Fund, Mo. Rev. Stat. § 173.385.2, more than $100 million of which remains

3   outstanding. *Id.* ¶ 8.

4        Numerous federal courts have recognized that MOHELA is entitled to sovereign immunity.

5   *See*, *e.g.*, *Good v. U.S. Dep't of Educ.*, 2022 WL 2191758 (D. Kan. June 16, 2022), *appeal docketed*,

6   No. 22-3286 (10th Cir. Dec. 30, 2022); *Gowens v. Capella Univ., Inc.*, 2020 WL 10180669 (N.D.

7   Ala. June 1, 2020); *In re Stout v. U.S. Dep't of Educ.*, 231 B.R. 313, 315 (W.D. Mo. 1999); *see also*

8   *Puerto Rico Ports Auth.*, 531 F.3d at 873 ("[O]nce an entity is determined to be an arm of the State

9   under the three-factor test, that conclusion applies unless and until there are relevant changes in the

10   state law governing the entity.").

11        **Second**, as a federal contractor, MOHELA enjoys a derivative federal sovereign immunity

12   that bars Plaintiffs' claims. Derivative sovereign immunity immunizes a federal contractor where the

13   federal government validly conferred authority on the federal contractor and the federal contractor,

14   performing at the government's direction, simply performed its duties under the contract. *Yearsley v.*

15   *W.A. Ross Constr. Co.*, 309 U.S. 18, 19–23 (1940).

16        Plaintiffs assert that MOHELA is liable by virtue of actions it took, or should have taken,

17   with respect to its servicing of Plaintiffs' federal student loan accounts, and in particular, with its

18   administration of payments, discharges, and refunds. But, as described above, MOHELA serviced

19   federal student loan accounts on behalf of the Department and at its direction. And until October

20   2024, after the filing of Plaintiffs' Complaint, it did so pursuant to the DL Contract, which stated

21   explicitly that MOHELA "shall process discharge transactions after receiving and reviewing

22   required supporting documentation meeting the required regulatory guidelines and *receiving FSA*

23   *approval*." Farmer Decl., Ex. A at 36 (emphasis added). The discharge of federal student loans—the

24   contractual responsibility central to Plaintiffs' claims—was not properly subject to MOHELA's

25   discretion, but was instead subject to the Department's authorization. Where MOHELA acted

26   pursuant to the Department's direction, it is entitled to derivative sovereign immunity. *See Berman v.*

27   *PHEAA*, No. 23-1414, 2024 WL 1615016, at *2 (4th Cir. Apr. 15, 2024) (finding student loan

28

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1442, CASE NO. 24-CV-7850

1  servicer entitled to derivative sovereign immunity from claims relating to administration of a federal

2  student loan program because "the Department authorized [the servicer's] actions by contract"),

3  *cert. denied sub nom. Berman v. PA Higher Educ. Assistance*, No. 24-117, 2024 WL 4427231 (U.S.

4  Oct. 7, 2024)*; but cf. Cabalce v. Blanchard & Assocs., Inc.*, 797 F.3d 720, 723 (9th Cir. 2015)

5  (finding no derivative sovereign immunity where a contractor did not plausibly demonstrate

6  complete lack of discretion).

7       **Third**, the Department is a necessary party to this action under Federal Rule of Civil Procedure

8  12(b)(7), and Plaintiffs' failure to join the Department—which they cannot join—bars this case from

9  proceeding. Key allegations in this case concern the Department's actions taken to process the

10  discharge of Plaintiffs' federal student loans, which the Department told borrowers would "take the

11  Department some time" to process. Compl. ¶¶ 2, 4. Plaintiffs allege the Department followed certain

12  procedures to notify and instruct MOHELA as to which loans in its portfolio should be discharged,

13  but do not allege when the Department or its office of Federal Student Aid ("FSA") authorized

14  MOHELA to issue discharges, contending only that MOHELA received notice "as early as April

15  2022." *Id.* ¶¶ 9, 44. MOHELA's authority to discharge federal loans is subject to FSA's authorization.

16       Under Federal Rule of Civil Procedure 19, a party is required under two circumstances: (a) in

17  that person's absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ.

18  P. 19(a)(1)(A), and (b) the absent party "claims an interest relating to the subject of the action and is

19  so situated that disposing of the action" may either "as a practical matter impair or impede the person's

20  ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring

21  double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ.

