Jesse D. Franklin-Murdock (SBN 339034)
**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. 415-433-1700
Fax. 415-520-6593
jfranklin-murdock@dhillonlaw.com

Joshua M. Divine (Mo Bar No. 69875)*
Office of the Missouri Attorney General
Supreme Court Building
207 West High Street
Jefferson City, Missouri 65102
(573) 751-1800 | josh.divine@ago.mo.gov

*counsel for amicus curiae State of Missouri*

\**pro hac vice* forthcoming

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **JAMIE MALDONADO**, **ANNA VARELA**, **ALMA GARY** and **JEFF PLAMONDON**, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>**HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI**, and **DOES 1–30**,<br><br>Defendants. | Case No.: 3:24-cv-07850 VC<br><br>**ADMINISTRATIVE MOTION OF THE STATE OF MISSOURI FOR LEAVE TO FILE A BRIEF AS AMICUS CURIAE**<br><br>Hon. Judge Vince Chhabria |



Pursuant to Civil Local Rule 7-11, the State of Missouri, a non-party, moves for an administrative order granting it leave to file a brief as amicus curiae in this action. In support of the Motion, Missouri states:

1. "Whether to allow Amici to file a brief is solely within the Court's within the Court's discretion, and generally courts have exercised great liberality in permitting amicus briefs. There are no strict prerequisites that must be established prior to qualifying for amicus status: a[] movant seeking to appear as amicus must merely make a showing that [its] participation is useful or otherwise desirable to the court." *California v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (cleaned up).

2. "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming Ltd. V. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005).

3. Plaintiffs Maldonado, Varela, Gary, and Plamondon (collectively, "Plaintiffs") bring a four-count class action against Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA"), alleging violations of: 1) California's Fair Debt Collection Practices Act, Civil Code §§ 1788, *et seq.*; 2) California's Consumer Credit Reporting Agencies Act, Civil Code §§ 1785.1, *et seq.*; and 3) California's Student Borrower Bill of Rights, Civil Code §§ 1788.100, *et seq.*; as well as 4) Unlawful, Unfair, or Fraudulent Conduct, Public Injunction, in violation of Bus. & Prof Code § 17200. ECF 1. The Complaint requests the Court award "all actual incidental, and consequential damages and all other available forms of recovery in an amount to be proven at trial, including compensatory damages, punitive damages, statutory damages, restitution, treble damages, and any additional penalties and interest that may apply." *Id.* at 33.

4. MOHELA argues in its motion to dismiss that it is entitled to sovereign immunity from suit as an arm of the State of Missouri. ECF 21, at 12–16.

5. The Court should grant this motion because Missouri has a strong interest in the outcome of this litigation given that "[b]y law and function, [Defendant] MOHELA is an instrumentality of

Missouri." *Biden v. Nebraska*, 143 S. Ct. 2355, 2366 (2023). As such, any "harm to MOHELA is also a harm to Missouri." *Id.* (quoting Mo. Rev. Stat. § 173.360). Missouri's strong interest extends to the preservation of sovereign immunity where the state or its instrumentalities face litigation by citizens of another State in Federal Court.

6. Missouri's participation as *amicus curiae* will bring to this Court the State's categorical position on the issue of sovereign immunity; one the current parties are unable to provide. Indeed, the Supreme Court has relied upon the positions presented in States' *amici curiae* filings as indicia of whether an instrumentality is afforded sovereign immunity. *E.g.*, *Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency*, 440 U.S. 391, 401 (1979). As such, Missouri respectfully requests that this Court grant the State leave to file an amicus brief and consider its position as to sovereign immunity when deliberating on Defendant MOHELA's motion to dismiss.

Dated: December 30, 2024

Respectfully submitted,

By: */s/ Jesse D. Franklin-Murdock*
JESSE D. FRANKLIN-MURDOCK

Jesse D. Franklin-Murdock (SBN 339034)
**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. 415-433-1700
Fax. 415-520-6593
jfranklin-murdock@dhillonlaw.com

ANDREW BAILEY
Attorney General of Missouri

/s/ *Joshua M. Divine*
JOSHUA M. DIVINE

JOSHUA M. DIVINE (Mo. Bar. No. 69875)*
  *Solicitor General*
OFFICE OF THE ATTORNEY GENERAL
Supreme Court Building
207 West High Street
Jefferson City, Missouri 65102

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Tel. (573) 751-1800
Fax (573) 751-0774
josh.divine@ago.mo.gov

*Counsel for amicus curiae State of Missouri*

\**pro hac vice* forthcoming

