Jesse D. Franklin-Murdock (SBN 339034)
**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. 415-433-1700
Fax. 415-520-6593
jfranklin-murdock@dhillonlaw.com

Joshua M. Divine (Mo Bar No. 69875)*
Office of the Missouri Attorney General
Supreme Court Building
207 West High Street
Jefferson City, Missouri 65102
(573) 751-1800 | josh.divine@ago.mo.gov

*counsel for amicus curiae State of Missouri*

\**pro hac vice* forthcoming

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| **JAMIE MALDONADO**, **ANNA VARELA**, **ALMA GARY** and **JEFF PLAMONDON**, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br>vs.<br><br>**HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI**, and **DOES 1–30**,<br><br>Defendants. | Case No.: 3:24-cv-07850 VC<br><br>**BRIEF FOR AMICUS CURIAE STATE OF MISSOURI**<br><br>Hon. Judge Vince Chhabria |



## INTRODUCTION AND INTEREST OF THE STATE OF MISSOURI

The State of Missouri, by and through its counsel, submits this brief as amicus curiae in support of Defendant Higher Education Loan Authority of the State of Missouri's ("MOHELA") Motion to Dismiss based on its sovereign immunity as an arm of the State.

Missouri has a strong interest in the outcome of this litigation because "[b]y law and function, [Defendant] MOHELA is an instrumentality of Missouri." *Biden v. Nebraska*, 143 S. Ct. 2355, 2366 (2023). As such, any "harm to MOHELA is also a harm to Missouri." *Id*. Missouri's strong interest extends to the preservation of sovereign immunity for the State or its instrumentalities.

Here, Plaintiffs Maldonado, Varela, Gary, and Plamondon bring a four-count class action against MOHELA, alleging violations of: 1) California's Fair Debt Collection Practices Act, Civil Code §§ 1788, *et seq.*; 2) California's Consumer Credit Reporting Agencies Act, Civil Code §§ 1785.1, *et seq.*; and 3) California's Student Borrower Bill of Rights, Civil Code §§ 1788.100, *et seq.*; as well as 4) Unlawful, Unfair, or Fraudulent Conduct, Public Injunction, in violation of Bus. & Prof Code § 17200. ECF 1. The Complaint requests the Court award "all actual incidental, and consequential damages and all other available forms of recovery in an amount to be proven at trial, including compensatory damages, punitive damages, statutory damages, restitution, treble damages, and any additional penalties and interest that may apply." *Id*. at 33. Because MOHELA is an instrumentality of Missouri, any damages award against MOHELA necessarily imposes financial harm against the State.

## ARGUMENT

MOHELA is entitled to sovereign immunity from suit. "[U]nder long-standing Supreme Court precedent, the Constitution has been interpreted to encompass a principle of state sovereign immunity and to largely shield States from suit without their consent." *Puerto Rico Ports Auth. v. Fed. Mar. Comm'n,* 531 F.3d 868, 871–72 (D.C. Cir. 2008). This immunity extends not just to suits in which the state itself is a named party but also to those against an "arm of the [s]tate." *Kohn v. State Bar of California*, 87 F.4th 1021, 1026 (9th Cir. 2023) (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)).

1  In determining whether an entity is an arm of the State, the Ninth Circuit applies a three-factor test adopted from the D.C. Circuit. *Kohn v. State Bar of California*, 87 F.4th 1021, 1031 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 1465 (2024), *aff'd*, 2024 WL 4533446 (9th Cir. 2024) (citing *Puerto Rico Ports*., 531 F.3d at 874). That test considers "(1) the [s]tate's intent as to the status of the entity, including the functions performed by the entity; (2) the [s]tate's control over the entity; and (3) the entity's overall effects on the state treasury." *Id.* at 1030 (citing *Puerto Rico Ports*., 531 F.3d at 873). Each of these factors counsel in favor of a finding that MOHELA is an arm of Missouri entitled to sovereign immunity.

