UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME MALDONADO, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI (MOHELA),<br><br>      Defendant. | Case No.  24-cv-07850-VC<br><br>**ORDER DENYING MOHELA'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

The motion to dismiss is denied. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

1. *Arm-of-the-State Sovereign Immunity*. MOHELA is not entitled to sovereign immunity as an arm of the state of Missouri under the Ninth Circuit's *Kohn* test. *See Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023). The Court essentially agrees with the analysis in *Walker v. MOHELA*, including its explanation of why *Biden v. Nebraska*, 600 U.S. 477 (2023), does not control this question. No. 1:21-CV-00879, 2024 WL 3568576, at *5 (E.D. Cal. July 26, 2024), *appeal dismissed sub nom. Walker v. Higher Education Loan Authority*, No. 24-5259, 2025 WL 578980 (9th Cir. Feb. 4, 2025). The Tenth Circuit's analysis in *Good v. Department of Education* is similarly persuasive on MOHELA's characterization under state law, autonomy, and independence of its finances, although Tenth Circuit's arm-of-the-state test varies slightly from the Ninth Circuit's *Kohn* test. 121 F.4th 772, 798–817 (10th Cir. 2024).

One additional point bears emphasis. In assessing the state's intent, *Kohn* asks whether the entity "performs functions typically performed by state governments." *Kohn*, 87 F.4th at 1033 (quoting *Puerto Rico Ports Authority v. Federal Maritime Commission*, 531 F.3d 868, 875

(D.C. Cir. 2008)). It is true that MOHELA has a function of helping Missourians access student loans, and it's probably fair to characterize this as a public function. But it appears that MOHELA is one of the largest nonprofit loan servicers in the country, servicing "nearly $150 billion worth of federal loans." *Biden*, 600 U.S. at 489. A significant number of those loans are for non-Missouri residents to go to schools that are also not in Missouri. Indeed, none of the named plaintiffs in this case would have any connection to Missouri but for the assignment of their federal student loans to MOHELA for servicing (an assignment over which they apparently had no control). Looking at MOHELA's activities as a whole, it seems that only a small subset performs any sort of function for Missourians, much less a function typically performed by state governments.

In response to this point, MOHELA emphasizes the state's dignity interest. But that principle cuts against MOHELA given the breadth of its commercial activity across the country. If Missouri chooses to create an entity that can service loans for California students to go to California universities, it can hardly claim that being dragged into court in California based on those transactions is an infringement on its dignity. To the contrary, it would be an affront to the dignity of California if an entity like MOHELA were permitted to avoid suit in California based on alleged commercial misconduct towards California residents.

MOHELA argues that the fact it is acting as a market participant, rather than exercising the police powers of the State of Missouri, bears no weight in the arm-of-the-state analysis, citing *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board*, 527 U.S. 666 (1999). That case held only that a state doesn't constructively waive its sovereign immunity simply by acting as a market participant. *Id.* at 669, 684. Here, the question is whether MOHELA should even be considered an arm of the state—and thus enjoy Missouri's sovereign immunity—in the first place. And on that question, the scope of MOHELA's activity—and the fact that it's commercial activity—is a key factor that points toward finding it not to be an arm of

Missouri.[1]

2. *Derivative Federal Contractor Immunity*. MOHELA is also not entitled to derivative sovereign immunity as a federal contractor. MOHELA claims that it operated under two federal contracts during the class period, the USDS contract and the DL contract. MOHELA waived any claim of derivative immunity for work performed under the USDS contract. *See* USDS Contract, Declaration of Jennifer Farmer, Ex. B, Dkt. No. 21-3 (stating that the "USDS Servicer acknowledges that any claim or defense of Sovereign Immunity or Qualified Immunity is not applicable to work performed under the Contract"). On the DL contract, MOHELA has not proven what portion of its operations challenged by the plaintiffs fell solely under that contract. Nor has it proven that it "had no discretion in the design process and completely followed government specifications" on the work performed under the DL contract. *Cabalce v. Thomas E. Blanchard & Associates, Inc.*, 797 F.3d 720, 732 (9th Cir. 2015).

3. *Actual Harm under the CCRAA*. Plaintiffs have sufficiently alleged that they suffered "actual damage" under the CCRAA. *See* Cal. Civil Code § 1785.31(a); *Sanchez v. Servis One*, No. 18CV586, 2019 WL 2373565, at *6 (S.D. Cal. June 4, 2019). The plaintiffs all allege that they spent time contacting MOHELA to try and get their loans discharged, that their debt was reported to credit reporting agencies, and that they continued to see unpaid balances on their accounts. They also allege that they face unnecessary uncertainty about their loans and that they cannot access money that belongs to them because they are owed refunds that were not processed.

---

[1] The plaintiffs argue that MOHELA waived any right to assert arm-of-the-state sovereign immunity by removing to federal court, relying on *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 616 (2002). Here, unlike in *Lapides*, MOHELA has not consented to suit in California state court. While Ninth Circuit law is somewhat unclear on this issue, MOHELA's removal can't be considered an affirmative waiver here. *See Bodi v. Shingle Springs Band of Miwok Indians*, 832 F.3d 1011 (9th Cir. 2016) (stating "the question whether *Lapides*'s rule applies when a State defendant has not consented to suit in its own courts remains unresolved in this circuit"). MOHELA hasn't gained "any special advantage" by removing to federal court, it "would have enjoyed exactly the same immunity had it continued to litigate the claim in state court." *Bergemann v. Rhode Island Department of Environment Management*, 665 F.3d 336, 341 (1st Cir. 2011).

4. *Class Allegations*. MOHELA's request to strike class allegations is denied. Any administrability concerns regarding the overlap between this case and the *Sweet* class action settlement can be handled at class certification.

\*   \*   \*

MOHELA should file an answer within 14 days of this order. The case management conference is continued from 4/18/25 to 5/9/25.

**IT IS SO ORDERED.**

Dated: April 9, 2025

VINCE CHHABRIA
United States District Judge