Rebecca C. Eisenbrey (Admitted *pro hac vice*)
Noah Zinner, SBN 247581
Rebecca C. Ellis (Admitted *pro hac vice*)
PROJECT ON PREDATORY STUDENT LENDING
769 Centre Street
Jamaica Plain, MA 02130
Phone: (617) 322-2808
reisenbrey@ppsl.org

Daniel "Sparky" Abrahams, SBN 299193
JUBILEE LEGAL
300 E. Esplanade Drive, Suite 900
Oxnard, CA 93036
Phone: (805) 946-0386
sparky@jubilee.legal

Adam McNeile, SBN 280296
Malachi J. Haswell, SBN 307729
KEMNITZER, BARRON & KRIEG, LLP
1120 Mar West., Ste. C2
Tiburon, CA 94920
Phone: (415) 632-1900
adam@kbklegal.com

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAIME MALDONADO, ANNA VARELA, ALMA GARY, and JEFF PLAMONDON, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, and DOES 1-30, <br><br> Defendants. | Case No. 3:24-CV-07850-VC <br><br> **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. Jurisdiction & Service

Service has been effectuated on MOHELA. Counsel for MOHELA accepted service of the state court summons through Notice and Acknowledgment on October 10, 2024. *See* ECF No. 1 at 2; ECF No. 1-37. MOHELA served Plaintiffs with its Notice of Removal, and filed proof of service with the Court, on November 8, 2024. *See* ECF No. 7.

*Plaintiffs' Statement*: The Court has federal diversity jurisdiction over this case because there is complete diversity of the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Venue is proper in this judicial district because Named Plaintiff Maldonado resides in the district, conduct giving rise to Defendant's liability in this action occurred in the district, and no real property is involved in the action. 28 U.S.C. § 1391(e)(1).

*MOHELA's Statement*: As set forth in Defendant Higher Education Loan Authority of the State of Missouri's ("MOHELA") Notice of Removal, the Court has jurisdiction over this case pursuant to Title 28, United States Code, Section 1442(a)(1), which provides for removal of any "civil action . . . against or directed to . . . any officer (or any person acting under that officer) of the United States or any agency thereof, in an officer or individual capacity, for or relating to any act under color of such office . . . ." *See* ECF No. 1 at 2-9. The Court also has jurisdiction over Plaintiffs' claims pursuant to Title 28, United States Code, Section 1331 on the independent basis that federal district courts possess original jurisdiction over "civil actions arising under . . . the laws . . . of the United States." *Id.* at 9-10.

2. Facts

*Plaintiffs' Statement*: Beginning in April 2022, the U.S. Department of Education ("the Department") issued findings that for-profit colleges run by Marinello Schools of Beauty,

Corinthian Colleges, Inc., ITT Technical Institute, Westwood College, the Art Institutes, and Colorado-based locations of CollegeAmerica (the "Group Discharge" schools) had engaged in consumer fraud. The Department announced that federal loans taken out to attend the Group Discharge schools would be discharged and notified relevant borrowers that they had no further obligations on their loans. Notices sent to every borrower stated that the "remaining balance on the loan(s) will be forgiven" and that the borrower did "not have to make any more payments on the loan(s)." Each notice also explained to the borrower that they could be eligible for a refund for payments they previously made on the loans, and that the borrower's federal student loan servicer would let the borrower know if they are eligible for a refund, which would then be mailed to the borrower. Finally, each notice explained that it would "take the Department some time" to process the discharges, but that in the meantime the borrowers would not be asked to resume making payments on the discharged loans.

MOHELA is one of a handful of third-party "student loan servicers" with which the Department contracts to service its student loan accounts. MOHELA receives payment from the Department based on the number of student loan accounts it services. The Department sent MOHELA notice of the Group Discharges as they were announced.

