Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Laura V. Herrera (SBN 343929)
laura.herrera@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars
17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9662
Facsimile: +1 310 595 9501

*Attorneys for Defendant*
*Higher Education Loan Authority of the*
*State of Missouri*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JAIME MALDONADO, ANNA VARELA, ALMA GARY and JEFF PLAMONDON, individually and on behalf of all others similarly situated,<br><br><br>               Plaintiffs,<br><br>    vs.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, and DOES 1-30,<br><br>           Defendants. | Case No. 3:24-CV-07850 VC<br><br>Assigned to Hon. Vince Chhabria<br><br>**DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: July 10, 2025<br>Time: 10:00 a.m.<br>Location:  Courtroom 4, 17th Floor<br><br>Case Removed:  November 8, 2024<br><br>(Superior Court of California for the County of Alameda, Case No. 24CV090146) |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 10, 2025, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 4 of the above entitled Court, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, before the Honorable Vince Chhabria, Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA") will and hereby does move the Court for a judgment in its favor and against Plaintiffs Jaime Maldonado, Anna Varela, Alma Gary, and Jeff Plamondon (collectively, the "Plaintiffs") (Dkt. No. 1-25) for failure to join a necessary party whose joinder is not feasible.

Defendant moves for judgment on the pleadings as to all causes of action: Count One, for alleged violations of the California Fair Debt Collections Practices Act (the "Rosenthal Act"), Civil Code § 1788 *et seq.*; Count Two, for alleged violations of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Civil Code § 1785.1 *et seq.*; Count Three, for alleged violations of the California Student Borrower Bill of Rights ("SBBR"), Civil Code § 1788.100 *et seq.*; and Count Four, for alleged violations of the California Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq.* MOHELA makes this motion pursuant to Federal Rules of Civil Procedure 12(c), 12(h)(2), and 19(b).

This motion is based on this Notice of Motion and Motion for Judgment on the Pleadings, the accompanying Memorandum of Points and Authorities, the Declarations of Jennifer Farmer and Sheila A.G. Armbrust and attached exhibits, the accompanying Request for Judicial Notice, the record in this action, and any oral argument permitted by the Court.

Respectfully submitted,

Date:  May 9, 2025

SIDLEY AUSTIN LLP

By:*/s/ Sheila A.G. Armbrust*
Sheila A.G. Armbrust (SBN 265998)

*Attorneys for Defendant*
*Higher Education Loan Authority of the*
*State of Missouri*

# TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................................1

II.    BACKGROUND ......................................................................................................1

III.   LEGAL ARGUMENT..............................................................................................6

IV.    ARGUMENT ...........................................................................................................7

     A.    The Department Is a Required Party..........................................................7

          1.  Complete Relief Cannot Be Accorded Among Existing Parties. ......................7

          2.  Disposing of this Action Without the Department Would Impair Its Interests in Its Loans and in Its Contracts with MOHELA and Expose MOHELA to a Substantial Risk of Inconsistent Obligations. ...........................................8

               a.   Absent Joinder, the Department's Ability to Protect Its Loan Ownership, Financial Interests, and MOHELA's Compliance with the Servicing Contracts May Be Impaired and Impeded. ..............10

               b.   The Department's Ability to Reassess the Basis and Soundness of Its BDR May Be Impaired If Not Joined. ............................................10

               c.   The Department Is a Required Party Under Rule 19(a)(1)(B)(ii) Because MOHELA May Be Subject to a Substantial Risk of Inconsistent Obligations in the Department's Absence. ................11

     B.    The Department's Joinder Is Not Legally Feasible Because It Is Immune From the Claims in this Suit..............................................................................................13

     C.    In Equity and Good Conscience, the Court Should Enter Judgment for MOHELA. ....................................................................................................13

V.     CONCLUSION......................................................................................................15

i

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, CASE NO. 3:24-CV-07850 VC

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Ass'n of Cosmetology Sch. v. Riley*,
    170 F.3d 1250 (9th Cir. 1999) ................................................................13

*Am. Greyhound Racing, Inc. v. Hull*,
    305 F.3d 1015 (9th Cir. 2002) ..............................................................15

*Berman v. Pennsylvania Higher Educ. Assistance Agency*,
    No. 23-1414, 2024 WL 1615016 (4th Cir. Apr. 15, 2024),
    cert. denied, 145 S. Ct. 280 (2024) ......................................................15

*Camacho v. Major League Baseball*,
    297 F.R.D. 457 (S.D. Cal. 2013) ..........................................................15

*Career Colls. and Sch. of Texas v. United States Dep't of Educ.*,
    98 F.4th 220 (5th Cir. 2024), *cert. granted in part sub nom. Dep't of Educ. v.
    Career Colls. and Sch. of Texas*, 145 S. Ct. 1039 (2025)....................4, 10

*Carr v. DeVos*,
    369 F. Supp. 3d 554 (S.D.N.Y. 2019)...............................................13, 15

*Chavez v. United States*,
    683 F.3d 1102 (9th Cir. 2012) ................................................................7

*Dawavendewa v. Salt River Project Agric. Impr. & Power Dist.*,
    276 F.3d 1150 (9th Cir. 2002) ...................................................... *passim*

*Dep't of Educ. v. Career Colls. & Schs. of Tex.*,
    No. 24-413 (U.S. Jan. 24, 2025) ....................................................5, 9, 10

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,
    375 F.3d 861 (9th Cir. 2004) ..................................................................8

