Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Tony Mekari (SBN 347057)
tony.mekari@sidley.com
SIDLEY AUSTIN LLP
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars
17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9662
Facsimile: +1 310 595 9501

Anna Tutundjian (SBN 309969)
atutundjian@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

*Attorneys for Defendant*
*Higher Education Loan Authority of the*
*State of Missouri*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JAIME MALDONADO, ANNA VARELA, ALMA GARY and JEFF PLAMONDON, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, and DOES 1-30,

Defendants.

Case No. 3:24-CV-07850 VC

Assigned to Hon. Vince Chhabria

**DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Date: July 10, 2025
Time: 10:00 a.m.
Location: Courtroom 4, 17th Floor

Case Removed: November 8, 2024

(Superior Court of California for the County of Alameda, Case No. 24CV090146)

## TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. The Department Is a Required Party ..... 1

1. The Department Has Not Instructed MOHELA to Discharge Loans for All Named Plaintiffs and Putative Class Members, and Thus Complete Relief Cannot Be Accorded ..... 2

2. Disposing of this Action Without the Department Would Impair Its Interests and Expose MOHELA to a Substantial Risk of Inconsistent Obligations ..... 6

a. The Department's Interests May Be Impaired If It Is Not a Party ..... 6

b. MOHELA May Be Subject to a Substantial Risk of Inconsistent Obligations in the Department's Absence. ..... 8

B. The Department's Joinder Is Not Legally Feasible, and the Court Should Enter Judgment for MOHELA in Equity and Good Conscience. ..... 8

C. If the Complaint Is Amended or Deemed Amended, MOHELA Requests the Opportunity to Move for Summary Judgment as to the Named Plaintiffs Before Class Certification. ..... 10

III. CONCLUSION ..... 10

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adera v. United States*,
155 Fed. Cl. 553 (2021),
*aff'd*, No. 2022-1074, 2023 WL 3768645 (Fed. Cir. June 2, 2023) ........ 4

*Am. Greyhound Racing, Inc. v. Hull*,
305 F.3d 1015 (9th Cir. 2002) ........ 10

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*,
No. CV01-10396MMM(CWX), 2009 WL 10699035
(C.D. Cal. July 14, 2009) ........ 4

*Confederated Tribes of Chehalis Indian Rsrv. v. Lujan*,
928 F.2d 1496 (9th Cir. 1991) ........ 3

*Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*,
276 F.3d 1150 (9th Cir. 2002) ........ *passim*

*EEOC v. Peabody W. Coal Co.*,
610 F.3d 1070 (2010) ........ 6, 8

*Friends of Amador Cty. v. Salazar*,
554 F. App'x 562 (9th Cir. 2014) ........ 10

*Goel v. Shah*,
No. C 13-3586SBA, 2014 WL 2154005 (N.D. Cal. May 22, 2014) ........ 6

*Iconlab Inc. v. Bausch Health Companies Inc.*,
No. 8:16-CV-01321-JLS-KES, 2019 WL 12521292 (C.D. Cal. May 15, 2019),
*aff'd*, 828 F. App'x 363 (9th Cir. 2020) ........ 3, 4, 8

*Jones v. Bank of Am., N.A.*,
No. CV18-5631FMO(JEMX), 2021 WL 3163758 (C.D. Cal. Feb. 26, 2021) ........ 7

*Lomayaktewa v. Hathaway*,
520 F.2d 1324 (9th Cir. 1975) ........ 6, 7, 9

*McShan v. Sherrill*,
283 F.2d 462 (9th Cir. 1960) ........ 4

*Med., LLC v. St. Alexius Hosp. Corp.*,
No. SACV 10-1637-JST, 2011 WL 1990557 (C.D. Cal. May 20, 2011) ........ 6, 7

*PHEAA v. Perez*,
416 F. Supp.3d 75 (D. Conn. 2019) ........ 8

*Pit River Home & Agric. Coop. Ass'n v. United States*,
30 F.3d 1088 (9th Cir. 1994) ....................................................................................3, 9

