PROJECT ON PREDATORY STUDENT LENDING
REBECCA C. EISENBREY         Admitted *pro hac vice*
NOAH ZINNER                  Bar No. 247581
REBECCA C. ELLIS             Admitted *pro hac vice*
769 Centre St.
Jamaica Plain, MA  02130
Telephone:  (617) 390-2669
nzinner@ppsl.org

JUBILEE LEGAL
DANIEL "SPARKY" ABRAHAM    Bar No. 299193
300 E. Esplanade Dr., Ste. 900
Oxnard, CA  93036
Telephone:  (805) 946-0386
sparky@jubilee.legal

KEMNITZER, BARRON & KRIEG, LLP
ADAM J. MCNEILE              Bar No. 280296
MALACHI J. HASWELL           Bar No. 307729
1120 Mar West St., Ste. C2
Tiburon, CA  94920
Telephone:  (415) 632-1900
adam@kbklegal.com
kai@kbklegal.com

Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME MALDONADO, ANNA VARELA, ALMA GARY, and JEFF PLAMONDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, and DOES 1-30,<br><br>Defendants. | Case No. 3:24-cv-07850-VC<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO MAINTAIN CONFIDENTIALITY**<br><br>Date: August 28, 2025<br>Time: 1:00 p.m.<br>Courtroom F, 15th Floor<br>Hon. Peter H. Kang<br><br>Assigned to Hon. Vince Chhabria<br><br>Referred for Discovery to Magistrate Judge Peter H. Kang |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.    BACKGROUND .................................................................................................................. 2

III.    LEGAL STANDARD ......................................................................................................... 5

IV.    ARGUMENT ....................................................................................................................... 6

    A.    MOHELA Has Failed to Demonstrate Good Cause ...................................................... 6

        1.    MOHELA bears the burden of establishing that the Challenged Documents are CUI and has failed to do so here. ............................................................................................... 6

        2.    MOHELA has not demonstrated prejudice as to any Challenged Document. ............... 7

    B.    The Public Interest in Disclosure Outweighs MOHELA's Privacy Interest ............... 9

V.    CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*Avaya Inc. v. Pearce*, No. 19-cv-00565, 2020 WL 8513514 (N.D. Cal. Dec. 22, 2020) ............... 5

*Contratto v. Ethicon, Inc.*, 227 F.R.D. 304 (N.D. Cal. 2005) .......................................................... 5

*Cordero v. Stemilt AG Servs., LLC*, No. 23-3548, 2025 WL 1902292 (9th Cir. July 10, 2025) .... 5

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) ................................ 5, 7, 9

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir.1995) .................................................. 5, 10

*Louisiana Pacific Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481 (N.D. Cal. 2012) ........................................................................................................................................ 1, 6

*Moore v. Battelle Energy Alliance, LLC*, No. 21-cv-00230, 2023 WL 1767391 (D. Idaho Feb. 3, 2023) ......................................................................................................................................... 7, 8

*Petconnect Rescue, Inc. v. Salinas*, No. 20-cv-00527, 2021 WL 308335 (S.D. Cal. Jan. 29, 2021) ....................................................................................................................................................... 10

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002) ............ 5, 10

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096 (9th Cir. 1999) ............................................................................................................................................. 5

*Shingara v. Skiles*, 420 F.3d 301 (3d Cir. 2005) ........................................................................... 10

*United States ex rel. Kelly v. Serco, Inc.*, No. 11-cv-2975, 2014 WL 12675246 (S.D. Cal. Dec. 22, 2014) ................................................................................................................................... 8. 9

*Walker v. Higher Educ. Loan Auth. of the State of Missouri*, No. 21-cv-00879, 2024 WL 3568576 (E.D. Cal. July 26, 2024) ........................................................................................... 10

*Wilbur P.G. v. United States*, No. 21-cv-04457, 2024 WL 735657 (N.D. Cal. Feb. 22, 2024) ..... 9

**Other Authorities**

Department of Energy, Office of Inspector General, *Inspection Report: Excessing of Computers Used for Unclassified Controlled Information at the Idaho National Laboratory*, Rep. No. DOE/IG-0757 (February 2007) ................................................................................................... 8

MOHELA, "Missouri Contributions,"

https://www.mohela.com/DL/resourceCenter/MissouriContributions.aspx ......................... 1, 10

