1   PROJECT ON PREDATORY STUDENT LENDING
    REBECCA C. EISENBREY        Admitted *pro hac vice*
2   NOAH ZINNER                 Bar No. 247581
    REBECCA C. ELLIS            Admitted *pro hac vice*
3   769 Centre St.
    Jamaica Plain, MA  02130
4   Telephone:  (617) 390-2669
    nzinner@ppsl.org
5
    JUBILEE LEGAL
6   DANIEL "SPARKY" ABRAHAM    Bar No. 299193
    300 E. Esplanade Dr., Ste. 900
7   Oxnard, CA  93036
    Telephone:  (805) 946-0386
8   sparky@jubilee.legal
9   KEMNITZER, BARRON & KRIEG, LLP
    ADAM J. MCNEILE            Bar No. 280296
10  MALACHI J. HASWELL         Bar No. 307729
    1120 Mar West St., Ste. C2
11  Tiburon, CA  94920
    Telephone:  (415) 632-1900
12  adam@kbklegal.com
    kai@kbklegal.com
13
    Attorneys for Plaintiffs and the Proposed Class
14

15

16                       UNITED STATES DISTRICT COURT
17            FOR THE NORTHERN DISTRICT OF CALIFORNIA
18

19  JAIME MALDONADO, ANNA VARELA,        **Case No. 3:24-cv-07850-VC**
    ALMA GARY, and JEFF PLAMONDON,
20  individually and on behalf of all others   **DECLARATION OF REBECCA**
    similarly situated,                        **EISENBREY IN SUPPORT OF**
21                                             **PLAINTIFFS' RESPONSE IN OPPOSITION**
                        Plaintiffs,            **TO DEFENDANT'S MOTION TO**
22                                             **MAINTAIN CONFIDENTIALITY**
         vs.
23                                             Date: August 28, 2025
    HIGHER EDUCATION LOAN                      Time: 1:00 p.m.
24  AUTHORITY OF THE STATE OF                  Courtroom F, 15th Floor
    MISSOURI, and DOES 1-30,                   Hon. Peter H. Kang
25
                        Defendants.            Assigned to Hon. Vince Chhabria
26
                                               Referred for Discovery to Magistrate Judge Peter
27  _____/       H. Kang
28

I, Rebecca Eisenbrey, declare as follows:

1.      I am a Senior Attorney at the Project on Predatory Student Lending (PPSL), one of the counsel for Plaintiffs in this action.

2.      I am a member in good standing of the bar of the Commonwealth of Massachusetts and the bar of the State of Texas and have been admitted to practice *pro hac vice* in this action.

3.      The following is based on my personal knowledge. If called to testify as to the below facts, I could and would do so competently.

4.      Plaintiffs served their first set of requests for production, consisting of two requests, on February 27, 2025. A true and correct copy of the requests was attached to MOHELA's Motion to Maintain Confidentiality ("Motion") as Exhibit A to the Declaration of Jacquelyn Fradette ("Fradette Declaration"), ECF No. 74-2. After the conclusion of the Rule 26(f) conference on March 26, 2025, the Parties agreed that MOHELA's responses would be due on April 25.

5.      MOHELA served its responses and objections on April 25. A true and correct copy of the responses is attached as **Exhibit A**. MOHELA did not produce any documents. The responses and objections did not mention controlled unclassified information ("CUI").

6.      On May 9, MOHELA produced 36 documents, of which 16 were merely notices of nonproduction. On May 20 MOHELA produced another 15 documents. Every document, including the notices of nonproduction and a change request that MOHELA had filed on the public docket as an exhibit to its Motion to Dismiss, was marked as confidential.

7.      On May 22, I sent counsel for MOHELA a meet and confer letter addressing a number of deficiencies with their responses and productions. A true and correct copy of the May 22 letter is attached as **Exhibit B**. The letter included challenges to the confidentiality designation of all documents that did not include personally identifiable information ("PII"). On May 28, I sent another letter offering details as to each confidentiality challenge. A true and correct copy of the May 28 letter was attached to the Motion as Exhibit B to the Fradette Declaration, ECF No. 74-3.

8.      MOHELA made a third document production on June 4. Of the 13 documents produced, nine had already been filed on the public docket in this case and were not marked confidential; the other four, including a document in which all PII had been redacted, were marked confidential.

