# Exhibit A



The Project on Predatory Student Lending

769 Centre St, Boston, MA 02130

www.ppsl.org

May 22, 2025

Sheila A.G. Armbrust
Laura Herrera
Tony Mekari
SIDLEY AUSTIN LLP
555 California Street Suite 2000
San Francisco, CA 94104
sarmbrust@sidley.com
laura.herrera@sidley.com

Amy P. Lally
SIDLEY AUSTIN LLP
1999 Avenue of the Stars 17th Floor
Los Angeles, CA 90067
alally@sidley.com

Dear Counsel:

On February 27, 2025, Plaintiffs served their first set of requests for production on MOHELA. After the Parties concluded their Rule 26(f) conference on March 26, 2025, we agreed that MOHELA's responses and objections would be due on April 25. On May 9, MOHELA produced 36 documents, of which 16 were merely notices of nonproduction. On May 20 MOHELA produced another 15 documents. This letter outlines the deficiencies in Defendant's production and requests immediate supplementation.

## I. Plaintiffs' Requests

Plaintiffs made two requests:

RFP 1: All documents concerning the U.S. Department of Education's instructions to MOHELA related to Group Discharge, including but not limited to the Student Loan Servicing of accounts affected by Group Discharge.

RFP 2: All communication between the U.S. Department of Education and MOHELA related to Group Discharge, including but not limited to the Student Loan Servicing of accounts affected by Group Discharge.

After MOHELA objected that these requests were vague and ambiguous, Plaintiffs clarified the requests during an online Meet and Confer meeting on May 7, 2025.

As to RFP 1, we clarified that the request sought, "All documents concerning the U.S. Department of Education's instructions to MOHELA related to Group Discharge, including but not limited to **instructions concerning** the Student Loan Servicing of accounts affected by Group Discharge," and explained that the word "instructions" meant "directions" or "outlines or manuals of procedures," as is consistent with its dictionary definition. *See* "Instruction," Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/instruction. We also provided examples of responsive documents, including all change requests related to Group Discharge, contract amendments or addenda related to Group Discharges, and "do not bill" lists and group files sent to all servicers, along with associated instructions. You indicated that you understood the request as clarified and would produce responsive documents.

As to RFP 2, we clarified that the request sought, "All communication between the U.S. Department of Education and MOHELA related to Group Discharge, including but not limited to **instructions concerning** the Student Loan Servicing of accounts affected by Group Discharge," and explained that this included all written correspondence between the Department and MOHELA regarding the Group Discharge notices and any of the documents responsive to RFP 1, as well as all records of meetings or phone calls regarding same. Again, you indicated that you understood the request as clarified and would produce responsive documents.

## II.     MOHELA's Production

MOHELA has produced 51 documents in response to Plaintiffs' two RFPs. These include: five pdfs of excerpts of unidentified Excel spreadsheets; four loan histories; one change request; five undated Excel files showing servicer questions and servicer responses; 11 emails from FSA, or email exchanges between MOHELA and FSA, and one discharge correction; five internal servicing records; one screenshot of Plaintiff Maldonado's servicer history; one "activity report" showing Plaintiff Maldonado's attempts to contact MOHELA; one letter from MOHELA to Plaintiff Maldonado; and 16 documents stating that files are being withheld. Every document produced was marked as confidential. Not produced in discovery, but attached to various filings in this case, are nine additional responsive documents. None of these was filed under seal.

## III.     Plaintiffs' Requests for Supplemental Production

For the reasons described below, MOHELA's initial production is severely lacking.

A.  Improper Confidentiality Designations

The protective order in this case requires a producing party to "take care to limit any [confidentiality] designation to specific material that qualifies under the appropriate standards." ECF No. 39-1 at 4. Defendants have not offered any justification for the confidentiality designations on

documents that contain no class member PII. The emails designated as confidential do not include any proprietary or even general business information, and all include third parties. The designation of certain documents as confidential is clearly inappropriate: for example, MOHELA_000007 was designated confidential, despite being identical to the unredacted exhibit attached to MOHELA's motion for judgment on the pleadings, MOHELA_000054 and 55 were designated as confidential despite containing no names, loan numbers, or any other potentially identifying information; and MOHELA_000024, 26, 28, 30, 32–39 and 39–44 were designated as confidential despite containing only the name of a file that was not produced.

Plaintiffs hereby challenge the confidentiality designations of all documents other than MOHELA_000001, 02, 05, 06, 45, 46, 47, 48, 50, 53, 56, 57, 64, and 66. For these 14 documents, Plaintiffs request that, consistent with the protective order, MOHELA produce non-confidential versions with the Plaintiffs' Social Security numbers, dates of birth, and any sensitive financial information redacted. *See* ECF No. 39-1 at 4–5 ("The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order."). To the extent that MOHELA asserts that it properly designated any of these documents as confidential, please provide your legal justification so that we can consider it.

B. <u>Improper Withholding</u>

MOHELA withheld 16 files transmitted by the Department of Education on the grounds that the files are "non-responsive and contain[] information, including personally identifiable information, that cannot yet be confirmed to relate to putative class members." MOHELA_000024, 26, 28, 30, 32–39 and 39–44. The assertion that the withheld files are "non-responsive" is patently false: all are group files that were specifically requested in RFP 1, as clarified at the May 7 Meet and Confer. As to the assertion that the withheld files contain information, including PII, "that cannot yet be confirmed to relate to putative class members," this is not a proper ground for withholding. The protective order in this case governs any PII, and we are happy to arrange for secure transfer of the files. And only by seeing the files can Plaintiffs determine whether, as MOHELA has repeatedly asserted without evidentiary support, no loans associated with Plaintiffs Gary and Plamondon and other putative class members were flagged for discharge. Please produce all withheld files.