22  P. 19(a)(1)(B). The Department is a required party under either provision.

23       Here, the Court cannot accord complete relief in the Department's absence. The Ninth Circuit

24  has explained that joinder is required under Rule 19(a)(1)(A) where an absent party that is not bound

25  by the judgment could take action that is in tension with the ordered relief. *See Dawavendewa v. Salt*

26  *River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1155–56 (9th Cir. 2002) (requiring

27  joinder of the Navajo Nation where relief in its absence could leave a defendant "between the

28

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1442, CASE NO. 24-CV-7850

1   proverbial rock and a hard place—comply with the injunction prohibiting the hiring preference policy

2   or comply with the [Navajo Nation's] lease requiring it."). The same dilemma is presented here. An

3   order granting Plaintiffs' requested relief would obligate MOHELA to process federal student loan

4   discharges, but would not impose an obligation on the Department or FSA to authorize MOHELA's

5   discharge of federal student loans and thus would not redress Plaintiffs' alleged injuries. Additionally,

6   disposing of the action in the Department's absence would impede the Department's ability to

7   implement contracts and regulations relating to the student financial assistance programs authorized

8   under Title IV of the Higher Education Act.

9       Though the Department is a necessary party, its joinder is not feasible pursuant to the doctrine

10  of sovereign immunity, which shields the United States from suit absent unequivocal consent to be

11  sued. *United States v. Bormes*, 568 U.S. 6, 9–10 (2012). The outcome of this case could accordingly

12  prejudice the Department's interests in effective administration of these programs.

13  **III.    Federal Question Jurisdiction**

14      A federal question provides a second independent basis for jurisdiction over Plaintiffs'

15  claims. *See* 28 U.S.C. § 1441(a). Under Title 28, United States Code, Section 1331, federal district

16  courts possess original jurisdiction over "civil actions arising under … the laws … of the United

17  States." While Plaintiffs' claims do not rest on a federal cause of action, the Complaint nevertheless

18  falls in the category of cases in which federal jurisdiction still exists.

19      The Supreme Court has established a four-part test for federal jurisdiction over state-law

20  claims. *See*, *e.g.*, *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Under this test, a district court

21  possesses federal jurisdiction over a state-law claim when a federal issues is "(1) necessarily raised,

22  (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting

23  the federal-state balance approved by Congress." *Id*. Plaintiffs' claims satisfy this test.

24      Plaintiffs' claims meet the first two prongs because they rest on the assumptions that

25  MOHELA failed to comply with its basic responsibilities as a student loan servicer, responsibilities

26  that Plaintiffs acknowledge are set in part by federal law. Compl. ¶¶ 31–34. As a result, vindication

27  of the claims—as framed by Plaintiffs—will necessarily require the parties to litigate and the Court

28

1  to interpret the responsibilities of student loan servicers as defined by federal law.

2      Plaintiffs' claims satisfy the substantiality prong as well. The Court's inquiry into this prong

3  focuses on "the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

4  For example, a federal issue may be substantial where state adjudication of the federal issues would

5  "undermine the development of a uniform body of [federal] law." *Id.* at 261-62 (citation omitted).

6  Here, student loans comprise the federal government's largest financial asset. *See* Jennifer Ash, "The

7  Fed's Financial Accounts: What Are Uncle Sam's Largest Assets?" *Advisor Perspectives, Inc.* (June

8  7, 2024) https://www.advisorperspectives.com/dshort/commentaries/2024/06/07/feds-financial-

9  accounts-what-are-uncle-sams-largest-assets. Questions of federal student loan forgiveness thus have

10  far-reaching implications for the federal government. Moreover, this case poses a substantial federal

11  issue because the necessary determination about federal contractor loan servicers' responsibilities

12  could interfere with the uniformity of federal law by creating a patchwork of requirements grounded

13  in state consumer protection statutes.

14      Finally, the fourth prong—concerning the federal-state balance—also supports federal

15  question jurisdiction. The implementation of a federal loan forgiveness mandate is not an area over

16  which states exercise "a special responsibility." *Gunn*, 568 U.S. at 264 (quoting *Ohralik v. Ohio*

17  *State Bar Ass'n*, 436 U.S. 447, 460 (1978)). To the contrary, courts regularly exercise federal

18  jurisdiction over state-law claims that, like those at issue here, "involve[] a federal contractor's

19  implementation of a federal program." *One & Ken Valley Hous. Grp. v. Maine State Hous. Auth.*,

20  716 F.3d 218, 224–26 (1st Cir. 2013) (exercising federal jurisdiction over breach-of-contract action

21  that required interpretation of Section 8 and HUD's implementation guidance); *Evergreen Square of*

22  *Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 466–69 (7th Cir. 2015) (same).

23      Plaintiffs' claims require the Court and the parties to address the meaning of federal law. Any

24  interpretation of these provisions affects the interest of the federal government itself and the interests

25  of thousands of federal student loan borrowers. As such, the Court possesses original jurisdiction

26  over Plaintiffs' claims under Title 28, United States Code, Section 1331.