**A.      Missouri intended for MOHELA to be entitled to sovereign immunity.**

The Ninth Circuit has identified four factors relevant to determining whether Missouri intended to cloak MOHELA with sovereign immunity: whether (1) Missouri law "characterizes" MOHELA "as a governmental instrumentality;" (2) MOHELA "performs functions typically performed by state governments;" (3) MOHELA "is treated as a governmental instrumentality for purposes of other [Missouri] laws;" and (4) Missouri's representations about MOHELA support its arm-of-the-State status. *Kohn*, 87 F.4th at 1032–34 (quoting *Puerto Rico Ports*, 531 F.3d at 874). The context and content of the Missouri Higher Education Loan Act, Mo. Stat. Rev. §§ 173.350, *et seq.*, confirm the Missouri legislature's intent to create an instrumentality of the state entitled to sovereign immunity.

**1.** MOHELA's enabling statute named the entity the "Higher Education Loan Authority *of the State of Missouri*" and described the same as a "public instrumentality and body corporate" of Missouri. Mo. Rev. Stat. § 176.360 (emphasis added). Courts have routinely found that a State's "intent to create a governmental instrumentality of the Commonwealth . . . strongly suggests that [instrumentality] is an arm of the Commonwealth entitled to sovereign immunity." *Puerto Rico Ports*, 531 F.3d at 875 (citing *Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr*., 322 F.3d 56, 69–70 (1st Cir. 2003)). Indeed, just last year, the Supreme Court confirmed that "[b]y law and function, MOHELA is an instrumentality of Missouri." *Biden v. Nebraska*, 143 S. Ct. at 2366. This Court is bound by that holding.

**2.** MOHELA's enabling statute explains the purpose of MOHELA as enabling "that all eligible postsecondary education students have access to student loans that are guaranteed or insured, or both,"



supporting "the efforts of public colleges and universities to create and fund capital projects," and supporting "the Missouri technology corporation's ability to work with colleges and universities in identifying opportunities for commercializing technologies, transferring technologies, and to develop, recruit, and retain entities engaged in innovative technologies." Mo. Rev. Stat. § 176.360. The statute continues by describing MOHELA as providing a critical public service: "the exercise by the authority of the powers conferred by [the statute] shall be deemed to be *the performance of an essential public function.*" *Id*. (emphasis added). Support for higher education is a function "typically performed by state governments as opposed to functions performed by local governments or non-governmental entities." *Puerto Rico Ports*, 531 F.3d at 875 (citing *Hess v. Port Auth. Trans–Hudson Corp*., 513 U.S. 30, 45 (1994); *Lake Country Ests., Inc. v. Tahoe Reg'l Plan. Agency*, 440 U.S. 391, 402 (1979)). Indeed, the Supreme Court confirmed this conclusion in *Biden v. Nebraska*, holding that MOHELA performed an "essential public function." 143 S. Ct. at 2366 (citing *Todd v. Curators of University of Missouri*, 347 Mo. 460, 464, 147 S.W.2d 1063, 1064 (1941) ("Our constitution recognizes higher education as a governmental function.")). This Court is bound by that holding.

**3.** MOHELA is treated as a government instrumentality for purposes of other Missouri laws. Specifically, MOHELA is a "governmental body" for purposes of Missouri's "Sunshine Law," Mo. Rev. Stat. Ch. 610, with a responsibility of furnishing documents in response to requests thereunder. Courts have recognized legal obligations to open-records or sunshine laws as indicia of treatment as an instrumentality. *See Hammons v. Univ. of Maryland Med. Sys. Corp.*, 551 F. Supp. 3d 567, 587 (D. Md. 2021); *Smith v. Univ. of Fla. Jacksonville Physicians, Inc*., No. 3:17-CV-519-J-39MCR, 2018 WL 1866096, at *3 (M.D. Fla. Mar. 1, 2018). Indeed, the State has relied upon this measure to collect materials necessary for its litigation against the Federal Government's three Mass Cancellation Plans over the last two years.