Plaintiffs and members of the proposed class are California borrowers who attended one or more of the Group Discharge schools and have federal loans serviced by MOHELA. After the Group Discharges were announced, MOHELA placed Plaintiffs' and class members' federal loans back into repayment status, and in many cases started sending bills. MOHELA continues to report obligations on Plaintiffs' and class members' loans from Group Discharge schools to credit reporting agencies ("CRAs") and continues to report to CRAs that the balances of these loans are increasing due to accruing and unpaid interest, even though Plaintiffs and class members do not actually owe any balance or interest on the cancelled loans. Reporting a balance owed despite confirmation that the Plaintiffs are not responsible for paying that balance is materially misleading credit reporting that is misleading in such a way and to such an extent that

it can be expected to adversely affect credit decisions. And this inaccurate credit reporting has already had severe adverse consequences for Plaintiffs and class members. For example, in July 2024, a credit union denied Plaintiff Alma Gary's application for a personal loan she had sought to reduce her monthly expenses on other household debts. The credit union's denial letter cited her reported unsecured credit balance—largely consisting of her cancelled but still reported federal student loans—as a basis for the denial.

MOHELA has violated California's Fair Debt Collection Practices Act, Consumer Credit Reporting Agencies Act, Student Borrower Bill of Rights, and Unfair Competition Law. Plaintiffs and class members are owed damages and restitution, and seek an injunction to prevent MOHELA from continuing to violate student borrowers' rights.

*MOHELA's Statement*: MOHELA is a student loan servicer with which the Department contracts to service federal student loan accounts. The federal loans that are the subject of this action are not MOHELA's assets but rather assets of the federal government. Since September 2011, MOHELA has been responsible for servicing certain aspects of borrowers' loan accounts pursuant to highly-detailed contractual terms, some of which require the Department's active control. According to the terms of these contracts with the Department, MOHELA does not have the unilateral authority to discharge federal student loans. Rather, MOHELA may only properly discharge the loans it services when expressly instructed by the Department.

In 2022 and 2023, the Department announced plans to discharge federal student loans taken out for attendance at specific colleges during a designated time period. Plaintiffs are California borrowers who allege they took out federal student loans to attend one or more of these colleges. Each also alleges they received notice from the Department indicating their federal student loans would be discharged, but that the process would take "some time."

Plaintiffs allege, based on information and belief only, that the Department instructed loan servicers like MOHELA to discharge loans, cease loan reporting and servicing, and issue payment refunds for loans taken out to attend the schools listed in the Complaint, including their

own. This is not true. Plaintiffs provide no basis for this belief, which is belied by the Motion to Enforce the Settlement Agreement filed by the Plaintiffs' counsel on March 29, 2024, in the *Sweet v. Cardona* litigation. This motion alleged that the Department violated the deadline for providing relief, including federal student loan discharges, refunds, and credit repair, to certain borrowers. No. 3:19-cv-3674-WHA, at *6 (N.D. Cal. Mar. 19, 2024), ECF No. 397. Plaintiffs contend MOHELA's continued servicing of their loan accounts violates California's Fair Debt Collection Practices Act, Consumer Credit Reporting Agencies Act (the "CCRAA"), Student Borrower Bill of Rights, and Unfair Competition Law.

Under the terms of MOHELA's contracts with the Department, the Department controls the timing of notices to federal student loan servicers, including MOHELA, for the discharge of federal student loans. This includes loans taken for attendance at the schools mentioned in the Complaint. Additionally, Plaintiffs Jaime Maldonado's and Anna Varela's federal student loans have been discharged and refunded. As of the date of this submission, MOHELA has not received documents or communications from the Department directing discharge of federal student loans for Plaintiffs Alma Gary or Jeff Plamondon, and their loans are in forbearance.