*E.E.O.C. v. Peabody W. Coal Co.*,
    610 F.3d 1070 (9th Cir. 2010) ...................................................10, 12, 14

*FAA v. Cooper*,
    566 U.S. 284 (2012)...............................................................................13

*Friends of Amador Cty. v. Salazar*,
    554 F. App'x 562 (9th Cir. 2014) .........................................................15

*Lane v. Pena*,
    518 U.S. 187 (1996)...............................................................................13

ii

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, CASE NO. 3:24-CV-07850 VC

*Lomayaktewa v. Hathaway,*
   520 F.2d 1324 (9th Cir. 1975) ........................................................................ *passim*

*McShan v. Sherrill,*
   283 F.2d 462 (9th Cir. 1960) ....................................................................................7

*Northrop Corp. v. McDonnell Douglas Corp.,*
   705 F.2d 1030 (9th Cir. 1983) ................................................................................12

*Pennsylvania Higher Educ. Assistance Agency v. Perez* (*"PHEAA 2019"*),
   416 F. Supp. 3d 75 (D. Conn. 2019)...........................................................12, 13, 15

*Provident Tradesman Bank & Trust Co. v. Patterson,*
   390 U.S. 102 (1968)................................................................................................15

*Republic of Philippines v. Pimentel,*
   553 U.S. 851 (2008)................................................................................................15

*Robinson v. United States Dep't of Educ.,*
   917 F.3d 799 (4th Cir. 2019) ..................................................................................13

*Sequeira v. United States v. Dep't of Homeland Sec.,*
   347 F.R.D. 510 (N.D. Cal. 2024).......................................................................12, 14

*Smith v. Sec'y of U.S. Dep't of Educ.,*
   No. 2:23-CV-12823, 2024 WL 4231572 (E.D. Mich. Sept. 18, 2024)....................13

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs.,*
   *& Prods. Liab. Litig.,*
   826 F. Supp. 2d 1180 (C.D. Cal. 2011) .....................................................................7

*WhatsApp Inc. v. NSO Grp. Techs. Ltd.,*
   472 F. Supp. 3d 649 (N.D. Cal. 2020),
   *aff'd on other grounds,* 17 F.4th 930 (9th Cir. 2021) ...............................................7

**Docketed Cases**

*Sweet v. Cardona,*
   Defs.' Resp. to Pls.' Mot. to Enforce, No. 3:19-cv-3674-WHA (N.D. Cal. Apr.
   2, 2024) (Dkt. No. 403) ............................................................................................6

   Mot. to Enforce the Settlement Agreement, No. 3:19-cv-3674-WHA (N.D.
   Cal. Mar. 19, 2024) (Dkt. No. 397) .........................................................................6

*American Federation of Teachers v. Higher Education Loan*
   *Authority of the State of Missouri,*
   Statement of Interest of the United States of America, 1:24-cv-02460-TSC,
   (Dkt. No. 38) .............................................................................................................9

## Statutes & Rules

34 C.F.R. § 682.205 .................................................................................................................3

34 C.F.R. § 682.208 .................................................................................................................3

34 C.F.R. § 685.212 .................................................................................................................2

84 Fed. Reg. 49,788 (Sept. 23, 2019) .....................................................................................4

20 U.S.C. § 1083 .....................................................................................................................3

20 U.S.C. § 1087e(p) ...............................................................................................................3

20 U.S.C. § 1087hh .................................................................................................................2

20 U.S.C. § 1082(a)(2) ..........................................................................................................13

Fed. R. Civ. P. 12 .................................................................................................................6, 7

Fed. R. Civ. P. 19 ............................................................................................................. *passim*

## Other Authorities

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §
    1359 (3d ed. 2007) ...........................................................................................................7

U.S. House Comm. on Educ. & Workforce, H. Con. Res. 14, § 2001(b)(3)
    (Apr. 29, 2025)..................................................................................................................5

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

The named Plaintiffs ("Plaintiffs") are obligors on federal student loans with the U.S. Department of Education (the "Department"); the Department made public announcements that it would discharge certain of Plaintiffs' loans; years later, the Department has not done so. Now, Plaintiffs seek to hold MOHELA,[1] their loan servicer, responsible for the Department's public announcements and failure, to date, to effectuate the promised discharges. But MOHELA is not a party to the loans at issue between Plaintiffs and the Department. This fact is crucial because under MOHELA's servicing contracts with the Department, MOHELA does not have the authority to cause the discharge of student loans or to cease its servicing obligations for the loans—the relief Plaintiffs seek here—unless and until the Department instructs MOHELA in writing to discharge specific loans.

Only with the Department's presence in this action can Plaintiffs be accorded the relief they seek. Any judgment entered in the Department's absence may impair its ability to protect its multiple interests in this action and leave MOHELA substantially at risk of incurring inconsistent obligations. For these reasons, the Department is a required party under Rule 19(a) of the Federal Rules of Civil Procedure. However, because the Department is immune from Plaintiffs' claims, joinder is not feasible under Rule 19(b). Accordingly, judgment should be entered in MOHELA's favor given the significant prejudice to the Department and MOHELA if this action continues in the Department's absence.