*Pub. Citizen, Inc. v. Dep't of Educ.*,
292 F. Supp. 2d 1 (D.D.C. 2003) ..........................................................................................4

*Republic of Philippines v. Pimentel*,
553 U.S. 851 (2008)...............................................................................................................9

*Schneider v. Calif. Dep't of Corr.*,
151 F.3d 1194 (9th Cir. 1998) ...............................................................................................6

*Sequeira v. United States Dep't of Homeland Sec.*,
347 F.R.D. 510 (N.D. Cal. 2024)...........................................................................................9

*Soo Park v. Thompson*,
851 F.3d 910 (9th Cir. 2017) .................................................................................................4

*Sweet v. Cardona*,
No. 3:19-cv-3674-WHA (N.D. Cal. 2022) ............................................................................5

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*,
826 F. Supp. 2d 1180 (C.D. Cal. 2011) .................................................................................4

**Rules**

Fed. R. Civ. P. 19 ................................................................................................... *passim*

## I. INTRODUCTION

Plaintiffs' opposition concedes that MOHELA cannot discharge or stop servicing a student loan unless and until the Department directly orders MOHELA to do so. Because the Department owns the loans at issue, is a party to the contracts that provide for MOHELA to service those loans, and controls whether and when MOHELA can discharge or stop servicing those loans, the Department is a required party here. Yet sovereign immunity bars its joinder. Rule 19 therefore requires dismissal of the case.

Backed into a corner, Plaintiffs pivot. They now abandon their allegation – made only on information and belief – that the Department has already instructed MOHELA to discharge all loans for putative class members. Unrebutted evidence shows that the Department has not even instructed MOHELA to discharge the loans of two of the named Plaintiffs, let alone the whole proposed class. In light of this evidence, and to try to avoid judgment on the pleadings for failing to join the Department as a party, Plaintiffs suddenly declare that their suit covers only loans that the Department has already instructed MOHELA to discharge. That is not what the Complaint pleads. Plaintiffs cannot walk away from their Complaint in a brief, and the Complaint cannot survive MOHELA's motion.

If Plaintiffs wish to narrow their case, they can amend their Complaint. And if the Complaint is amended, or deemed amended, to limit the claims to borrowers whose loans the Department has already directed MOHELA to discharge, MOHELA requests the opportunity to move for summary judgment as to the named Plaintiffs before class certification, without prejudice to a later motion for summary judgment on any certified class.

## II. ARGUMENT

The Department is a required party whose joinder Plaintiffs concede is not legally feasible. Because proceeding without the Department would prejudice it and MOHELA, the case should be dismissed.

### A. The Department Is a Required Party.

As MOHELA's motion explained, the Department is a required party for two independent reasons: first, in the Department's "absence, the court cannot accord complete relief

among existing parties;" and second, a decision here may impair the Department's interests or leave MOHELA "subject to a substantial risk of incurring … inconsistent obligations." Fed. R. Civ. P. 19(a)(1).

### 1. The Department Has Not Instructed MOHELA to Discharge Loans for All Named Plaintiffs and Putative Class Members, and Thus Complete Relief Cannot Be Accorded

First, named Plaintiffs and the proposed class "cannot be accorded complete relief in the absence of" the Department, "even if ultimately victorious" on the claims pleaded in their Complaint. *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1155 (9th Cir. 2002). That Complaint seeks to hold MOHELA liable for failing to discharge and continuing to service the loans of the four named Plaintiffs and a class of "similarly situated persons" who are "California residents who took out federal student loans … to pay educational expenses" at certain for-profit institutions and "who are included in the Department of Education's Group Discharges for th[o]se schools." Compl. ¶ 115.[1] The Complaint seeks certification of this broad class, *id.*, Prayer for Relief, ¶ 1, declaratory and injunctive relief requiring MOHELA to stop servicing activities on Plaintiffs' and class members' loans, *id.*, Prayer for Relief, ¶ 4, as well as damages for MOHELA's failure to stop those activities earlier, *id.*, Prayer for Relief ¶ 3.