National Archives, Controlled Classified Information, "CUI Category: Student Records"

https://www.archives.gov/cui/registry/category-detail/student-records .................................... 7

**Regulations**

32 C.F.R. § 2002.4 ............................................................................................................. 6, 7

32 C.F.R. § 2002.18 ............................................................................................................... 6

32 C.F.R. § 2002.50 ............................................................................................................... 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant MOHELA is a third-party entity that services federal student loans under contract with the Department of Education ("Department"). Class Action Complaint, ECF No. 1-25 ("Compl.") ¶¶ 35–39. MOHELA services loans for at least eight million federal student loan borrowers under a contract with the Department. MOHELA, "Missouri Contributions," https://www.mohela.com/DL/resourceCenter/MissouriContributions.aspx (last visited July 23, 2025). In 2023, MOHELA serviced $344.4 billion in federal Direct Loans alone and was paid nearly $300 million in public funds to do so. Compl. ¶¶ 36–38.

Plaintiffs allege that the Department determined that their federal student loans should be discharged based on their respective schools' misconduct ("Group Discharge"), and that MOHELA subsequently violated California consumer protection laws when it failed to properly service their loans. *See* Compl. ¶¶ 44–55. In response to Plaintiffs' allegations, MOHELA has repeatedly asserted that it has dutifully followed the Department's instructions in servicing Plaintiffs' loans, and that it cannot be held liable for doing so. *See e.g.* ECF No. 21 at 11–12, ECF No. 54 at 2. Documents evidencing the Department's communications with and instructions and guidance to MOHELA for the handling of loans the Department has designated for Group Discharge are therefore central to Plaintiffs' claims and to MOHELA's defenses. Each of the documents at issue in this motion is of this type.

It is MOHELA's clear burden under the Protective Order and applicable law to establish the propriety of a confidentiality designation. ECF No. 42 ("PO") ¶ 6.3 ("The burden of persuasion in any such challenge proceeding shall be on the Designating Party."); *Louisiana Pacific Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 490 (N.D. Cal. 2012) (same). MOHELA has not remotely met its burden here. MOHELA gives no explanation of why the particular content of any of the identified documents should render it confidential under applicable judicial standards. It did not file the contested documents under seal in this motion to allow the Court to analyze their content on its own. Motion at 2 n.1. It does not even describe the

content of the documents it seeks to protect, beyond describing each of them as either "FSA Communication" or "Information derived from FSA communication(s)." MOHELA's Motion to Maintain Confidentiality, ECF No. 74 ("Motion") at 4[1]; Declaration of Jacquelyn Fradette, ECF No. 74-1 ("Fradette Decl.") ¶ 11. Instead, MOHELA argues that the Court should broadly preserve confidentiality for the challenged documents because of its assertion that they "may" constitute Controlled Unclassified Information ("CUI") under 32 C.F.R Part 2002, and because CUI regulations require MOHELA to take unspecified actions to "safeguard" CUI material and subject MOHELA to unspecified "penalties and/or sanctions" for non-compliance. Motion at 9.

    MOHELA's argument fails because it is based on three unsupported presumptions. MOHELA assumes, without establishing, that the documents at issue are in fact CUI. It then asserts that the CUI regulations limit the Court's ability to determine the propriety of confidentiality designations on their own merit. As discussed *infra* Part IV.A.2, neither the case law cited by MOHELA nor any other found by Plaintiffs supports this contention. Finally, MOHELA suggests that a Court order for the removal of confidentiality designations could result in a violation of its "contractual and regulatory obligations" to safeguard CUI, and expose it to "penalties and/or sanctions," Motion at 6, without any specific showing of fact. Because MOHELA has not and cannot demonstrate good cause, its Motion must be denied.

## II. BACKGROUND

    On February 27, 2025, Plaintiffs served their first set of requests for production on MOHELA. Declaration of Rebecca Eisenbrey ("Eisenbrey Decl.") ¶ 4. Pursuant to the Parties' agreement, MOHELA served its responses and objections on April 25; the responses did not mention CUI. *Id.* ¶ 4–5. On May 9, MOHELA produced 36 documents, of which 16 were merely notices of nonproduction. *Id.* ¶ 6. On May 20 MOHELA produced another 15 documents. *Id.* Every document, including the 16 notices of nonproduction and a change request that MOHELA had filed on the public docket as an exhibit to its Motion to Dismiss, was marked as confidential.