9.      Counsel for the Parties met and conferred regarding MOHELA's discovery responses on June 10, 2025. At that meeting, I reiterated that marking every document as confidential was inconsistent with the Protective Order in this case and asked whether MOHELA was using any standard to guide its confidentiality designations. MOHELA's counsel identified "four buckets" of information: (1) everything that had been publicly filed, which MOHELA would de-designate; (2) documents containing named plaintiff PII, which undersigned counsel proposed producing as confidential with the understanding that either Party could redact and use as though it had been de-designated; (3) Excel files consisting of "group files" transmitting by the Department, which contain PII and could be difficult to redact; and (4) communications with the Department. As to this final category, MOHELA's counsel stated that there may have been "an expectation of privacy" on the part of the Department that they needed to consider, and promised to have a decision regarding de-designation within a few days. MOHELA's counsel did not mention CUI during this meeting.

10.     During the June 10 meeting, I challenged the confidentiality of three documents that were produced on June 4, and I followed up after the meeting with a formal challenge. A true and correct copy of the June 10 email was attached to the Motion as Exhibit C to the Fradette Declaration, ECF No. 74-4.

11.     On June 18, 2025, counsel for the Parties again met and conferred regarding Plaintiffs' confidentiality challenges. I explained that I wanted to avoid setting a precedent that would allow MOHELA to designate its entire production as confidential and place the burden of de-designation on Plaintiffs, and again asked MOHELA's counsel for a justification for confidentiality designations that were not related to PII. Counsel for MOHELA's responded that

they would continue to review MOHELA's productions to determine whether further documents could be de-designated. After this meeting ended, I agreed to withdraw Plaintiffs' confidentiality challenges to allow MOHELA to provide an update on its designations. A true and correct copy of my June 18 email was attached to the Motion as Exhibit D to the Fradette Declaration, ECF No. 74-5.

12.    On June 25, 2025, MOHELA sent its update to confidentiality designations. A true and correct copy of that update was attached to the Motion as Exhibit E to the Fradette Declaration, ECF No. 74-6.

13.    . It de-designated the two documents that had already been filed on the public docket in this case and the 16 notices of nonproduction. MOHELA maintained the confidentiality of all other documents, citing, for the first time, the documents' potential status as CUI.

14.    On June 27, 2025, I sent a letter renewing Plaintiffs' challenges to the confidentiality of all documents that do not contain PII (the "Challenged Documents"). A true and correct copy of the June 27 letter was attached to the Motion as Exhibit F to the Fradette Declaration, ECF No. 74-7.

15.    The Challenged Documents include:

- 10 emails from the Department or email exchanges between the Department and MOHELA;

- five pdfs of Excel files with servicer questions and answers about the Group Discharge process;

- a screenshot of discharge instructions for an anonymous borrower, who I was able to identify as Plaintiff Anna Varela only based on the loan discharge amount;

- a processing note discussing the loan discharge for anonymous borrower, who I was able to identify as Plaintiff Jaime Maldonado only based on the loan discharge amount;

- a fully redacted excerpt from a group file;

- a discharge processing flowchart; and

- a screenshot of an "Outstanding Amount Balance History" for an anonymous,

still unidentified borrower.

None of the Challenged Documents contains sensitive business information, PII, or even borrower names; all of the challenged emails contain significantly less detail than the exchange that MOHELA allowed to be filed on the public docket, ECF No. 75-1.

16.    On July 9, 2025, shortly before MOHELA filed its Motion, the Parties again met and conferred on confidentiality and other issues. We discussed CUI and MOHELA's position that, although they lack CUI markings, documents may be CUI if they are similar to documents that are marked CUI. I asked to review examples of documents that were marked CUI, MOHELA's CUI agreement with the Department, and/or any CUI guidance issued by the Department to MOHELA. I reiterated this request during another call about discovery issues held on July 22. MOHELA's counsel has yet to provide any of the requested documents.

17.    Since Plaintiffs filed MOHELA_0000015 on the public docket as ECF No. 75-1 on July 17, 2025, we have not been contacted by the Department or asked to strike the filing. MOHELA's counsel has not informed me that the Department has reached out to MOHELA with such a request.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration is executed on July 23, 2025, at Boston, Massachusetts.

Dated: July 25, 2025

_____
Rebecca Eisenbrey