If the documents produced as MOHELA_000001, 02, 05, 06, and 53 were excerpted from a withheld file or files, please identify which file(s). If they were excerpted from other files that have not yet been produced, please produce those files.

Finally, at least one email exchange (MOHELA_000021) was produced without embedded images, including screenshots. Please re-produce email exchanges with all images visible

∠
∠

C. <u>Documents not Produced</u>

   *1. RFP 1*

MOHELA only produced one change request, CR 6346 (MOHELA_000007). If no other change requests or related guidance or instructions that relate to the Group Discharges were issued, please state as much. If other change requests were issued, please produce them in response to RFP 1.

MOHELA did not produce any modifications or amendments to the DL Contract or the USDS Contract, but one modification (P00091) to the DL Contract and three amendments to the USDS Contract were filed as attachments to MOHELA's notice of removal, motion to dismiss, and/or motion for judgment on the pleadings. *See* ECF No. 1-8, ECF No. 21-8, ECF No. 54-9 (P00091); ECF No. 21-6, ECF No. 54-6 (Attachment 01 to the USDS Contract, Version: 2.8.0); ECF No. 21-7, ECF No. 54-7 (Attachment 01 to the USDS Contract, Version: 2.8.1); ECF No. 54-7 (Attachment 01 to the USDS Contract, Version: 3.0.0). If no other modifications or amendments to the DL Contract or the USDS Contract that relate to the Group Discharges were made, please state as much. If other relevant modifications or amendments were made, please produce them in response to RFP 1.

Additionally, each version of Attachment 01 to the USDS Contract lists the following "instructions surrounding borrower defense":

- "23018_Adhoc Instructions V24"
- "23018_Appr_Examples V6"
- "23018_Appr_QuestionsResponse V16"
- "23018_ApprovalRequestResponse V3"
- "23018_Servicer Ineligible Instructions V7b"
- "23018_Servicer Letter_01_BD Discharge Notice_Above 0_approved_021220"
- "23018_Servicer Letter_02_BD Discharge Notice_Equal to 0_approve_022120"
- "23018_ServicerLetter_04_BDApprovedNoLoans_ReceivedInterestCredit_approved_042020"
- "23018_Servicer Letter_05_SPC1_Specialv2"
- "23018_Servicer Letter_06_SPC2_SPC3_020922"

*See, e.g.*, ECF No. 54-7 at 164. These instructions are responsive to RFP 1. Please produce them.

MOHELA also did not produce the "do not bill" lists that Plaintiffs understand were sent to MOHELA identifying borrowers affected by the Group Discharges who were to be placed into borrower defense administrative forbearance pending discharge. Please produce them.

The 16 withheld files were all transmitted in June 2024 or later. The first Group Discharge was announced in 2022. Please produce all group files transmitted by the Department from January 1, 2022, to the present.

2. RFP 2

MOHELA produced 11 emails or email exchanges, of which six merely transmitted the improperly withheld group files. We cannot believe that this is the full universe of communications responsive to RFP 2. To ensure that all responsive communications are found and produced, we propose that MOHELA perform an initial search using the following search terms for all relevant custodians, including but not limited to Jennifer Farmer, Craig Tyler, grp.FC-Contracting (grp.FC-Contracting@MOHELA.com), and grp.BDDischarges (grp.BDDischarges@mohela.com), for all emails sent to or from an @ed.gov email address after January 1, 2022:

- "CR 6346"
- ("change request" or "CR") & ("group discharge" or "borrower defense")
- ("group discharge" or "borrower defense discharge" or "BD discharge") & ("instructions" or "directions" or "process" or "guidance")
- "group" & ("Marinello" or "CCI" or "Corinthian" or "ITT" or "Westwood" or "CollegeAmerica" or "Art Institutes" or "AI")
- ("group discharge" or "borrower defense" or "BD") & ("forbearance" or "repayment")
- ("group discharge" or "borrower defense" or "BD") & "do not bill"
- ("group discharge" or "borrower defense" or "BD") & "refund"

Additionally, CR 6346 states: "If the servicer is unable to process the discharge within the 15 business days, the servicer must notify FSA in advance of the 15 business days of the cause for delay and justification that supports the requested extension period. The servicer must get approval from FSA for extending the time period." ECF No. 54-10 ¶ 5.1. Any requests for extensions of time and any associated approvals are responsive to RFP 2. Please produce them.

MOHELA_000005 and 06 appear to be excerpted from "response files" sent by MOHELA to the Department, confirming the processing of Group Discharges for Plaintiffs Maldonado and Varela. Please produce all such files, in their entirety, and all associated emails.

MOHELA_000048 is a correction sent from FSA to MOHELA regarding Plaintiff Varela's borrower defense discharge task. Please produce any other communications regarding this correction and any other corrections related to, at minimum, the named plaintiffs, along with relevant communications.

MOHELA did not produce any recordings of phone calls or meetings with the Department about the Group Discharges, or any notes from same. If no such recordings or notes exist, please state as much. If they do exist, please produce them.

  Please respond to this letter no later than Thursday, May 29, so that we can expediently move forward with discovery under Judge Chhabria instructions and Judge Kang's standing order. We are available to meet and confer regarding this letter and your response at your earliest convenience.

Respectfully,

Rebecca Eisenbrey
Project on Predatory Student Lending
769 Centre Street
Jamaica Plain, MA 02130