27  **IV.    Diversity Jurisdiction**

28

1      Should the Court determine that MOHELA is not colorably an arm of the state entitled to

2  sovereign immunity—and, accordingly, not a citizen of any state for diversity purposes, *see Moor v.*

3  *Alameda Cnty.*, 411 U.S. 693, 717, 93 S. Ct. 1785, 1800 (1973)—then this action should still be

4  removed based on the complete diversity of the parties. *See* 28 U.S.C. § 1441(a). Under Title 28,

5  United States Code, Section 1332(a), federal district courts possess original jurisdiction over "all

6  civil actions" between citizens of different states "where the matter in controversy exceeds the sum

7  or value of $75,000, exclusive of interest and costs [.]"

8      Plaintiffs each allege that they are residents of California, residing in the California cities of

9  Union City, Winchester, Moreno Valley, and Woodland Hills. Compl. ¶¶ 17–20. Plaintiffs also

10  assert claims on behalf of "all similarly situated persons," defined to include only California

11  residents. Compl. ¶ 115.

12      Should the Court determine that MOHELA is not a federal officer, then MOHELA is a

13  resident of the State of Missouri. For diversity purposes, a corporation is deemed to be a citizen of:

14  (1) the state by which it has been incorporated; and (2) the state of its "principal place of business."

15  28 U.S.C. § 133(c)(1); *see also Davis v. HSBC Bank Nev.*, N.A., 557 F.3d 1026, 1028 (9th Cir.

16  2009). MOHELA, a non-profit corporation created by the State of Missouri, has its principal place of

17  business at Chesterfield, Missouri. *Id.* ¶ 21. The complete diversity requirement is therefore satisfied.

18      Removal is proper "where the matter in controversy exceeds the sum or value of $75,000,

19  exclusive of interest and costs." 28 U.S.C. §§ 1332(a), 1441(a). The amount in controversy is

20  determined by accepting Plaintiffs' allegations as true. *See Sanchez v. Monumental Life Ins. Co.*, 102

21  F.3d 398, 402 (9th Cir. 1996) ("[T]he amount in controversy is met by the express allegations of the

22  plaintiff's complaint."). Although the Complaint does not expressly state the total damages sought,

23  even if a complaint "is unclear and does not specify 'a total amount in controversy,' the proper

24  burden of proof [on showing that the amount-in-controversy is in excess of $75,000] is proof by a

25  preponderance of the evidence." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir.

26  2007).

27      Although MOHELA denies that Plaintiffs are entitled to any of the relief sought in the

28

11

1   Complaint, the Complaint seeks relief—including compensatory damages, punitive damages, actual

2   damages, statutory penalties, and attorneys' fees—exceeding Section 1332(a)'s $75,000 amount-in-

3   controversy requirement. *See Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D.

4   Cal. 2011) ("'The jurisdictional minimum may be satisfied by claims for special and general

5   damages, punitive damages, and attorneys' fees.' In an action by a single plaintiff against a single

6   defendant, all claims can be aggregated to meet the minimum jurisdictional amount.") (quoting

7   *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002)). Plaintiffs' requests for relief

8   include, but are not limited to: compensatory damages; statutory civil penalties for violations of the

9   Rosenthal Act of up to $1,000 for each of the named Plaintiffs and an award for the class of up to

10  $500,000 or one percent of Defendant's net worth; actual damages for violations of two provisions

11  of the CCRAA; punitive damages for violations of the third provision of the CCRAA in an amount

12  not less than $100 dollars nor more than $5,000 per plaintiff; punitive damages for violations of the

13  fourth provision of the CCRAA to be set by the court in an amount the court may allow; actual

14  damages for violations of the SBBR in no case less than $500 per plaintiff, to be awarded as treble

15  damages in no case less than $1,500 per plaintiff; and restitution. *Id.* ¶¶ 132–34, 145–50, 166–71,

16  179–80. Taken as true, Plaintiffs' alleged violations of the Rosenthal Act alone exceed the threshold

17  amount required for diversity jurisdiction.

18      By filing this notice of removal, MOHELA does not waive any defense that may be available

19  to it, including, but not limited to, the right to contest *in personam* jurisdiction, incomplete process,

20  improper servicer of process, and/or improper venue in this Court or in the court from which this

21  action has been removed.

22      **WHEREFORE**, MOHELA respectfully requests that this action be removed to the United

23  States District Court for the Northern District of California.

24

25  Date: November 8, 2024                           By:*/s/ Sheila A.G. Armbrust*
                                                         Sheila A.G. Armbrust (SBN 265998)
26                                                       sarmbrust@sidley.com
                                                         Stephen Chang (SBN 312580)
27                                                       stephen.chang@sidley.com

28                                          12

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1442, CASE NO. 24-CV-7850

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Laura V. Herrera (SBN 343929)
laura.herrera@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars
17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9662
Facsimile: +1 310 595 9501

*Attorneys for Defendant*
*Higher Education Loan Authority of the*
*State of Missouri*

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1442, CASE NO. 24-CV-7850