**4.** Finally, Missouri fully supports the conclusion that MOHELA is an arm of the State entitled to sovereign immunity. Indeed, the State raised this same point in *Biden v. Nebraska*, arguing that "MOHELA qualifies as a 'public entity' entitled to sovereign immunity from tort claims under state law." Brief for the Respondents at 32, No. 22-506 (Jan. 27, 2023) (citations omitted). MOHELA's exercise of its powers, including its higher education loan servicing activities and financial support for

grants and scholarships for students, constitutes the exercise of a State's essential public governmental function.

The Supreme Court has previously relied upon the positions presented in States' amici curiae filing as indicia of whether an instrumentality is afforded sovereign immunity. *See Lake Country Ests*, 440 U.S. at 401. That is particularly true where, as here, an amicus brief is submitted by the statewide official who has the duty under state law of advancing "the rights and interests of the state … in any proceeding or tribunal in which the state's interests are involved." Mo. Rev. Stat. § 27.060.

Missouri created MOHELA, selects its members, tasked it with performing essential functions for the State, and directed it to return funds to the State. MOHELA is an instrumentality of Missouri and entitled to sovereign immunity.

### B.     MOHELA is subject to Missouri's supervision and control.

"The second factor of control considers, first, 'how the directors and officers' of the entity 'are appointed.'" *Kohn*, 87 F.4th at 1035 (quoting *Puerto Rico Ports*, 531 F.3d at 877). The Supreme Court found last year that MOHELA "is subject to the State's supervision and control." *Biden v. Nebraska*, 143 S. Ct. at 2366. Thus, the second factor is met as a matter of binding precedent. Several provisions of the enabling statute underscore this conclusion: MOHELA is governed by a Board consisting of seven directors, "five of whom shall be appointed by the governor by and with the advice and consent of the senate," Mo. Rev. Stat. § 176.360; the Governor can remove any member for cause, *id.*; MOHELA must provide annual financial reports to the Missouri Department of Education, detailing its income, expenditures, and debts, *id*. § 173.445; the Missouri Department of Education must approve the sale of certain loans by MOHELA, § 173.385.1(8); and the State "can abolish [MOHELA] and set the terms of its dissolution." *Casualty Reciprocal Exchange v. Missouri Employers Mut. Ins. Co.*, 956 S.W.2d 249, 254–55 (Mo. 1997). The first factor weighs in favor of finding MOHELA an arm of Missouri.

///

///

///



Brief for Amicus Curiae State of Missouri                                   Case No. 3:24-cv-07850 VC

**C.    A money judgment on MOHELA could have a significant effect on the State's treasury.**

"The final *Kohn* factor looks to the entity's 'financial relationship' with the state and the entity's 'overall effects' on the state's treasury." *Crowe v. Oregon State Bar*, 112 F.4th 1218, 1232 (9th Cir. 2024) (quoting *Kohn*, 87 F.4th at 1036). "In analyzing this third factor . . . the relevant issue is a [s]tate's overall responsibility for funding the entity or paying the entity's debts or judgments." *Kohn*, 87 F.4th at 1036 (alterations in original) (quoting *Puerto Rico Ports*, 531 F.3d at 878). The third factor is "not dispositive" if "the intent and control factors strongly favor the conclusion that [the State] 'structured' the [instrumentality] to 'enjoy the special constitutional protection of the [s]tate[] [itself].'" *Id.* at 1037 (quoting *Hess*, 513 U.S. at 43–44). In *Crowe* and *Kohn*, the State bar associations argued that even if they were responsible for their own debts and liabilities, so the States themselves would not be liable for an adverse judgment, the States would "likely step in with financial support so that the Bar could continue to perform critical state functions." *Crowe*, 112 F.4th at 1232 (citing *Kohn*, 87 F.4th at 1037). In each case, the Ninth Circuit found that even where this factor was a "closer call," the Court "need not fully resolve the third factor" to hold that the bar association was an arm of the state entitled to sovereign immunity. *Id.*