3. <u>Legal Issues</u>

*Plaintiffs' Statement*: Legal issues in this case include whether MOHELA violated California Civil Code §§ 1788, *et seq*., 1785.1, *et seq*., and 1788.100, *et seq*., with respect to Plaintiffs and the Proposed Class; whether MOHELA violated California Business and Professions Code §§ 1720, *et seq*., with respect to Plaintiffs and the Proposed Class; and whether a class can be certified pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

*MOHELA's Statement*: MOHELA asserts this Court lacks subject-matter jurisdiction because MOHELA is immune from suit as an arm of the State of Missouri and is entitled to derivative sovereign immunity as a federal contractor acting pursuant to the Department's direction. *See* ECF No. 21.

//

To the extent this case proceeds, at this early stage of litigation, MOHELA believes the key legal issues are as follows:

- Whether Plaintiffs can demonstrate that the Department of Education has agreed to the cancellation of its loans with members of the putative class and authorized MOHELA to discharge student loans for all members of the putative class, as required for discharge under the terms of MOHELA's contracts with the Department of Education.

- Whether putative class representatives Jaime Maldonado, Anna Varela, and Jeff Plamondon properly state a claim under the CCRAA absent allegations of actual harm, as required under the statute. *See* Cal. Civ. Code § 1785.31(a) ("(a) Any consumer *who suffers damages as a result of a violation of this title* by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following . . . ." (emphasis added)); *see also Levinson v. Transunion LLC*, No. CV1600837-RSWL-PLAX, 2016 WL 3135642, at *6 (C.D. Cal. June 2, 2016) ("Actual damage is required to state a claim under the CCRAA.").

- Whether the proposed class definition is facially overbroad to the extent it fails to exclude individuals whose claims have or will be processed pursuant to terms of the court-approved settlement in *Sweet v. Cardona*, No. 3:19-cv-3674-WHA (N.D. Cal. Nov. 16, 2022), ECF No. 345.

- Whether the Department desists in its appeal of the Fifth Circuit's preliminary injunction in *Department of Education, et al. v. Career Colleges and Schools of Texas*, 98 F.4th 2020 (5th Cir. 2024). If the Department withdraws its appeal of the preliminary injunction, which halted the 2022 changes to the borrower defense to repayment regulations, some members of the putative class may no longer be eligible for borrower defense. This would effectively reduce the size of the class in this case.

- Whether Congress repeals the 2022 changes to the borrower defense to repayment regulations and reverts to the 2019 version of those regulations, as proposed by the House Committee on Education and Workforce in its draft budget reconciliation bill on April 28, 2025. If Congress effects this change as proposed, the 2019 regulation's more exacting evidentiary standard, requirement of individual applications, and 3-year statute of limitations would once again govern borrower defense claims for loans first disbursed after July 1, 2020. The proposed provision's enactment could affect the eligibility of the two putative class representatives with loans disbursed after July 1, 2020—Plaintiffs Anna Varela and Jeff Plamondon—for full discharge of their federal student loans. Their claims, along with those of class members with loans first disbursed after July 1, 2020, may be subject to the heightened requirements and limitations of the 2019 borrower defense regulation, which could further reduce the size of the class and potentially result in the dismissal of certain claims.

4. <u>Motions</u>

MOHELA filed a Motion to Dismiss and Strike Class Definition ("Motion to Dismiss") on December 20, 2024, ECF No. 21, which the Court denied on April 9, 2025, ECF No. 47.[1] The Parties intend to file motions for summary judgment after the Court rules on the forthcoming motion for class certification. Discovery motions are also possible. Should the Parties dispute the propriety or scope of discovery, counsel will meet and confer in good faith. If counsel are unable to reach agreement in such a dispute, discovery motions will be necessary.

*Plaintiffs' Statement*: Plaintiffs will file a motion for class certification.

//

---

[1] MOHELA does not consent to the Court's jurisdiction and maintains that it is immune from suit, preserving that issue for appeal. MOHELA does not waive any claim to sovereign immunity as an arm of the State of Missouri or otherwise.