**II.    BACKGROUND**

Plaintiffs each obtained federal student loans from the Department for attendance at certain educational institutions (the "Institutions"). Putative Class Action Complaint (the "Complaint"), Dkt. No. 1-25 ("Compl.") ¶¶ 17–20, 56, 69, 84, 96. From 2022 to 2024, Plaintiffs claim the Department publicly announced and then personally notified them that it "*would discharge*" their federal student loans taken for attendance at the "Institutions," but that it would

---

[1] MOHELA does not consent to the Court's jurisdiction and maintains that it is immune from suit, preserving that issue for appeal. By bringing this motion, MOHELA does not waive any claim to sovereign immunity as an arm of the State of Missouri or otherwise.

"take the Department some time to process the discharge[s]." Compl. ¶¶ 2, 4 (internal quotation marks omitted) (emphasis added). Unsatisfied with the pace at which the Department has processed discharges, of which Plaintiffs' counsel is well aware,[2] Plaintiffs chose to sue MOHELA—one of five entities contracted with the Department to service federal student loans—for its continued servicing of their loans.

MOHELA has no independent authority or discretion to determine how federal law or policy should be applied to the loans it services pursuant to its contracts with the Department. MOHELA is neither a party to Plaintiffs' loans with the Department nor the funder of those loans. Declaration of J. Farmer ("Farmer Decl.") ¶ 4; *see, e.g.*, Declaration of Sheila A.G. Armbrust ("Armbrust Decl."), Exs. A (Direct Loan Master Promissory Note), B (Direct Plus Master Promissory Note). Rather, MOHELA services loans at the Department's direction and pursuant to contracts with the Department, specifically the Direct Loan Servicing Contract (the "DL Contract") and the Unified Servicing and Data Solution Contract (the "USDS Contract") (collectively, the "Servicing Contracts"). *Id.* ¶ 5. And under federal law, only the Department has the authority to discharge federal student loans. *See, e.g.*, 20 U.S.C. § 1087hh (authorizing the Secretary to "enforce, pay, compromise, waive, or release any right, title, claim, lien, or demand, however acquired" in relation to federal student loans made under Title IV of the Higher Education Act); 34 C.F.R. § 685.212.

Based on federal law and the terms of the Servicing Contracts,[3] the Department must explicitly approve any loan discharges. *See, e.g.*, Farmer Decl., Ex. A (DL Contract) at 36 ln. 4; Ex. E (Attachment 1 to the USDS Contract) at 165 (§§ 23018.002 and 23018.031), 170 (§§ 23018.180, 23018.1810). That is, MOHELA may only "process discharge transactions *after* receiving and reviewing required supporting documentation meeting the required regulatory guidelines *and receiving FSA approval*." *Id.* ¶ 5, Ex. A at 36 (emphasis added); *id.* ¶ 15. The

---

[2] Plaintiffs' counsel also represents the class in *Sweet v. Cardona*, in which the Department and federal student loan borrowers entered into a class action settlement in this District arising from allegations that the Department unreasonably and unlawfully delayed processing discharge applications. No. 3:19-cv-3674-WHA (N.D. Cal.).
[3] "Servicing Contracts" includes any Task Orders, modifications, and change requests issued by the Department in relation thereto.

Department's Office of Federal Student Aid ("FSA") reinforced this directive in a 2022 change request to the DL Contract (the "2022 Change Request"), the terms of which were codified in the later-issued USDS Contract. *Id.* ¶ 15, Ex. H (Change Request 6346) at 1 (setting forth detailed requirements for MOHELA's processing of borrower defense group discharges under the DL Contract, including terms requiring FSA's express direction); Ex. E (USDS Contract) at 169 (similar). Pursuant to the 2022 Change Request and USDS Contract, FSA requires that servicers effect borrower defense group discharges only after receiving "a file containing loans identified by FSA that are eligible for Borrower Defense discharge as part of a group discharge." *Id.* Consequently, before receiving FSA approval, MOHELA is contractually bound to continue to service those loans, which includes reporting outstanding loan balances to borrowers and credit reporting agencies ("CRAs"). *See id.* ¶ 5, 13-15; 34 C.F.R. §§ 682.205, 682.208; 20 U.S.C. § 1083.[4] MOHELA cannot properly cease its servicing obligations with respect to the putative class members' loans—such as by ceasing payment collection, altering credit reporting practices, or effecting refunds, as Plaintiffs demand, Compl. Prayer for Relief at ¶ 4—except at the Department's express direction.

Consistent with the requirements of the Servicing Contracts, the Department has provided MOHELA a list of loans to be discharged on an intermittent and rolling basis since as early as January 2023. Farmer Decl. ¶ 15. But, at the time Plaintiffs filed the Complaint, the Department had only instructed MOHELA to discharge certain of Plaintiffs Varela's and Maldonado's federal student loans. *Id.* ¶¶ 16, 17. MOHELA has not received documents or communications from the Department stating that Plaintiffs Plamondon's or Gary's loans have been discharged. *Id.* ¶ 18. And since January 2025, the Department has not provided MOHELA with *any* lists of loans to be discharged pursuant to the group discharge procedures set forth in its Servicing Contracts. *Id.* ¶ 15. MOHELA cannot contractually process any loan discharges under the group discharge procedures, or otherwise suspend its servicing activities under its Servicing Contracts with the Department, until the Department instructs MOHELA in writing to process those discharges. *See supra*. The Department has not informed MOHELA that it may process loan

---

[4] These provisions apply through 20 U.S.C. § 1087e(p).

discharges based on public announcements rather than through the procedures set forth in the Servicing Contracts. Farmer Decl. ¶ 18. And while the Department has established a procedure for group discharge of specific federal student loans identified by FSA, it has not modified its Servicing Contracts to permit a blanket discharge of all federal student loans associated with the Institutions. *Id*. To the contrary, recent action taken by the Department have cast doubt on the continued validity of its group discharge regulations and the discharges granted thereunder.