Plaintiffs concede that MOHELA lacks the authority to discharge and to stop servicing any loan that the Department has not formally directed MOHELA to discharge. Plaintiffs do not argue, for example, that the Department's public announcements about the group borrower discharges were sufficient direction from the Department under the contracts between MOHELA and the Department. *See* Compl. ¶ 46. Yet MOHELA has not received instructions to discharge the loans of every named Plaintiff, let alone every proposed class member. *See* Farmer Decl. ¶¶ 15, 18. As MOHELA's sworn declaration states: "MOHELA has not received documents or communications from the Department directing it to discharge any federal student loans for Plaintiffs Jeff Plamondon or Alma Gary." *Id.* ¶ 18. By extension, MOHELA also lacks

[1] "Group Discharge" is defined in the Complaint as public announcements made by the Department as to six specific schools. *See* Complaint ¶¶ 2, 26-31.

instructions to discharge the loans of other class members (otherwise Plamondon and Gary are not typical of the proposed class, *but see* Compl. ¶ 120 (alleging typicality)).

Even if this Court granted all the relief sought in the Complaint, judgment against MOHELA would not be binding on the Department. At least as to Plamondon, Gary, and similarly situated class members, the Department could refuse to recognize the discharges and insist that MOHELA comply with its contractual obligations to continue to service the loans. An order granting complete relief in this lawsuit would thus not constitute "complete relief." Fed. R. Civ. P. 19(a)(1).

Plaintiffs and proposed class members "stand[] in the same position" as plaintiffs in numerous other cases in which the Ninth Circuit has found absent parties to be necessary. *Dawavendewa*, 276 F.3d at 1156. In those cases, as here, the plaintiffs were "not assured complete relief even if victorious" because, "if the federal court granted [the plaintiff's] requested injunctive relief, [the defendant] would be between the proverbial rock and a hard place—comply with the injunction" requested by the plaintiff and granted by the court "or comply with" an agreement with the absent party requiring the opposite. *Id.* (discussing *Confederated Tribes of Chehalis Indian Rsrv. v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991) and *Pit River Home & Agric. Coop. Ass'n v. United States* ("*Pit River Home*"), 30 F.3d 1088, 1099 (9th Cir. 1994)); *see also, e.g.*, *Iconlab Inc. v. Bausch Health Companies Inc*., No. 8:16-CV-01321-JLS-KES, 2019 WL 12521292, at *4 (C.D. Cal. May 15, 2019), *aff'd*, 828 F. App'x 363 (9th Cir. 2020) ("Suits seeking widespread equitable relief do not easily permit complete relief without the presence of all interested parties."). As in those cases, the absent party to the agreement is a necessary party.

Plaintiffs cannot escape this straightforward conclusion by invoking the Complaint's allegations—pleaded entirely on information and belief—that the Department has "notified MOHELA of which loans are eligible for discharge and provided instructions to process the discharges and issue refunds." Opp. 1; *see also* Opp. 6. Plaintiffs nowhere allege that these "notifications" cover every named Plaintiff, let alone every borrower in the proposed class. *See* Compl. ¶¶ 44–45. Nor is the proposed class in any way limited to borrowers whose loans the

Department has told MOHELA to discharge. *See* Compl. ¶ 115.

Furthermore, no allegation, and especially no allegation pleaded on information and belief, can overcome actual evidence proving the opposite.[2] *See Iconlab Inc.*, 2019 WL 12521292, at *3 ("rely[ing] on the allegations in the Second Amended Complaint" except "where the parties [] offer evidence to the contrary," and considering extrinsic evidence in granting motion for judgment on the pleadings based on Rule 19). Plaintiffs agree, stating that "the Court must take the allegations in the complaint as true, *except* for matters directly contradicted by the extrinsic evidence."[3] Opp. 4 (emphasis added) (citing three cases). That is especially true on a Rule 19 motion, where "the Court 'has a duty to protect absent persons who will be affected by [its] decree.'" *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs., & Prods. Liab. Litig.*, 826 F. Supp. 2d 1180, 1196 (C.D. Cal. 2011) (quoting *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir. 1960)) (explaining that "the inquiry into whether such persons exist 'should not be hampered by the evidentiary rules [Plaintiffs] would impose'").