---

[1] The Motion is misnumbered, with the first two substantive pages both bearing page number 1. For that reason, Plaintiffs have used the ECF page number throughout.

*Id.* On May 22, undersigned counsel sent counsel for MOHELA a meet and confer letter challenging the confidentiality designation of all documents that did not include personally identifiable information ("PII"). *Id.* ¶ 7. On May 28, undersigned counsel sent a letter offering details as to each confidentiality challenge. *Id.* MOHELA made a third document production on June 4. *Id.* ¶ 8. Of the 13 documents produced, nine had already been filed on the public docket in this case and were not marked confidential; the other four, including a document in which all PII had been redacted, were marked confidential. *Id.*

On June 6, 2025, Plaintiffs filed their response in opposition to MOHELA's motion for judgment on the pleadings. ECF No. 62. The response referred to and attached an email exchange between MOHELA and the Department that MOHELA had produced in discovery and designated as confidential and, because the Parties had not resolved Plaintiffs' confidentiality challenges, was accompanied by an administrative motion to consider whether the exhibit should be sealed. ECF No. 61. MOHELA did not move to seal the exhibit of the redacted portions of Plaintiffs' response, ECF No. 66, and the exhibit is now filed on the public docket, ECF No. 75 and 75-1.

Counsel for the Parties met and conferred on June 10, 2025. *Id.* ¶ 9. At that meeting, undersigned counsel reiterated that marking every document as confidential was inconsistent with the Protective Order in this case, which requires a producing party to "take care to limit any [confidentiality] designation to specific material that qualifies under the appropriate standards," PO ¶ 5.1, and asked whether MOHELA was using any standard to guide its confidentiality designations, Eisenbrey Decl. ¶ 9. MOHELA's counsel identified "four buckets" of information: (1) everything that had been publicly filed, which MOHELA would de-designate; (2) documents containing named plaintiff PII, which undersigned counsel proposed producing as confidential with the understanding that either Party could redact and use as though it had been de-designated; (3) Excel files consisting of "group files" transmitting by the Department, which contain PII and could be difficult to redact; and (4) communications with the Department. *Id.* As to this final category, MOHELA's counsel stated that there may have been "an expectation of

3

privacy" on the part of the Department that they needed to consider, and promised to have a decision regarding de-designation within a few days. *Id.* MOHELA's counsel did not mention CUI. *Id.*

On June 18, 2025, counsel for the Parties again met and conferred regarding Plaintiffs' confidentiality challenges. *Id.* ¶ 11. Undersigned counsel explained that Plaintiffs wanted to avoid setting a precedent that would allow MOHELA to designate its entire production as confidential and place the burden of de-designation on Plaintiffs, and again asked MOHELA's counsel for a justification for confidentiality designations that were not related to PII. *Id.* MOHELA's counsel did not provide such a justification, but stated that it would continue to review its productions to determine whether further documents could be de-designated. *Id.* Shortly after the meeting, undersigned counsel agreed to withdraw Plaintiffs' confidentiality challenges to allow MOHELA to provide an update on its designations. *Id.* MOHELA's update, sent on June 25, de-designated the two documents that had already been filed on the public docket in this case and the 16 notices of nonproduction. *Id.* ¶ 12. MOHELA maintained the confidentiality of all other documents, citing, for the first time, the documents' potential status as CUI. *Id.*

Plaintiffs subsequently renewed their challenge to the confidentiality of all documents that do not contain PII (the "Challenged Documents"). *Id.* ¶ 13. These documents include 10 emails from the Department or email exchanges between the Department and MOHELA; five pdfs of tables with servicer questions and answers about the Group Discharge process; a flowchart; a screenshot of discharge instructions for an unidentified borrower; a processing note discussing an unidentified borrower's loan discharge; a fully redacted excerpt from a group file; a discharge processing flowchart; and a screenshot of an "Outstanding Amount Balance History" for an unidentified borrower. *Id.* ¶ 14. None of the Challenged Documents contains sensitive business information, PII, or even borrower names; all of the challenged emails contain significantly less detail than the exchange that MOHELA allowed to be filed on the public docket, ECF No. 75-1. *Id.*