Here, MOHELA has a significant relationship with the Missouri treasury and an adverse judgment could negatively affect the treasury. For almost every year since 2009, the Missouri General Assembly has appropriated MOHELA funds, totaling nearly $100 million, as line items in the State's budget for scholarships and grants for Missouri students. In the last fiscal year before *Biden v. Nebraska* was decided, MOHELA earned $88.9 million—roughly 77.5 percent of its operating revenue—from servicing 5.2 million Direct Loan accounts. MOHELA FY 2022 Financial Statement at 4, 23, https://perma.cc/2F8G-WWWV (MOHELA Financial Statement). This revenue depends on how many accounts MOHELA services—*i.e.*, the more accounts, the more it earns. MOHELA also transfers money to Missouri. MOHELA transferred $245 million to the Missouri treasury for the State's LCD Fund for capital projects for public colleges and universities, and contributed nearly $100 million to the State's scholarship and grant programs over the last 17 years. Additionally, by statute, MOHELA still owes $105 million for additional capital projects at Missouri's public colleges and

1 universities.  Mo. Rev. Stat. § 173.392.  A judgment against MOHELA could thus affect the treasury to the tune of hundreds of millions of dollars.

That the Missouri Treasurer might not be directly liable for paying any judgment against MOHELA and in favor of Plaintiff is not significant to the analysis of the third factor.  *Kohn*, 87 F.4th at 1036.  Indeed, in *Kohn* and *Crowe*, the Ninth Circuit found that state bar associations were entitled to sovereign immunity even where the State may not be financially liable to pay a judgment.  *Crowe*, 112 F.4th at 1232; *Kohn*, 87 F.4th at 1037.  The Ninth Circuit found it notable that the State *might* later choose to pay a judgment.  *Id.*

Here, Plaintiffs' Complaint poses a severe risk to the State's economic and policy interests.  As the Supreme Court readily concluded last year, any "harm to MOHELA in the performance of its public function is necessarily a direct injury to Missouri itself."  *Biden v. Nebraska*, 143 S. Ct. at 2366.  That conclusion is supported by the hundreds of millions MOHELA transferred to the Missouri treasury for the State's LCD Fund and to the State's scholarship and grant programs.  Absent such inflows from its instrumentality, the State would have been required to earmark and expend equivalent funds from its treasury.  The availability of MOHELA's net revenues for use by the State benefits the State by enabling it to draw on funds that would not otherwise be available for State uses and by freeing up other State funds for other public programs.  A damages award against MOHELA would imperil its ability to uphold the instrumentality's ability to further disburse funds into the State Missouri Treasury.

## CONCLUSION

For the foregoing reasons, Missouri respectfully requests that this Court find that MOHELA is entitled to sovereign immunity from suit and grant MOHELA's Motion to Dismiss.

[*signature page to follow.*]



Brief for Amicus Curiae State of Missouri    Case No. 3:24-cv-07850 VC

| | |
|---|---|
| Dated: December 30, 2024 | Respectfully submitted, |
| | By: */s/ Jesse D. Franklin-Murdock* <br> JESSE D. FRANKLIN-MURDOCK |
| | Jesse D. Franklin-Murdock (SBN 339034) <br> **DHILLON LAW GROUP INC.** <br> 177 Post Street, Suite 700 <br> San Francisco, CA 94108 <br> Tel. 415-433-1700 <br> Fax. 415-520-6593 <br> jfranklin-murdock@dhillonlaw.com |
| | ANDREW BAILEY <br> Attorney General of Missouri |
| | /s/ *Joshua M. Divine* <br> JOSHUA M. DIVINE |
| | JOSHUA M. DIVINE (Mo. Bar. No. 69875)* <br>   *Solicitor General* <br> OFFICE OF THE ATTORNEY GENERAL <br> Supreme Court Building <br> 207 West High Street <br> Jefferson City, Missouri 65102 <br> Tel. (573) 751-1800 <br> Fax (573) 751-0774 <br> josh.divine@ago.mo.gov |
| | *Counsel for amicus curiae State of Missouri* |
| | **pro hac vice* forthcoming |

7