*MOHELA's Statement*: MOHELA has informed Plaintiffs and the Court that it may move to stay the action in connection with changes to the Department of Education and to the regulations that bear on student loan repayment. President Trump issued an executive order, dated March 20, 2025, directing the Department of Education's dissolution, which may result in federal student loans being transferred to the Small Business Association. Additionally, the Department of Justice and the Department of Education indicated impending changes to the borrower defense regulations which form the basis for this lawsuit. Following the Supreme Court's grant of certiorari in Career Colleges, 98 F.4th, Acting Solicitor General Sarah Harris filed a motion seeking to hold briefing in abeyance on the ground that "the Acting Secretary of Education has determined that the Department should reassess the basis for and soundness of the Department's borrower-defense regulations." Mot. of Petitioner at 3, Dep't of Educ. v. Career Colleges & Schs. of Tex., No. 24-413 (U.S. Jan. 24, 2025). The Supreme Court subsequently held briefing in abeyance. Consistent with the Department of Justice's and Department of Education's indications, the House Committee on Education and Workforce released a budget reconciliation bill on April 28, 2025, proposing to repeal the 2022 borrower defense to repayment regulations and revert to the 2019 version of those regulations, which would result in fewer borrowers qualifying for borrower defense to repayment and reduce the size of the putative class in this case. See infra § 3.

MOHELA plans to move for judgment on the pleadings, to be filed on or around May 9, 2025, on the ground that Plaintiffs failed to join the Department, a required party under Rule 19(a), whose joinder is not feasible under Fed. R. Civ. P. 19(b), or otherwise move for the Department's joinder under Fed. R. Civ. P. 19(a). Plaintiffs' federal student loans are owned by the Department, and MOHELA merely services them pursuant to the Department's contracts. The Department is a required party because MOHELA lacks unilateral authority to discharge Plaintiffs' student loans or provide the other relief Plaintiffs seek without the Department's instruction. Therefore, MOHELA cannot accord Plaintiffs complete relief, in part because a

judgment against MOHELA would be unenforceable against the Department. Moreover, a judgment entered in the Department's absence would place MOHELA between a rock and a hard place in having to decide whether to comply with a judgment or potentially inconsistent contractual obligations to the Department. Although the Department is a required party, its joinder is not feasible because it is immune from suit. Equity and good conscience support dismissal rather than proceeding without the Department.

5. <u>Amendment of Pleadings</u>

*Plaintiffs' Statement*: At this time, Plaintiffs do not anticipate amending their complaint but reserve their right to do so. Plaintiffs will be better positioned to evaluate their need to amend after some initial discovery.

*MOHELA's Statement*: Defendant filed an answer to Plaintiffs' complaint on April 23, 2025. MOHELA reserves the right to amend the answer upon discovering new information. MOHELA proposes that the deadline to file any amended pleadings be 30 days from the parties' initial Case Management Conference, June 9, 2025.

6. <u>Evidence Preservation</u>

The Parties certify that they have reviewed the ESI guidelines and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding the preservation of evidence. Defendant has stated that it has preexisting obligations to preserve all potentially relevant ESI, including information stored in and related to the servicing platform that MOHELA ceased to use in July 2024.

7. <u>Disclosures</u>

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs served their initial disclosures on February 20, 2025, and Defendants served their initial disclosures on February 27, 2025.

//

//

8. <u>Discovery</u>

Subject to the parties' individual statements below, Plaintiffs served a request for production for documents on February 27, 2025, and MOHELA timely served its objections and responses on April 25, 2025. No other discovery has been taken to date.

*Plaintiffs' Statement*: Plaintiffs believe that discovery should be taken immediately on issues relevant to the forthcoming motion for judgment on the pleadings, including all directives from and correspondence with the Department related to the Group Discharges and all internal correspondence discussing, interpreting, or conveying information from those directives and/or correspondence. Plaintiffs served limited discovery requests on February 27, 2025; MOHELA's responses were due on April 25, 2025, but no documents have been produced as of the date of this filing. Plaintiffs plan to serve further discovery requests in the coming weeks.