This uncertainty is rooted in the evolving regulatory landscape governing borrower defense to repayment ("BDR") discharges. Since the Department first promulgated regulations for BDR discharges in 1994, the regulatory framework has undergone multiple, significant changes. *See Career Colls. and Sch. of Texas v. United States Dep't of Educ.,* 98 F.4th 220, 229-32 (5th Cir. 2024), *cert. granted in part sub nom. Dep't of Educ. v. Career Colls. and Sch. of Texas*, 145 S. Ct. 1039 (2025) (describing statutory and regulatory history of BDR regulations). After enactment of the first BDR regulation in 1994, the executive branch made clear that the BDR rules did not create a private right of action or new federal rights for borrowers. *Id*. at 230. After Corinthian Colleges ceased operations, a surge in discharge claims prompted promulgation of a new federal standard and adjudication process for borrower defense claims in 2016. *Id.* at 230-31. Subsequently, in 2019, BDR regulations were modified again (the "2019 BDR Rule") to impose a more stringent evidentiary standard and, notably, to mandate individual borrower defense applications, rather than the "group discharges" that underlie Plaintiffs' claims in this case. *Id.*; *see also* Student Assistance General Provisions, 84 Fed. Reg. 49,788 (Sept. 23, 2019) (final rule). Most recently, the 2022 BDR provision (the "2022 BDR Rule") dramatically altered the 2019 BDR Rule, including by eliminating the Department's authority to issue partial loan discharges in favor of granting full discharges of entire loan balances and eliminating a three-year statute of limitations, among other changes. *Career Colls.,* 98 F.4th at 231-32.

Today, the status of the BDR regulations remains unsettled. Although the 2022 BDR Rule was scheduled to take effect on July 1, 2023, its implementation was disrupted. In April 2024, the Fifth Circuit reversed a district court order denying a preliminary injunction enjoining the 2022 BDR Rule, remanding with instructions to postpone the effective date of its borrower-

4

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, CASE NO. 3:24-CV-07850 VC

defense and closed-school-discharge provisions pending final judgment. *Id.* at 256. Pending entry of that preliminary injunction, the Fifth Circuit maintained a nationwide stay of the 2022 BDR Rule and its "group discharge" provisions (the "BDR Stay") that form the basis for some putative class representatives' and members' claims. The Supreme Court granted certiorari in January 2025 without staying the Fifth Circuit's ruling. *Dep't of Educ.*, 145 S. Ct. 1039. The BDR Stay therefore remains in effect, halting application of the 2022 BDR Rule. Additionally, earlier this year, the Department requested, and was granted, an abeyance in briefing in order to "reassess the basis for and the soundness of the Department's borrower defense regulations." (the "BDR Reassessment"). Mot. of Petitioner at 3, *Dep't of Educ. v. Career Colls. & Schs. of Tex.*, No. 24-413 (U.S. Jan. 24, 2025). Then, on April 29, 2025, the House Committee on Education and Workforce passed a reconciliation bill repealing the borrower defense provisions of the 2022 BDR Rule, reverting to the versions of these provisions contained in the 2019 BDR Rule, which lacks "group discharge" provisions. U.S. House Comm. on Educ. & Workforce, H. Con. Res. 14, § 2001(b)(3) (Apr. 29, 2025). Should the Fifth Circuit's decision in *Career Colleges* be affirmed, the BDR Reassessment occur, or Congress repeal the 2022 BDR Rule, the 2019 BDR Rule's more stringent evidentiary standard, mandate for individual applications rather than "group discharges," and three-year statute of limitations would again apply to borrower defense claims for loans first disbursed after July 1, 2020. This shift could impact the eligibility of certain putative class representatives[5] and members for full discharge of their federal student loans.

Plaintiffs allege on information and belief that the Department instructed loan servicers like MOHELA to discharge loans, cease loan reporting and servicing, and issue payment refunds for loans taken out to attend certain schools, including Plaintiffs' loans. Compl. ¶¶ 44–45. Notably, these are the only allegations made on information and belief. *See generally* Compl. But Plaintiffs fail to allege any basis to support that information and belief. *See generally id.* Plaintiffs allege a procedure by which the Department "identifies eligible loans" and "notifies the loan servicer with instructions to discharge the loans," *id.* ¶¶ 41–43, but nowhere do Plaintiffs

---

[5] Plaintiffs Jeff Plamondon's and Anna Varela's federal student loan accounts serviced by MOHELA show initial disbursement dates post-dating July 1, 2020. Farmer Decl. ¶ 18.

5

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, CASE NO. 3:24-CV-07850 VC

allege a basis for their belief that the Department has completed this process for all individuals who attended the Institutions. *See generally id.* Plaintiffs also fail to allege that the Department specifically directed MOHELA to discharge putative class members' federal student loans. *See generally id.* However, it is evident from Plaintiffs' counsel's efforts in *Sweet v. Cardona* that there is no basis to believe that the Department has instructed loan servicers to discharge all loans belonging to individuals who attended the Institutions. Indeed, in *Sweet*, Plaintiffs' counsel recently lamented that the Department had not completed the processing of loan discharges. *See* Motion to Enforce the Settlement Agreement, *Sweet*, No. 3:19-cv-3674-WHA, at *6 (N.D. Cal. Mar. 19, 2024), ECF No. 397. And, of course, *Sweet* is partly premised on the Department's delay in processing borrower discharge applications for attendance at certain for-profit educational institutions. *See* Defendants' Response to Plaintiffs' Motion to Enforce, *Sweet*, No. 3:19-cv-3674-WHA, at *6-7 (N.D. Cal. Apr. 2, 2024), ECF No. 403 (describing procedures requiring Department to issue discharge requests in order for servicers to discharge loans, refund payments, or update credit reporting for *Sweet* class members).