There is ample evidence that the Department has not finished directing servicers to cause the discharges and to stop servicing the loans of all putative class members, including multiple named Plaintiffs. MOHELA's Chief Operating Officer and Director of Federal Contracts has attested that MOHELA has not yet been "direct[ed] … to discharge any federal student loans for

[2] Even setting aside the evidence, information-and-belief allegations require *some* "factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). The Complaint provides *no* basis to believe that the Department has instructed all loan servicers, including MOHELA, to discharge all loans belonging to individuals who attended the institutions at issue. Nor does the Complaint (or the opposition) argue that the Department's instructions to MOHELA are "peculiarly within the possession and control of the defendant." *Id.*; *cf. Adera v. United States*, 155 Fed. Cl. 553, 560-61 (2021), *aff'd*, No. 2022-1074, 2023 WL 3768645 (Fed. Cir. June 2, 2023) (holding that plaintiff was not entitled to tolling where he could have discovered his cause of action earlier by submitting timely information requests to the Department about the status of his loan discharges); *see also Pub. Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, at *3 (D.D.C. 2003) (granting Freedom of Information Act request for information about loan discharges).

[3] Elsewhere, that legal standard section wrongly suggests that a plaintiff "should have the opportunity to conduct discovery" whenever "the extrinsic evidence offered by" the defendant "contradicts the allegations in the complaint." Opp. 4–5. While deferring a ruling on a Rule 19 issue until after discovery may in some cases be appropriate, *see Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, No. CV01-10396MMM(CWX), 2009 WL 10699035, at *13 (C.D. Cal. July 14, 2009), here it is not, because the extrinsic evidence points in only one direction.

Plaintiffs Jeff Plamondon or Alma Gary."[4] Farmer Decl. ¶ 18; *see id.* at 6 ("declar[ing]" this "under penalty of perjury"). In another case in this District, Plaintiffs' own counsel acknowledged that the Department has not yet finished processing the discharges of all loans covered by the Group Discharge announcements. *See* Mot. 6 (discussing *Sweet v. Cardona*, No. 3:19-cv-3674-WHA (N.D. Cal. 2022)). And the Department told Plaintiffs that "it would 'take the Department some time' to process the discharge[s]." Compl. ¶ 4. The record is clear that the Department is still working on this effort.

Nothing in the documents that MOHELA has produced in discovery and that Plaintiffs point to "contradicts" this. Opp. 7. If anything, the email exchange Plaintiffs attached directly refutes Plaintiffs' key allegation that MOHELA has "refused" to discharge loans. Consistent with MOHELA's declaration, *see* Farmer Decl. ¶¶ 15–17, the communication shows that MOHELA has received instructions from the Department to discharge certain loans at issue in this case and is working on the discharges, *see* Opp. 7–8 (speculating that the email "appears to pertain in part to the loans at issue in this case"). The exchange also shows the Department is instructing MOHELA about which loans to prioritize for discharge. The exchange therefore only confirms (again, consistent with MOHELA's position) that the Department takes an active role in directing and supervising discharges—and should be a party to this case.[5] *See* Plaintiffs' Admin. Mot. to Consider Whether Another Party's Material Should Be Sealed, Dkt. 61, Ex. A.

Faced with the reality that their Complaint as written cannot survive MOHELA's motion, Plaintiffs use their opposition brief to narrow their case to individuals whose loans the Department has already instructed MOHELA to discharge. *See* Opp. 2, 6, 9, 11. But "'new' allegations contained in the [Plaintiffs'] opposition" are "irrelevant" for evaluating MOHELA's

---

[4] Pointing to the declaration's further statement that MOHELA "has received communications from the Department indicating that Plaintiffs Plamondon and Gary are in forbearance through January 1, 2040," Farmer Decl. ¶ 18, Plaintiffs question the "factual validity" of this statement, Opp. 6 n.1—which was "declare[d] under penalty of perjury," Farmer Decl. at p. 6. But forbearance and discharge are different, and Plaintiffs offer no basis for their belief that instructions about the former must carry instructions about the latter.