4

On July 9, 2025, shortly before MOHELA filed its Motion, the Parties again met and conferred on confidentiality and other issues. *Id.* ¶ 15. Counsel for the Parties discussed CUI and MOHELA's position that, although they lack CUI markings, documents may be CUI if they are similar to documents that are marked CUI. *Id.* Undersigned counsel asked to review examples of documents that were marked CUI, MOHELA's CUI agreement with the Department, and/or any CUI guidance issued by the Department to MOHELA. *Id.* Undersigned counsel reiterated this request during another call about discovery issues held on July 22. *Id.* As of the date of this filing, MOHELA's counsel has yet to provide any of the requested documents. *Id.*

### III.   LEGAL STANDARD

As the Ninth Circuit reiterated earlier this month, "it is 'well-established' in our case law that discovery is 'presumptively public.'" *Cordero v. Stemilt AG Servs., LLC*, No. 23-3548, 2025 WL 1902292, at *4 (9th Cir. July 10, 2025) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999)). A party that seeks a protective order to rebut this presumption has the burden of demonstrating good cause and must show that specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). The party must demonstrate prejudice "for each particular document it seeks to protect." *Id.* Further, "[w]here a business is the party seeking protection, it [must] show that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Avaya Inc. v. Pearce*, No. 19-cv-00565, 2020 WL 8513514, at *1 (N.D. Cal. Dec. 22, 2020) (quoting *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307–08 (N.D. Cal. 2005). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995)).

## IV. ARGUMENT

### A. MOHELA Has Failed to Demonstrate Good Cause

1. <u>MOHELA bears the burden of establishing that the Challenged Documents are CUI and has failed to do so here.</u>

MOHELA asserts that, although the Challenged Documents are not marked CUI, they "may still constitute CUI" because they are similar to documents that neither the Court nor the Plaintiffs have seen, Motion at 8, and blames Plaintiffs for not seeking the Department's input as to whether they are, in fact, CUI, *id.* at 9. But it is MOHELA's responsibility as an authorized holder to contact the Department if it believes it has received CUI that is unmarked, contains an incorrect designation, or if it wishes to receive authorization to decontrol CUI for public release. 32 C.F.R. § 2002.50(a); *id.* § 2002.18. An authorized holder's responsibility, in partnership with the relevant federal agency, includes notifying the agency when it has a good faith belief of an improper or incorrect designation of CUI or when it has received unmarked CUI. *Id.* § 2002.4(u); *id.* § 2002.50(a). A challenger's duty to notify the agency of its challenge to CUI designation only arises "[i]f the information at issue is involved in Government litigation, or the challenge to its designation or marking as CUI arises as part of the litigation." *Id.* § 2002.50(b).

This dispute is not a part of Government litigation and is not a challenge to the CUI designation of documents. This is a challenge, under the Protective Order, to the confidentiality designation of documents *that are not even marked as CUI*. MOHELA, not Plaintiffs, bears the burden to establish the propriety of confidentiality designations. PO ¶ 6.3; *Louisiana Pacific Corp.*, 285 F.R.D. at 490. If MOHELA had a good faith belief that the Challenged Documents are unmarked CUI that should not be disclosed, it had the responsibility to contact the Department to receive either confirmation or denial of their CUI status. *Id.* § 2002.50(a).

Plaintiffs have received no indication that MOHELA sought such clarification, perhaps because the Challenged Documents clearly fall outside the realm of CUI. MOHELA claims that these unmarked documents fall under the CUI category "student records," which is defined as any "education record which is composed of those records which are directly related to a student." National Archives, Controlled Classified Information, "CUI Category: Student

Records" https://www.archives.gov/cui/registry/category-detail/student-records (last visited July 22, 2025). But the Challenged Documents contain no education records, nor even a single student name. Documents that are "directly related to a student" are very different from emails regarding group discharge instructions. This is perhaps why the Department has not, to the best of Plaintiffs' knowledge, reacted in any way to the filing on the public docket of a similar document, ECF No. 75-1, that MOHELA had designated as confidential. Because MOHELA has given no justification for its belief that the Challenged Documents are CUI, the Court should not treat them as such.