*MOHELA's Statement*: MOHELA requests that the Court postpone further discovery until the Court has resolved the forthcoming motion for judgment on the pleadings because Plaintiffs failed to join a required party whose joinder is not feasible. Thus, discovery is inappropriate at this time, and the pending motion may entirely dispose of the case. The Parties should be ordered to meet and confer regarding the scope of discovery with the benefit of the Court's view of Plaintiffs' claims.

9. <u>Class Actions</u>

*Plaintiffs' Statement*: Pursuant to Civil L.R. 16-9(b), Plaintiffs state that this class action is maintainable under Fed. R. Civ. P 23(b)(3). The proposed class consists of:

> All California residents who took out federal student loans (including Direct and/or FFEL loans) to pay educational expenses at Marinello Schools of Beauty, Corinthian Colleges, Inc., ITT Technical Institute, Westwood College, Colorado-based locations of CollegeAmerica, and the Art Institute ("Group Discharge Loans"); who are included in the Department of Education's Group Discharges for these schools; whose Group Discharge Loans are, at the time of filing of this Complaint, being serviced by MOHELA; and who, since the Department of Education's public announcements of their discharges, (i) have received

communications from MOHELA that a balance or payment is due and owing on their discharged loans, (ii) have not received a refund of qualifying payments made on their Group Discharge Loans, and/or (iii) have Group Discharge Loans reported by MOHELA on their credit reports with an outstanding balance or payment due.

Plaintiffs can show that the proposed class satisfies all of the requirements of Fed. R. Civ. P. 23(a) because: (1) given the extent of the Group Discharges, the number of Group Discharge schools in California, and the size of MOHELA's federal loan portfolio, it is reasonable to infer that the class comprises thousands or tens of thousands of members, *see* ECF No. 1-25 (Removed Complaint) at ¶ 117 & n.8–9; (2) all members of the proposed class assert the same legal theory (highlighted above, ¶ 3) based on MOHELA's generally applicable policies and practices; (3) as MOHELA's generally applicable policies and practices caused Named Plaintiffs and members of the proposed class the same harm, Named Plaintiffs' claims are typical of the class; and (4) Named Plaintiffs and class counsel are prepared to, and desire to, vigorously prosecute the case.

Rule 23(b)(3) is similarly satisfied because common issues predominate—including whether MOHELA had actual or constructive notice of which loans in its portfolio were covered by the Group Discharges, whether MOHELA took actions and/or maintained policies or practices that interfered with class members' right to student loan discharges and refunds, whether MOHELA took actions and/or maintained policies or practices that resulted in MOHELA inaccurately representing the status and/or balance of Group Discharge loans to CRAs, and whether these actions and/or policies and practices violated California consumer protection laws—and because the class method is superior to individual litigation, which would be unduly burdensome to the Parties and the courts and would create a risk of inconsistent or varying adjudications that could establish incompatible standards of conduct for MOHELA and/or substantially impair the ability of the proposed class to protect their interests.

//

*MOHELA's Statement*: MOHELA reserves all rights to contest class certification at the appropriate time on multiple grounds, including but not limited to the argument that Plaintiffs' current proposed class definition is facially overbroad to the extent it fails to exclude individuals whose claims have or will be processed pursuant to terms of the court-approved settlement in *Sweet v. Cardona*, No. 3:19-cv-3674-WHA (N.D. Cal. Nov. 16, 2022), ECF No. 345. Additionally, if the Department withdraws its appeal of *Career Colleges*, 98 F.4th 2020, or reassesses its borrower defense regulations, the proposed class may be reduced because proposed members may be ineligible for borrower defense discharge. As indicated above, if enacted, draft legislation would limit the scope of the proposed class.

10.  Related Cases

The Parties agree there are no cases related to the action, as defined under Civil Local Rule 3-12(a).

However, MOHELA takes the view that Plaintiffs' proposed class definition is overbroad such that it overlaps with and includes class members of another action currently pending in this court, *Sweet v. Cardona*, No. 3:19-cv-3674-WHA.