Because MOHELA cannot properly discharge Plaintiffs' loans or cease its servicing obligations without the Department's explicit instruction as prescribed under the Servicing Contracts, Plaintiffs' recourse is with the Department, which owns their federal student loans and controls if and when those loans are discharged. Yet Plaintiffs fail to plead that the Department lacks an interest in this suit or to explain the reasons for nonjoinder. Fed. R. Civ. P. 19(c). Given the nature of Plaintiffs' claims and MOHELA's contractual obligations under the Servicing Contracts, the Department is a required party under Rule 19(a). However, its joinder is not legally feasible because it is immune from suit. Under Federal Rule of Civil Procedure Rule 19(b), equity and good conscience therefore counsel judgment be entered for MOHELA.

## III.    LEGAL ARGUMENT

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings may be brought on the ground that a plaintiff failed to join a required party whose joinder is not feasible under Rule 19(b). Fed. R. Civ. P. 12(h)(2).

Analysis under Rule 12(c) is like that under Rule 12(b)(6), *Chavez v. United States*, 683

F.3d 1102, 1108 (9th Cir. 2012), but "[i]t is well settled that courts may look to extrinsic

evidence on motions for failure to join." *In re Toyota Motor Corp. Unintended Acceleration*

*Mktg., Sales Pracs., & Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1197 (C.D. Cal. 2011); *see also*

*WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 663 (N.D. Cal. 2020), *aff'd on*

*other grounds*, 17 F.4th 930 (9th Cir. 2021) ("the court may consider evidence outside the

pleadings"); *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960) (holding the Court "has a

duty to protect absent persons who will be affected by [its] decree" despite evidentiary

limitations); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1359

(3d ed. 2007) (in considering a Rule 12(b)(7) motion to dismiss, a district court "is not limited to

the pleadings").

## IV.    ARGUMENT

The Court should grant MOHELA's motion for judgment on the pleadings under Rules

12(c), 12(h)(2)(B), and 19(b) because the Department is a required party whose joinder is not

legally feasible because the Department is entitled to sovereign immunity as to Plaintiffs' claims.

### A.    The Department Is a Required Party.

Under Rule 19(a), an absent party is required to be joined where "the court cannot accord

complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Alternatively, an absent

party is also required where:

> that person claims an interest relating to the subject of the action
> and is so situated that disposing of the action in the person's
> absence may: (i) as a practical matter impair or impede the
> person's ability to protect the interest; or (ii) leave an existing
> party subject to a substantial risk of incurring double, multiple, or
> otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B). The Department is a required party under Rules 19(a)(1)(A) and (B).

### 1.    Complete Relief Cannot Be Accorded Among Existing Parties.

An absent party is required where "the court cannot accord complete relief among

existing parties." Fed. R. Civ. P. 19(a)(1)(A). Complete relief is "consummate rather than partial

or hollow relief as to those already parties," and "preclud[es] multiple lawsuits on the same cause

7

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, CASE NO. 3:24-CV-07850 VC

of action." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (quotations omitted). To be "complete," relief must be "meaningful relief as between the parties." *Id.* Plaintiffs blame MOHELA for not discharging their liability for loans the Department—not MOHELA—owns, and seek declaratory and injunctive relief prohibiting MOHELA from collecting payments, requiring MOHELA to correct credit reporting, and requiring MOHELA to complete refunds for all Group Discharge loans within its portfolio. Compl., Prayer for Relief ¶ 4. Here, complete relief cannot be accorded by MOHELA alone because MOHELA cannot provide the relief Plaintiffs seek without explicit instruction from the Department. Farmer Decl. ¶¶ 11, 13, 15. Plaintiffs seek to hold MOHELA financially liable for complying with its contractual obligations to the Department, and their action seeks relief that would effectively relieve MOHELA of those obligations. Because any judgment against MOHELA in the Department's absence could not be enforced against the Department, it could not accord "complete" relief to the Plaintiffs.

Moreover, complete relief could not be accorded even if Plaintiffs only sought damages because only an injunction requiring the Department to discharge Plaintiffs' federal student loans would accord complete relief; damages would only temporarily relieve Plaintiffs' alleged harm while potentially subjecting MOHELA to damages in perpetuity for continued compliance with the Servicing Contracts. *See Disabled Rts. Action Comm.*, 375 F.3d at 879 (relief must be "consummate rather than partial or hollow"). As a practical matter, Plaintiffs' lawsuit could lead to a judgment that MOHELA's prior and ongoing servicing of Plaintiffs' federal student loans violated California Law, but without binding the Department to that determination and achieving a loan discharge for the Plaintiffs. As such, the Department is a required party under Rule 19(a)(1).