[5] That exchange also shows that any delays in processing discharges that may be at issue in this suit were the result of the Department's confirmation that MOHELA should "first prioritize" the discharges of "SWEET related … files"—that is, files related to the *Sweet* class action suit brought by Plaintiffs' counsel. Dkt. 61, Ex. A.

motion. *Schneider v. Calif. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also Goel v. Shah*, No. C 13-3586 SBA, 2014 WL 2154005, at *5 (N.D. Cal. May 22, 2014) (refusing to consider allegations in a brief at a motion for judgment on the pleadings). In the Department's absence, Plaintiffs and the proposed class identified in the Complaint could not be accorded complete relief, making the Department a required party.

**2. Disposing of this Action Without the Department Would Impair Its Interests and Expose MOHELA to a Substantial Risk of Inconsistent Obligations.**

Even if the Court were to conclude that complete relief is possible among Plaintiffs and MOHELA, the Department would still be a required party under the second prong of Rule 19(a). The Department claims "an interest relating to the subject of the action," and disposing of the case in its absence may "as a practical matter impair or impede [its] ability to protect the interest" or "leave" MOHELA "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

**a. The Department's Interests May Be Impaired If It Is Not a Party.**

The Department has two separate, concrete interests in this case: it owns Plaintiffs' (and the proposed class members') outstanding loans, and it is a party to MOHELA's government contracts to service those loans. Courts routinely hold that parties with ownership or contractual interests in suits are necessary parties. *See, e.g.*, *CF Med., LLC v. St. Alexius Hosp. Corp.*, No. SACV 10-1637-JST, 2011 WL 1990557, at *7 (C.D. Cal. May 20, 2011) (ownership interest); *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) (contract); *Dawavendewa*, 276 F.3d at 1156 (contract); *see also EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1082 (2010) ("A public entity has an interest in a lawsuit that could result in the invalidation or modification of one of its ordinances, rules, regulations, or practices.").

Either or both of the Department's interests could be impaired or impeded if the Court resolved this case in its absence. First, if the Department is not a party, it will be unable to protect its interest in its loans. With real consequences: if the Court orders Plaintiffs' requested relief, then MOHELA would be required to cancel the loans of all class members (even those

that the Department has not yet directed MOHELA to discharge), erasing federal assets. For this reason alone, the Department is a required party. *See, e.g.*, *CF Med., LLC*, 2011 WL 1990557, at *7 (bank was necessary party where it had an ownership interest in accounts at issue in the case); *Jones v. Bank of Am., N.A.*, No. CV18-5631FMO(JEMX), 2021 WL 3163758, at *5 (C.D. Cal. Feb. 26, 2021) (Fannie Mae and a trust were necessary parties where they had an ownership or other financial interest in real property and line of credit at issue in the case).

Second, if the Department is not a party, it will be unable to defend its interests in its contracts with MOHELA, again with real consequences: An order from this Court granting Plaintiffs all their requested relief would effectively nullify the provisions of those contracts that undisputedly do *not* give MOHELA the unilateral authority to discharge or stop servicing activities on loans without the Department's express instruction. This contractual interest too is an independent reason the Department is a required party. *See, e.g.*, *Dawavendewa*, 276 F.3d at 1156–57; *Lomayaktewa*, 520 F.2d at 1325.

Plaintiffs' only response rests on the already disproven premise that "any … relief will be on loans *already cancelled by the Department*." Opp. 8. Unless and until the Department finishes processing, and instructs MOHELA to cause, all the discharges at issue in this case, the Department retains an ownership and a contractual interest here. *See* Compl. ¶¶ 41–45. And either or both of those interests could be impaired if the action proceeds without the Department.