        2.   <u>MOHELA has not demonstrated prejudice as to any Challenged Document.</u>

MOHELA's only argument as to prejudice hinges on the classification of the Challenged Documents as CUI. *See* Motion at 9. Thus, if this Court agrees with Plaintiffs that MOHELA has failed to establish that the Challenged Documents are CUI, MOHELA's Motion must be denied. But even if MOHELA had established that the Challenged Documents were CUI, it would not have carried its burden of demonstrating "specific prejudice" as to "each particular document." *Foltz*, 331 F.3d at 1130. While MOHELA generally asserts that a Court order for the removal of confidentiality designations could violate its "contractual and regulatory obligations" to safeguard CUI and expose it to "penalties and/or sanctions," Motion at 6, it fails to provide any explanation or support for this proposition. And although federal regulations state that agencies should maintain specific written CUI policies with authorized holders, *see* 32 C.F.R. § 2002.4(c), MOHELA has not identified any provision of such an agreement that disclosure of the Challenged Documents would violate, or any prejudice that would follow.

MOHELA does not differentiate between the Challenged Documents at all, assuming that if they are CUI, they are confidential. But relevant authority does not support this assumption. MOHELA cites to a single case, *Moore v. Battelle Energy Alliance, LLC*, No. 21-cv-00230, 2023 WL 1767391 (D. Idaho Feb. 3, 2023), to support its contention that "CUI warrants confidential treatment under a protective order." Motion at 8. But the parties in *Moore* did not dispute whether CUI warranted confidential treatment—they agreed on the need for a protective order

and disagreed only as to its scope. *Id.* at *3. And the court in *Moore* did not discuss CUI with any specificity; indeed, it did not even use the term "controlled unclassified information." Instead, the court ruled, with little elaboration, that "given the parties' showing of good cause based on the possible production of personal information, trade secrets, classified information, unclassified controlled information, and other commercially sensitive information, a blanket protective order should issue identifying two categories of documents: Confidential and Attorney Eyes Only," and that "trade secrets, classified information, unclassified controlled information, or other commercially sensitive information" would fall into the latter category. *Id.* at *5–6.

Further, the defendant in *Moore*, Battelle Energy Alliance, LLC, operates the Idaho National Laboratory in Idaho Falls, Idaho, which is "the nation's lead laboratory for nuclear energy research, development, demonstration and deployment." *See id.* at *2 (principal place of business for purposes of employment litigation was Idaho Falls); Battelle, "National Laboratory Management and Operations," www.battelle.org/laboratory-management (last accessed July 23, 2025). The term "unclassified controlled information"—as opposed to "controlled unclassified information"—appears to be used exclusively by the Department of Energy, and "includes unclassified controlled nuclear information, proprietary information, export controlled information, official use only information, and personally identifiable information." Department of Energy, Office of Inspector General, *Inspection Report: Excessing of Computers Used for Unclassified Controlled Information at the Idaho National Laboratory*, Rep. No. DOE/IG-0757, at 1 (February 2007), available at https://www.energy.gov/sites/default/files/igprod/documents/IG-0757.pdf. Thus, in both procedural posture and content, *Moore* is entirely distinguishable from the case at hand.

Instead of assuming that all CUI is confidential, MOHELA must demonstrate why each Challenged Document deserves that designation. For example, in *United States ex rel. Kelly v. Serco, Inc.*, No. 11-cv-2975, 2014 WL 12675246, at *1 (S.D. Cal. Dec. 22, 2014), the defendant sought to seal exhibits that it contended contained CUI and other sensitive information. Rather than relying on the defendant's bare assertions, the court provided the defendant "an opportunity

8

to offer specific and particularized 'compelling reasons' as to why each exhibit warrant[ed] sealing." *Id.* After examining each exhibit, the defendant's justifications for keeping them private, and the statement of interest filed by the United States in support of the sealing of one exhibit, the court concluded that because some exhibits "contain[ed] competitively sensitive cost and fee information, and dissemination of this cost information could put Defendant at a disadvantage to its competitors," while others "contain sensitive technical information, such as specific tower locations and frequencies, and public dissemination of this information could be used by persons seeking to do harm to the United States," the maintenance of confidentiality and sealing of the exhibits was warranted. *Id.* at *3–4. The fact that some of the information was marked as CUI did not play a role in the court's decision. *See id.*