11.  Relief

*Plaintiffs' Statement*: Plaintiffs and class members seek actual damages, including costs and attorney's fees, for Defendant's violations of the Rosenthal Act, as well as statutory damages of up to $1,000 each for the named Plaintiffs and an award for the class of up to the lesser of $500,000 or one percent of Defendant's net worth pursuant to California Civil Code § 1788.17 (incorporating 15 U.S.C. § 1692k(a)). Plaintiffs and class members seek actual damages, including costs and attorney's fees, for Defendant's violations of the CCRAA, as well as an award of punitive damages in an amount not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation, pursuant to California Civil Code § 1785.31(a)(2)(B), and an award of punitive damages in an amount that the court may allow, pursuant to California Civil Code § 1785.319(c). Plaintiffs and class members seek actual

damages of no less than five hundred dollars ($500) per plaintiff, per violation of the SBBR, pursuant to California Civil Code § 1788.103(b)(1); costs and attorney's fees; an award of punitive damages, pursuant to California Civil Code § 1788.103(b)(4); and an award of treble actual damages, but in no case less than one thousand five hundred dollars ($1,500) per plaintiff, per violation, pursuant to California Civil Code § 1788.103(c). Plaintiffs and class members also seek costs and attorney's fees under California Code of Civil Procedure § 1021.5 for prosecuting their claims under the UCL.

Additionally, Plaintiffs and class members seek an injunction (a) prohibiting MOHELA from demanding and/or collecting payments on any Group Discharge loans, including consolidated loans that consist in whole or in part of Group Discharge loans; (b) requiring MOHELA to correct its credit reporting for all Group Discharge loans within its portfolio to reflect that there is no balance due or owing on any of those loans; (c) requiring MOHELA to complete the refund process for all Group Discharge loans within its portfolio by a date certain; and (d) prohibiting MOHELA from further violating the Rosenthal Act, CCRAA, SBBR, and UCL, including a prohibition on making false and misleading representations to borrowers, CRAs, and members of the public about the status of Group Discharge loans. Finally, Plaintiffs and class members seek restitution of property pursuant to California Civil Code § 1788.103(b)(3) and California Business and Professions Code § 17203.

*MOHELA's Statement*: As set forth in MOHELA's forthcoming motion for judgment on the pleadings, this action should be dismissed because Plaintiffs failed to join the Department, a required party under Rule 19(a), whose joinder is not feasible under Rule 19(b).

12. <u>Settlement and ADR</u>

The Parties have briefly conferred regarding settlement and are prepared to present their preferred ADR process at the initial case management conference. Settlement is unlikely before the Court has ruled on Defendant's forthcoming motion for judgment on the pleadings or Plaintiffs' forthcoming motion for class certification.

13. <u>Other References</u>

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>

*Plaintiff's Statement*: Plaintiffs believe that, prior to discovery, it is too early to assess whether any issues can be narrowed by agreement. Plaintiffs do not believe that the forthcoming motion for judgment on the pleadings is likely to result in the dismissal of any claims or otherwise narrow the issues to be resolved in the litigation.

*MOHELA's Statement*: The Parties are not presently aware of any issues that can be narrowed by agreement. This Court's decision on MOHELA's motion for judgment on the pleadings, to the extent it permits this action to proceed, may narrow or eliminate issues for trial. As indicated above, MOHELA anticipates filing a motion for summary judgment, which may also narrow or eliminate issues for trial.

15. <u>Expedited Trial Procedure</u>

The Parties do not believe that this case should be handled in accordance with General Order No. 65, Attachment A.