> **2.    Disposing of this Action Without the Department Would Impair Its Interests in Its Loans and in Its Contracts with MOHELA and Expose MOHELA to a Substantial Risk of Inconsistent Obligations.**

The Department is also a required party under the second prong of Rule 19(a). Under Rule 19(a)(1)(B), an absent party is required if it claims "an interest relating to the subject of the

action," and disposing of the action in its absence may (i) "as a practical matter impair or impede [its] ability to protect that interest," or (ii) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

The Department has claimed numerous interests relating to the subject matter of this action. ***First***, as stated above, the Department has an interest because it owns the loans that MOHELA services pursuant to the Servicing Contracts. The Department's loans would be cancelled and federal assets lost if Plaintiffs were to prevail in this suit. *See Dawavendewa v. Salt River Project Agric. Impr. & Power Dist.*, 276 F.3d 1150, 1156 (9th Cir. 2002); *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975). ***Second***, the Department has stated that it claims an "interest in being heard should the Court need to decide the merits of the rights or obligations in or related to [the Department's] contracts with [MOHELA]," and, specifically, "what rights MOHELA holds under [those contracts][.]" *See* Statement of Interest of the United States of America, *American Federation of Teachers v. Higher Education Loan Authority of the State of Missouri* ("*AFT*"), 1:24-cv-02460-TSC, Dkt. No. 38, at *1 (D.C. Nov. 25, 2024). A judgment in this action would implicate MOHELA's rights and obligations under the Servicing Contracts with the Department. Therefore, the Department's statement of interest in *AFT* is equally applicable here. ***Third***, the Department claims an interest in the subject matter of this action because this action proceeds, in part, in reliance on regulations—including the 2022 BDR Rule—that the Department has stated an intention to reassess. *See* Mot. of Petitioner at 3, *Dep't of Educ. v. Career Colleges & Schs. of Tex.*, No. 24-413 (U.S. Jan. 24, 2025). The Department has an interest in the uniform administration and enforcement of its regulations and policies, and proceeding with this case while the Department has committed to the BDR Reassessment and moved the Supreme Court to hold briefing in abeyance in *Career Colleges*, which was granted, interferes with that interest.

And MOHELA faces substantial risk of inconsistent obligations absent the Department's joinder in this action. A judgment against MOHELA would not obligate the Department to discharge Plaintiffs' loans, and the Department could insist that MOHELA comply with its contractual obligations under the Servicing Contracts to, for example, collect outstanding student

9

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S NOTICE OF
MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS, CASE NO. 3:24-cv-07850 VC

loan debt and report outstanding student loan debt to the CRAs, despite an injunction to the contrary. If an absent party would not be bound by the judgment and could thus enforce contractual provisions inconsistent with a judgment, it is a required party. *See Dawavendewa*, 276 F.3d at 1155–56 (9th Cir. 2002); *E.E.O.C. v. Peabody W. Coal Co.* ("*Peabody 2010*"), 610 F.3d 1070, 1081 (9th Cir. 2010).

Because the Department has interests in the subject matter of this action, proceeding without the Department may impair or impede the Department's ability to protect those interests and may also leave MOHELA subject to a substantial risk of inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B).

### a. Absent Joinder, the Department's Ability to Protect Its Loan Ownership, Financial Interests, and MOHELA's Compliance with the Servicing Contracts May Be Impaired and Impeded.

Plaintiffs seek to circumvent the conditions precedent to discharging their loans under the Department's Servicing Contracts with MOHELA. If the Department is not joined in this action, its ability to protect its contractual and economic interests in its Servicing Contracts with MOHELA and the Department's ownership of Plaintiffs' student loans may be impeded and impaired. *See Dawavendewa*, 276 F.3d at 1156 ("[W]e held unequivocally that the [absent party] was a necessary (and indispensable) party to a suit by an individual challenging a lease between the [absent party] and the [defendant] simply by virtue of being a signatory to the lease.") (citing *Lomayaktewa*, 520 F.2d at 1326). As described above, a judgment in Plaintiffs' favor could induce MOHELA to breach its obligations under the Servicing Contracts or wrongfully dispose of the Department's assets.

### b. The Department's Ability to Reassess the Basis and Soundness of Its BDR May Be Impaired If Not Joined.

A judgment rendered in the Department's absence may also interfere with or run counter to the Department's broadly-stated intention to conduct the BDR Reassessment. Mot. of Petitioner at 3, *Dep't of Educ. v. Career Colls. & Sch. of Tex.*, No. 24-413 (U.S. Jan. 24, 2025). Moreover, the Fifth Circuit's nationwide stay of the 2022 BDR Rule remains in effect. *See Career Colls.*, 98 F.4th at 227. If judgment in this case were to mandate the discharge of loans

under the 2022 BDR Rule, it could violate or circumvent the BDR Stay. In addition, certain putative class representatives' and members' eligibility for full discharge of their federal student loans could be negated or impacted by the Department's reassessment of the BDR. Proceeding in this case without the Department's participation may also impair and impede its ability to negotiate future contracts with borrowers and servicers alike, regulate student loan servicers' conduct, and ensure uniform administration of federal student loan programs.

> ### c. The Department Is a Required Party Under Rule 19(a)(1)(B)(ii) Because MOHELA May Be Subject to a Substantial Risk of Inconsistent Obligations in the Department's Absence.

In the absence of joining the Department, disposing of this case without joining the Department would also expose MOHELA "to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). "No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable." *E.g.*, *Lomayaktewa*, 520 F.2d at 1325. This principle is codified in Rule 19(a). *Id.* In *Lomayaktewa*, the plaintiffs brought an action to void a lease where the Hopi Tribe of Arizona was the lessor. 520 F.2d at 1324-25. Simply because the Hopi Tribe was a party to the agreement that the plaintiffs challenged, the Ninth Circuit held it was a required party.[6] Notably, although a required party, the Court ultimately held joinder was not feasible because the Hopi Tribe was immune from suit and dismissed the action in equity and good conscience. *Id.* at 1325-27.