Even if the case were limited to loans that the Department has already directed MOHELA to discharge and stop servicing, the Department would still have an interest that could be impaired. This suit proceeds in part in reliance on regulations, including the 2022 BDR Rule, that are enjoined by the Fifth Circuit and may soon be under review at the Supreme Court. *See* Mot. 10; Opp. 8–9. Plaintiffs fault MOHELA for "fail[ing] to explain how any of the prospective changes will impair the Department's interest in *this* lawsuit," but MOHELA argued that (1) a judgment mandating the discharge of loans could circumvent the BDR Stay; and (2) some putative class representatives' and members' eligibility for full discharges could be impacted by future regulatory action, or even a Supreme Court ruling in *Texas Career Colleges*. *See* Mot. 10–11. The Department's presence is required because of this interest, too.

**b. MOHELA May Be Subject to a Substantial Risk of Inconsistent Obligations in the Department's Absence.**

Finally, the Department is a required party because MOHELA faces a substantial risk of inconsistent obligations if the Department is not made a party.

If Plaintiffs win their requested relief in the Department's absence, nothing would stop the Department from taking action against MOHELA on the ground that MOHELA violated its contracts with the Department in discharging and ceasing to service loans without the Department's explicit instructions. MOHELA then would be "'between the proverbial rock and a hard place, forcing [MOHELA] to choose between complying" with this Court's order and "complying with the inconsistent obligation set out in its contract[s] with Education (and possibly an inconsistent judgment in litigation initiated by Education)." *PHEAA v. Perez*, 416 F. Supp.3d 75, 94 (D. Conn. 2019) (quoting *Peabody*, 610 F.3d at 1082). "Disposing of the action in" the Department's absence could leave MOHELA "subject to a substantial risk of incurring inconsistent obligations." *Id.*

Courts in the Ninth Circuit routinely hold that an absent party is required in these circumstances. *See, e.g.*, *Peabody*, 610 F.3d at 1082; *Dawavendewa*, 276 F.3d at 1156; *see also, e.g.*, *Iconlab, Inc.*, 2019 WL 12521292, at *5 ("[Ninth Circuit] cases also establish that an absent party may be required in an action seeking equitable relief that would prevent a defendant from fulfilling 'substantial' contractual obligations to the absent party." (citation omitted)).

Once again, Plaintiffs' response is to use their opposition to narrow their proposed class to borrowers with loans for which MOHELA has "reciev[ed] the [discharge] file" from the Department. Opp. 9. But the Complaint is not so limited. And when it comes to the loans of two named Plaintiffs and other proposed class members whose files have *not* been received, MOHELA's alleged "obligations under California law" are *in*consistent with its "obligations under the Servicing Contracts." *Id.* So the Department is a required party.

**B. The Department's Joinder Is Not Legally Feasible, and the Court Should Enter Judgment for MOHELA in Equity and Good Conscience.**

Plaintiffs "do not dispute that joinder of the Department is not feasible" because of sovereign immunity, Opp. 10 n.3, thus the only remaining question is whether "in equity and

good conscience" the action should be dismissed or proceed without the Department, Fed. R. Civ. P. 19(b). All four of the governing factors support dismissal. *See* Mot. 14–15.

***First***, a judgment rendered in the Department's absence would prejudice the Department and MOHELA for reasons already outlined. Courts frequently find prejudice both to absent and existing parties under the circumstances here—where an absent party could enforce obligations inconsistent with a potential judgment. *See, e.g.*, *Dawavendewa*, 276 F.3d at 1162; *Lomayaktewa*, 520 F.2d at 1325-26; *Sequeira v. United States Dep't of Homeland Sec.*, 347 F.R.D. 510, 517-18 (N.D. Cal. 2024). In arguing lack of prejudice, Plaintiffs ignore that MOHELA currently lacks instructions to discharge some loans at issue in their suit. *See* Opp. 11.