Distrustful of a future judgment on a motion to unseal, MOHELA has declined to give this Court the opportunity to review the Challenged Documents. Motion at 2 n.1. It has not provided any useful description of them, or any reason why their disclosure might harm either MOHELA or the Department. *See* Fradette Decl. ¶ 11 (assigning broad, general categories). But the Court does not need to review the documents to know that their disclosure could not cause MOHELA or the Department any harm. None contains more detailed information than MOHELA_000015, which MOHELA allowed to be filed on public docket, ECF No. 75-1, and which the Department has not sought to have removed, Eisenbrey Decl. ¶ 16. Because MOHELA has not even attempted to carry its burden of demonstrating "specific prejudice" as to "each particular document," it has failed to establish good cause and its motion must be denied. *Foltz*, 331 F.3d at 1130; *see also Wilbur P.G. v. United States*, No. 21-cv-04457, 2024 WL 735657, at *3 (N.D. Cal. Feb. 22, 2024) ("For virtually every exhibit, Defendant fails to identify the specific prejudice or harm that will result from disclosure, such that [Defendant] fails to show good cause to retain confidentiality.").

**B. The Public Interest in Disclosure Outweighs MOHELA's Privacy Interest**

Because MOHELA has failed to show that particularized harm will result from the disclosure of the Challenged Documents, the Court need not move on to the second part of

*Phillips*'s two-part test. *Phillips*, 307 F.3d at 1211. But were the Court to weigh the public and private interest, the public interest in disclosure would prevail. Contrary to MOHELA's assertion, the first *Glenmede* factor counsels in favor of disclosure: MOHELA did not, and cannot, identify any privacy interest in the generic emails and anonymous processing notes that make up the Challenged Documents. The second factor also favors disclosure: there is no dispute as to the relevance of the Challenged Documents, and Plaintiffs are seeking de-designation to streamline discovery and maintain transparency during this putative class action litigation.

Because, as MOHELA admits, disclosure of the Challenged Documents will not cause a party embarrassment, Motion at 11, the third *Glenmede* factor weighs in favor of disclosure. Because confidentiality is not being sought of information important to public health and safety, the fourth factor is "either neutral or weigh[s] against" confidentiality. *Shingara v. Skiles*, 420 F.3d 301, 308 (3d Cir. 2005). To the extent that Plaintiffs already have access to the Challenged Documents, the fifth "is not a consideration . . . This factor is neutral." *Petconnect Rescue, Inc. v. Salinas*, No. 20-cv-00527, 2021 WL 308335, at *3 (S.D. Cal. Jan. 29, 2021).

The sixth and seventh factors plainly weigh in favor of disclosure. MOHELA, the party benefiting from the order of confidentiality, is a quasi-state agency, and its meetings are required by state law to be open to the public. *Walker v. Higher Educ. Loan Auth. of the State of Missouri*, No. 21-cv-00879, 2024 WL 3568576, at *6 (E.D. Cal. July 26, 2024). It is therefore a public entity for purposes of this *Glenmede* factor. And because, as discussed *supra* Part IV.A, MOHELA has failed to establish that any prejudice would befall the Department if the Challenged Documents were disclosed, there is no countervailing benefit to the public from preserving confidentiality. Finally, as MOHELA recognizes, this "student-loan relief case" involves issues important to the public. Motion at 10. The federal student loans system serves more than 40 million borrowers carrying over $1.6 trillion in debt. At least eight million of those borrowers have their loans serviced by MOHELA. MOHELA, "Missouri Contributions," https://www.mohela.com/DL/resourceCenter/MissouriContributions.aspx (last visited July 23, 2025). The public has a right to know how MOHELA is servicing those loans on behalf of the

Department.

**V.     CONCLUSION**

For the forgoing reasons, Plaintiffs ask this Court to deny MOHELA's Motion and designate the Challenged Documents.

Dated: July 25, 2025

By: _____

PROJECT ON PREDATORY STUDENT LENDING
Rebecca C. Eisenbrey
Noah Zinner
Rebecca C. Ellis

KEMNITZER, BARRON & KRIEG, LLP
Malachi J. Haswell
Adam J. McNeile

JUBILEE LEGAL
Daniel "Sparky" Abraham

*Attorneys for Plaintiffs and the Proposed Class*