16. <u>Scheduling</u>

The Parties propose the following case schedule:

| Event | Proposed Date |
|---|---|
| Deadline to amend pleadings | June 9, 2025 |
| Exchange of class certification expert witness summaries or reports | 180 days from ruling on motion for judgment on the pleadings |
| Exchange of class certification rebuttal expert witness summaries or reports | 210 days from ruling on motion for judgment on the pleadings |
| Deadline to file motion for class certification | 240 days from ruling on motion for judgment on the pleadings |
| Deadline to respond in opposition to motion for class certification | 270 days from ruling on motion for judgment on the pleadings |

| | |
|---|---|
| Deadline to reply in support of motion for class certification | 284 days from ruling on motion for judgment on the pleadings |
| Close of fact discovery | 60 days from ruling on motion for class certification |
| Exchange of merits expert reports | 90 days from ruling on motion for class certification |
| Exchange of merits rebuttal expert reports | 120 days from ruling on motion for class certification |
| Close of expert discovery | 14 days after exchange of merits rebuttal expert reports |
| Deadline to file dispositive and *Daubert* motions | 30 days after close of expert discovery |
| Deadline to response in opposition to dispositive and *Daubert* motions | 60 days after close of expert discovery |
| Deadline to reply in support of dispositive and *Daubert* motions | 74 days after close of expert discovery |
| Hearing on dispositive and *Daubert* motions | To be set by the Court |
| Trial date | To be set by the Court |

17. <u>Trial</u>

The Parties have demanded a jury trial and anticipate that a trial will take seven to ten days.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>

MOHELA filed its Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-15 on November 8, 2024. ECF No. 3. Plaintiffs filed on November 20, 2024. ECF No. 16. As of this date, no Parties have any such interest to report.

19. <u>Professional Conduct</u>

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: May 2, 2025              /s/   Rebecca Eisenbrey
                                      Rebecca C. Eisenbrey (Admitted pro hac vice)
                                      Noah Zinner, SBN 247581

                Rebecca C. Ellis (Admitted pro hac vice)
                PROJECT ON PREDATORY STUDENT LENDING
                769 Centre Street
                Jamaica Plain, MA 02130
                Phone: (617) 322-2808
                reisenbrey@ppsl.org
                nzinner@ppsl.org
                rellis@ppsl.org

                Daniel "Sparky" Abrahams, SBN 299193
                JUBILEE LEGAL
                300 E. Esplanade Drive, Suite 900
                Oxnard, CA 93036
                Phone: (805) 946-0386
                sparky@jubilee.legal

                Adam McNeile, SBN 280296
                Malachi J. Haswell, SBN 307729
                KEMNITZER, BARRON & KRIEG, LLP
                1120 Mar West., Ste. C2
                Tiburon, CA 94920
                Phone: (415) 632-1900
                adam@kbklegal.com
                kai@@kbklegal.com

                *Attorneys for Plaintiffs and the Proposed Class*

Dated: May 2, 2025        /s/    Sheila Armbrust
                Sheila A.G. Armbrust (SBN 265998)
                sarmbrust@sidley.com
                Laura V. Herrera (SBN 343929)
                laura.herrera@sidley.com
                SIDLEY AUSTIN LLP
                555 California Street Suite 2000
                San Francisco, CA 94104
                Telephone: +1 415 772 1200
                Facsimile: +1 415 772 7400

                Amy P. Lally (SBN 198555)
                alally@sidley.com
                SIDLEY AUSTIN LLP
                1999 Avenue of the Stars 17th Floor
                Los Angeles, CA 90067

Telephone: +1 310 595 9662
Facsimile: +1 310 595 9501

*Attorneys for Defendant Higher Education
Loan Authority of the State of Missouri*

### ATTESTATION PURSUANT TO CIVIL L.R. 5-1(i)(3)

I, Rebecca Eisenbrey, am the ECF User whose identification and password are being used to file the foregoing document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all the foregoing signatories have concurred in this filing.

DATED: May 2, 2025                      /s/ Rebecca Eisenbrey
                                                            REBECCA C. EISENBREY

### CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____                    _____
                                                                              VINCE CHHABRIA,
                                                                              UNITED STATES DISTRICT JUDGE