Here, Plaintiffs seek to enjoin MOHELA from continuing its contractual obligations under its Servicing Contracts with the Department, and to set aside borrowers' obligations on their promissory notes with the Department, thus eliminating financial assets of the Department. The Department is a party to both the Servicing Contracts and the promissory notes with Plaintiffs. Farmer Decl. ¶ 5; Armbrust Decl., Exs. A, B. Thus, it must be joined if feasible.

---

[6] The Ninth Circuit reached this holding without specific reference to either Rule 19(a) prong but rather on the fundamental, general principle that all parties to a challenged contract must be joined. *See Lomayaktewa*, 520 F.2d at 1325. Accordingly, the Department should be found a required party simply because it is a party to the contracts that Plaintiffs challenge, notwithstanding that the Department is also a required party under the analysis of both Rule 19(a) prongs.

*Lomayaktewa*, 520 F.2d at 1325; *Dawavendewa*, 276 F.3d at 1156, 1157 n.6 (holding the absent party was "a necessary (and indispensable) party to a suit by an individual challenging a lease … simply by virtue of being a signatory to the lease"); *cf. Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983).

Unless MOHELA were to breach its Servicing Contracts with the Department, MOHELA cannot provide the relief Plaintiffs seek. And even if it could, the Department might intervene or otherwise stop the discharge process. If the Court granted Plaintiffs' requested injunctive relief, that injunction should be unenforceable against the Department because the Department is not a party to this suit. *E.g.*, *Peabody 2010*, 610 F.3d at 1082; *Pennsylvania Higher Educ. Assistance Agency v. Perez* ("*PHEAA 2019*"), 416 F. Supp. 3d 75, 94 (D. Conn. 2019). Despite a judgment, the Department could enforce the provisions of the Servicing Contracts, placing MOHELA "between the proverbial rock and a hard place." *Dawavendewa*, 276 F.3d at 1156; *Peabody 2010*, 610 F.3d at 1082. Moreover, the Department could bring a claim for breach of contract against MOHELA or terminate the USDS Contract if MOHELA elected to comply with an injunction rather than the Servicing Contracts, which could give rise to additional inconsistent obligations. *PHEAA 2019*, 416 F. Supp. 3d at 94; *Peabody 2010*, 610 F.3d at 1082. The Department is thus a required a party under Rule 19(a)(1)(B)(ii).

Even if Plaintiffs sought only monetary relief, the substantial risk of inconsistent obligations would remain because an award of damages would be based on a finding that MOHELA's conduct in complying with the Department's Servicing Contracts violated California law. *See Sequeira v. United States v. Dep't of Homeland Sec.*, 347 F.R.D. 510, 517 (N.D. Cal. 2024). MOHELA's continued compliance with the Servicing Contracts could give rise to future monetary damages in perpetuity, forcing MOHELA to navigate irreconcilable legal demands. *Id*.

In sum, the Department is required because it is a signatory to the Servicing Contracts Plaintiffs seek to enjoin, in addition to both Rule 19(a) prongs. Therefore, the Department is a required party who must be joined if feasible.

//

**B.    The Department's Joinder Is Not Legally Feasible Because It Is Immune From the Claims in this Suit.**

The Department is a federal agency that enjoys a presumption of immunity. *E.g.*, *Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 801 (4th Cir. 2019). Although the Higher Education Act ("HEA") contains a waiver of the Secretary's sovereign immunity under Title 20, United States Code, Section 1082(a)(2), that waiver is narrow and inapplicable here because it is limited to "civil actions *arising under* [*Part B of the HEA*.]" 20 U.S.C. § 1082(a)(2) (emphasis added); *PHEAA 2019*, 416 F. Supp. 3d at 96 (holding claims arising under *Part D* of the HEA outside the waiver's scope). This action arises under California laws. Given that "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, *in favor of the sovereign*," *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted) (emphasis added), the waiver under the HEA plainly does not reach Plaintiffs' claims.[7] *See also FAA v. Cooper*, 566 U.S. 284, 291 (2012) (stating that waiver may only be found where there exists an "unmistakable statutory expression of congressional intent to waive the Government's immunity.")

The Department is thus immune from Plaintiffs' claims, and its joinder is not legally feasible.

**C.    In Equity and Good Conscience, the Court Should Enter Judgment for MOHELA.**

Since the Department is a required party whose joinder is not legally feasible, the Court must consider whether, "in equity and good conscience," the action should be dismissed or proceed without the Department. Fed R. Civ. P. 19(b). Courts balance four factors in making this determination: "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by shaping the judgment or the relief; (3) whether a judgment rendered in

---

[7] Even assuming Plaintiffs' claims arise under Part B of the HEA—which they do not—the waiver explicitly carves out injunctions or "other similar process . . . issued against the Secretary or property under the Secretary's control . . . ." 20 U.S.C. § 1082(a)(2). This includes claims for declaratory relief or "a claim that would produce the same effect as an injunction[.]" *See Am. Ass'n of Cosmetology Sch. v. Riley*, 170 F.3d 1250 (9th Cir. 1999); *Carr v. DeVos*, 369 F. Supp. 3d 554, 560 (S.D.N.Y. 2019); *Smith v. Sec'y of U.S. Dep't of Educ.*, No. 2:23-CV-12823, 2024 WL 4231572, *3 (E.D. Mich. Sept. 18, 2024).

the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed." *Peabody 2010*, 610 F.3d at 1083; *Dawavendewa*, 276 F.3d 1161-63. These factors require that judgment be entered in MOHELA's favor.