***Second***, a decision granting Plaintiffs' requested relief would necessarily prejudice MOHELA and the Department, *see, e.g.*, *Pit River Home*, 30 F.3d at 1101–02, and the Plaintiffs make no attempt to show otherwise, *see* Opp. 11. Narrowing the scope of the Complaint might lessen the prejudice. Yet, as discussed below, if the Complaint is deemed amended by Plaintiffs' opposition brief, MOHELA will request the opportunity to move for summary judgment before class certification. *See infra* § II.C.

***Third***, a judgment rendered in the Department's absence would not be adequate because it would likely give rise to disputes among Plaintiffs, putative class members, MOHELA, and the Department regarding loans that the Department has not instructed MOHELA to discharge. *See* Mot. 14–15. Plaintiffs' response—that "a judgment against MOHELA would afford all the relief Plaintiffs seek," Opp. 11—applies the wrong standard, which is not whether Plaintiffs' "class claims" will be "satisfi[ed]" but whether "the public stake in settling disputes by wholes" will be adequately addressed, *Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008). Plaintiffs' retort is incorrect even taken on its own terms, for the reasons already given. *See supra* § II.A.1.

***Finally***, the same incorrect premise—that "Plaintiffs have nothing further to request from the Department"—underlies their insistence that an APA suit does not provide an alternative forum. Opp. 11–12; *contra* Mot. 15. But even if "[t]here is no alternative forum," that "does not prevent [this Court] from finding [the Department] to be indispensable and from dismissing the case." *Pit River Home*, 30 F.3d at 1102. Leaving a plaintiff "with no adequate remedy upon

dismissal for non-joinder . . . 'is a common consequence of sovereign immunity.'" *Friends of Amador Cty. v. Salazar*, 554 F. App'x 562, 566 (9th Cir. 2014) (quoting *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1025 (9th Cir. 2002)). Here, the Department's "interest in maintaining [its] sovereign immunity outweighs the [Plaintiffs'] interest in litigating their claims" about loan discharges that the Department has not yet finished processing. *Id*.

### C. If the Complaint Is Amended or Deemed Amended, MOHELA Requests the Opportunity to Move for Summary Judgment as to the Named Plaintiffs Before Class Certification.

Plaintiffs' opposition narrows the Complaint to encompass only borrowers whose loans the Department has instructed MOHELA to discharge. As explained, the Complaint's named Plaintiffs, factual and class allegations, and prayer for relief currently encompass borrowers who "are included in the Department of Education's Group Discharges for [certain] schools,"[6] even if the Department has not officially directed MOHELA to discharge their loans. Compl. ¶ 115 (defining the proposed class).

In the event the Complaint is amended, or is deemed amended, to change the class definition and to narrow other relevant allegations, MOHELA requests an opportunity to move for summary judgment as to the named Plaintiffs prior to class certification. This would serve the interests of judicial efficiency by narrowing the case and simplifying the questions at class certification. That is because, as discussed, the Department has not directed MOHELA to discharge the loans of two of the named Plaintiffs, and they would fall outside the scope of the narrowed class. MOHELA would ask that this opportunity to move for summary judgment is without prejudice to a later motion for summary judgment, after the certification of any class.

## III. CONCLUSION

For the reasons above, MOHELA requests the Court grant its motion for judgment on the pleadings for failure to join a necessary party whose joinder is not feasible.

//

//

[6] A "Group Discharge" is a public announcement about six named schools, not an instruction to discharge any specific borrowers. *See* n.1, *supra*.

Respectfully submitted,

Date: June 20, 2025

SIDLEY AUSTIN LLP

By: /s/ *Sheila A.G. Armbrust*

Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Tony S. Mekari (SBN 347057)
tony.mekari@sidley.com
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Amy P. Lally (SBN 198555)
alally@sidley.com
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9662
Facsimile: +1 310 595 9501

Anna Tutundjian (SBN 309969)
atutundjian@sidley.com
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600

*Attorneys for Defendant*
*Higher Education Loan Authority of the State of Missouri*