 ***First***, the Department would be prejudiced if this action continued in its absence because its ownership of federal loans and its stake in protecting its financial interests would be significantly impacted. A judgment rendered in the Department's absence could also impede the Department's reassessment of its BDR regulations, as well as potentially violate the Fifth Circuit's nationwide stay in *Career Colleges*. MOHELA also would face significant prejudice if this action proceeded to an adverse judgment because the Department would not be subject to that judgment and could thus enforce MOHELA's continued performance under the Servicing Contracts, forcing MOHELA to choose between complying with the judgment or its contractual obligations. Where an absent party could enforce legal obligations inconsistent with a potential judgment against the present party, courts have repeatedly found this factor weighs in favor of dismissal. *See, e.g.*, *Dawavendewa*, 276 F.3d at 1162; *Lomayaktewa*, 520 F.2d at 1326; *Sequeira*, 347 F.R.D. at 517-18.

 ***Second***, Plaintiffs cannot shape relief to avoid prejudice to MOHELA and the Department. Fed. R. Civ. P. 19(b)(2). Any judgment—whether injunctive or monetary—would necessarily rest on a finding that MOHELA's compliance with the Servicing Contracts violated California state law. However, because the Department is not bound by any judgment issued in its absence, it could continue to enforce the provisions of the Servicing Contracts regardless of the outcome here, again leaving MOHELA unable to satisfy both its contractual obligations to the Department and any court-ordered relief. Plaintiffs cannot craft relief that would adequately protect the Department's interests in this action because the claims directly implicate the Department's rights in its promissory notes and Servicing Contracts and risk exposing MOHELA to inconsistent obligations.

 ***Third***, a judgment rendered in the Department's absence would be inadequate. In this context, "adequacy" refers not to satisfaction of the Plaintiffs' class claims but rather the "public stake in settling disputes by wholes, whenever possible." *Republic of Philippines v. Pimentel*,

14

553 U.S. 851, 871 (2008) (quoting *Provident Tradesman Bank & Trust Co. v. Patterson*, 390

U.S. 102, 111 (1968)) (internal citations omitted). Absent joinder, the Department would not be

bound by any judgment, but since the Department's participation is necessary to provide the

complete relief Plaintiffs seek, this dispute would not be settled. *See id*. Instead, a judgment in

the Department's absence would likely give rise to further disputes between Plaintiffs,

MOHELA, and the Department in connection with MOHELA's servicing of the Department's

federal student loans. *See PHEAA 2019*, 416 F. Supp. 3d at 94.

   **Fourth**, and finally, if judgment were entered in MOHELA's favor, Plaintiffs could still

pursue relief under the Administrative Procedures Act ("APA"). *See, e.g.*, *Berman v.

Pennsylvania Higher Educ. Assistance Agency*, No. 23-1414, 2024 WL 1615016, at *3 (4th Cir.

Apr. 15, 2024), cert. denied, 145 S. Ct. 280 (2024) ("If there is a villain in this story, it is the

Department—not the [federal student loan servicer]."); *Carr*, 369 F. Supp. at 561-62 (dismissing

action for lack of subject matter jurisdiction since courts are not in a position to resolve borrower

defense applications but noting plaintiffs may challenge the Secretary's actions under the APA).

Indeed, Plaintiffs' counsel asserted claims under the APA against the Secretary of Education in

*Sweet v. Cardona*, a similar action currently pending in this District. No. 3:19-cv-3674-WHA

(N.D. Cal.).[8]

   In sum, all four relevant factors support entering judgment for MOHELA. Fed. R. Civ. P.

19(b); *Dawavendewa*, 276 F.3d at 1154–55, 1163; *Camacho v. Major League Baseball*, 297

F.R.D. 457, 463 (S.D. Cal. 2013).

## V. CONCLUSION

   For the reasons above, MOHELA requests the Court grant its motion for judgment on the

pleadings for failure to join a necessary party whose joinder is not feasible.

---

[8] But even if an adequate remedy did not exist, entering judgment is not precluded since this
"result is a common consequence of sovereign immunity" *Friends of Amador Cty. v. Salazar*,
554 F. App'x 562, 566 (9th Cir. 2014) (quoting *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d
1015, 1025 (9th Cir. 2002)).

Respectfully submitted,

Date:  May 9, 2025                                          SIDLEY AUSTIN LLP

                                                           By: */s/ Sheila A.G. Armbrust*
                                                               Sheila A.G. Armbrust (SBN 265998)
                                                               sarmbrust@sidley.com
                                                               Laura V. Herrera (SBN 343929)
                                                               laura.herrera@sidley.com
                                                               555 California Street, Suite 2000
                                                               San Francisco, CA 94104
                                                               Telephone: +1 415 772 1200
                                                               Facsimile: +1 415 772 7400

                                                               Amy P. Lally (SBN 198555)
                                                               alally@sidley.com
                                                               1999 Avenue of the Stars, 17th Floor
                                                               Los Angeles, CA 90067
                                                               Telephone: +1 310 595 9662
                                                               Facsimile: +1 310 595 9501

                                                               *Attorneys for Defendant*
                                                               *Higher Education Loan Authority of the*
                                                               *State of Missouri*