# Exhibit B

Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Laura V. Herrera (SBN 343929)
laura.herrera@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9662

*Attorneys for Defendant*
*Higher Education Loan Authority*
*of the State of Missouri*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JAIME MALDONADO, ANNA VARELA, ALMA GARY, and JEFF PLAMONDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, and DOES 1-30,<br><br>Defendants. | Case No. 3:24-CV-07850 VC<br><br>Assigned to Hon. Vince Chhabria<br><br>**DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Complaint filed: September 4, 2024<br><br>Date Propounded: February 27, 2025<br><br>Response Date: April 25, 2025 |

**PROPOUNDING PARTY:** JAIME MALDONADO, ANNA VARELA, ALMA GARY, and JEFF PLAMONDON

**RESPONDING PARTY:** HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI

**SET NO.:** ONE

Pursuant to the Federal Rules of Civil Procedure, Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA") hereby provides the following objections and responses to Plaintiffs' Jaime Maldonado, Anna Varela, Alma Gary, and Jeff Plamondon's (collectively, "Plaintiffs") Requests for Production, Set One (the "Request" collectively, and each "Request" individually). Defendant reserves the right to supplement or amend these responses and objections as necessary in accordance with the Federal Rules of Civil Procedure and any Local Rules or orders of this Court.

## PRELIMINARY STATEMENT

MOHELA responds to Plaintiffs' Requests subject to the accompanying general and specific objections. As a case-dispositive motion for judgment on the pleadings (the "Motion") is forthcoming, it is premature for Plaintiffs to conduct extensive and costly discovery where the Court may entirely dismiss or narrow the scope of Plaintiffs' claims for the reasons set forth in MOHELA's Motion, to be filed on or about May 9, 2025, the scheduled date for the Parties' Initial Case Management Conference. Subject to the following general and specific objections and the protective order on file in this action, MOHELA will produce documents in its possession, custody, or control, pertaining to MOHELA's servicing activities with respect to the putative class Plaintiffs' federal student loans originated for attendance at one or more of the following institutions: Marinello Schools of Beauty, Corinthian Colleges, Inc., ITT Technical Institute, Westwood College, The Art Institutes, and Colorado-based locations of CollegeAmerica (collectively, the "Institutions"). If the Action proceeds notwithstanding MOHELA's Motion, MOHELA anticipates conducting further searches for additional responsive documents. The following responses and objections and future production are made without prejudice to MOHELA's right to amend these responses based on newly-discovered information or to produce additional documents or evidence of any subsequently-discovered facts or documents that MOHELA may find during further searches.

## GENERAL OBJECTIONS

1. The following general objections ("General Objections") apply and are expressly incorporated into each of the individual Requests. The assertion of the same, similar, or

additional objections or the provision of partial answers in the individual responses to each of the Requests does not waive any of the General Objections.

2.  MOHELA objects to the Requests as premature as set forth in the Preliminary Statement because Plaintiffs failed to join a necessary party whose joinder is not feasible.

3.  MOHELA objects to the Requests to the extent they seek information that is within the possession, custody, or control of, or that is equally or more available to Plaintiffs.

4.  MOHELA objects to the Requests to the extent they seek information or documents that are not relevant, proportional to the needs of this action, or reasonably calculated to lead to the discovery of admissible evidence. MOHELA further objects to the Requests and each Request therein to the extent that they are overbroad and unduly burdensome.

5.  MOHELA objects to the Requests, and will not produce information in response thereto, to the extent they seek information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine, or is otherwise protected by law from disclosure. MOHELA intends to and does claim all applicable privileges and protections with respect to all such information, and inadvertent disclosure shall not be deemed a waiver of any such privilege or protection. Any inadvertent production of privileged materials, or of any other materials otherwise protected from disclosure, shall not constitute a waiver of any claim of privilege or exemption from production, and MOHELA reserves the right to claw back any such documents.

6.  MOHELA objects to the Requests to the extent they purport to impose obligations beyond those set forth under applicable law or rule.

7.  MOHELA objects to the Requests to the extent that they seek the production of documents constituting confidential, proprietary, or private information, or information which MOHELA is legally obligated not to disclose. Any production of documents constituting or containing confidential, proprietary, or private information, or information containing personal identifying information, which MOHELA may disclose in response to these Requests are subject to the protective order on file in this action.

8. MOHELA objects to the Requests to the extent they seek to require MOHELA to search for or provide documents and information in the possession, custody, or control of persons or entities other than MOHELA. MOHELA is not under any obligation to search for or provide information not in MOHELA's possession, custody, or control, and does not take on a responsibility to do so.

9. The objection, failure to object, or an agreement to produce responsive documents or information does not constitute a representation by MOHELA that any information or documents responsive to the Requests exist or are within its possession, custody or control. No incidental or implied admissions are intended by any objection herein. MOHELA's objections shall not be deemed an admission that MOHELA accepts or admits the existence of any facts set forth or assumed by such Request, that MOHELA accepts or admits the propriety of the Request, or that such objection constitutes admissible evidence.

10. By agreeing to search for documents, MOHELA does not concede that any Request seeks information that is relevant to a claim or defense, nor that it seeks information that is reasonably calculated to lead to the discovery of admissible evidence.

11. MOHELA's responses to the Requests are based on its current knowledge, information, and belief. MOHELA reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein at any time.

12. MOHELA objects to the use of these responses in any proceeding other than the above-captioned action or for any other purpose.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. MOHELA objects to the Request's Instructions to the extent they impose obligations and duties on MOHELA greater or different than those imposed under applicable law or rule.

2. MOHELA objects to the definition of "Group Discharge" as vague and ambiguous because it fails to describe with reasonable particularity the contents of announcements from the U.S. Department of Education (the "Department") and because it improperly implies discharges occur at a group level rather than individually. MOHELA further

objects to this definition on the basis that it calls for a legal conclusion as to whether the Department's announcements, or communications Plaintiffs allegedly received from the Department, that certain federal student loans were eligible for discharge at some unspecified time in the future constitute a discharge of Plaintiffs' federal student loans. Subject to and without waiving the foregoing objections, MOHELA interprets "Group Discharge" to mean announcements the Department issued between 2022 and 2024 stating that certain federal student loans originated for attendance at one or more of the Institutions were eligible for discharge at some unspecified future time.

3. MOHELA objects to the definition of "Student Loan Servicing" as overbroad, vague, and ambiguous. Subject to and without waiving the foregoing objections, MOHELA interprets "Student Loan Servicing" to mean MOHELA's obligations to the Department to service Plaintiffs' federal student loans for attendance at the Institutions under the Department's Direct Loan Servicing Contract and the United States Department of Education Servicing Contract.

## RESPONSES AND OBJECTIONS TO REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents concerning the U.S. Department of Education's instructions to MOHELA related to Group Discharge, including but not limited to the Student Loan Servicing of accounts affected by Group Discharge.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

MOHELA objects to this Request on the ground that it is vague and ambiguous, as it is unintelligible as to whether it seeks documents concerning "the U.S. Department of Education's instructions to MOHELA," documents concerning "Student Loan Servicing of accounts," or both. "Student Loan Servicing of accounts affected by Group Discharge" is not a subcategory of "documents concerning the U.S. Department of Education's instructions to MOHELA related to Group Discharge."

To the extent Plaintiffs' Request seeks documents concerning both the Department's "instructions" and "Student Loan Servicing of accounts," the request is compound, overbroad,

disproportional to the needs of the action, and unduly burdensome because such a broad request essentially seeks every document in MOHELA's possession concerning accounts associated with Group Discharge, without any limitation as to relevant substance or time period. As such, MOHELA further objects on the ground that the Request seeks documents that are not relevant to this action. MOHELA also objects on the grounds that this Request is overbroad and seeks documents that are not relevant to this action because the proposed class is limited to California residents yet this Request seeks documents regardless of borrowers' residency. Thus, this Request is not described with reasonable particularity, and further objection is made on this ground.

MOHELA further objects on the ground that the term "instructions" is vague and ambiguous as presented. Moreover, MOHELA objects on the ground that this request improperly implies and calls for a legal conclusion as to whether the Group Discharge notice "affected" any of Plaintiffs' accounts MOHELA serviced.

MOHELA further objects that given the absence of a party who is necessary to this action, discovery is not appropriate at this time.

MOHELA additionally objects on the grounds that the scope of this Request encompasses documents protected by the attorney-client privilege and attorney work-production doctrine. MOHELA also objects to this Request because it seeks the production of documents constituting confidential, proprietary, or private information, or information which MOHELA is legally obligated not to disclose. Any production of documents constituting or containing confidential, proprietary, or private information, or information containing personal identifying information, which MOHELA may disclose in response to this Request are subject to the protective order on file in this action.

Subject to and without waiving the foregoing General and specific objections, MOHELA will produce the following non-privileged, responsive documents that are proportional to the needs of the action within a reasonable time: documents and communications relating to MOHELA's contractual obligations regarding the processing of Group Discharge approvals for the named members of the putative class: Plaintiffs Maldonado, Varela, Gary, and Plamondon.

This response is based on MOHELA's current knowledge, information, and belief. MOHELA reserves the right to supplement, clarify, revise, or correct these responses and objections at any time.

MOHELA is agreeable to meeting and conferring regarding the appropriate and relevant scope of any further productions of responsive, non-privileged documents relevant to the claims and defenses at issue in the litigation, to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 2:**

All communication between the U.S. Department of Education and MOHELA related to Group Discharge, including but not limited to the Student Loan Servicing of accounts affected by Group Discharge.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

MOHELA objects to Request No. 2 on the basis that it is cumulative and duplicative of Request No. 1 to the extent that "all communication between the U.S. Department of Education and MOHELA related to Group Discharge" constitutes a subset of "[a]ll documents concerning the U.S. Department of Education's instructions to MOHELA related to Group Discharge." MOHELA further objects to this Request on the ground that it is vague and ambiguous, as it is unintelligible as to whether it seeks documents concerning "communications between the U.S. Department of Education and MOHELA," documents concerning "Student Loan Servicing of accounts," or both. "Student Loan Servicing of accounts affected by Group Discharge" is not a subcategory of "communication between the U.S. Department of Education and MOHELA related to Group Discharge."

To the extent Plaintiffs seek documents concerning both communications between the Department and MOHELA and "Student Loan Servicing of accounts," the Request is compound, overbroad, disproportional to the needs of the action, and unduly burdensome because such a broad Request essentially seeks every document in MOHELA's possession concerning accounts associated with Group Discharge, without any limitation as to relevant substance or time period. As such, MOHELA further objects on the ground it seeks documents that are not relevant to this action. MOHELA also objects on the grounds that this Request is overbroad and seeks

documents that are not relevant to this action because the proposed class is limited to California residents yet this Request seeks documents regardless of borrowers' residency. Thus, this Request is not described with reasonable particularity, and further objection is made on this ground.

MOHELA also objects on the grounds that "communication" is vague and ambiguous, as it does not describe the form or forms of communication sought. Moreover, MOHELA objects on the grounds that this Request calls for a legal conclusion because it improperly implies the Group Discharge notice "affected" any of Plaintiffs' accounts MOHELA serviced. MOHELA further objects that given the absence of a party who is necessary to this action, discovery is not appropriate at this time.

MOHELA additionally objects on the grounds that the scope of this Request encompasses documents protected by the attorney-client privilege and attorney work-production doctrine. MOHELA also objects to this Request because it seeks the production of documents constituting confidential, proprietary, or private information, or information which MOHELA is legally obligated not to disclose. Any production of documents constituting or containing confidential, proprietary, or private information, or information containing personal identifying information, which MOHELA may disclose in response to this Request are subject to the protective order on file in this action.

Subject to and without waiving the foregoing General and specific objections, MOHELA will produce the following non-privileged, responsive documents that are proportional to the needs of the action within a reasonable time: communications constituting or concerning Group Discharge approvals issued by the Department to MOHELA, expressly directing MOHELA to discharge certain loans associated with one or more of the Institutions for the named members of the putative class (Plaintiffs Maldonado, Varela, Gary, and Plamondon), to the extent such documents exist. This response is based on MOHELA's current knowledge, information, and belief. MOHELA reserves the right to supplement, clarify, revise, or correct these responses and objections at any time.

MOHELA is agreeable to meeting and conferring regarding the appropriate and relevant scope of any further productions of responsive, non-privileged documents relevant to the claims and defenses at issue in the litigation, to the extent such documents exist.

Date: April 25, 2025　　　　　　　　　　　SIDLEY AUSTIN LLP

By: */s/ Sheila A.G. Armbrust*
Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Laura V. Herrera (SBN 343929)
laura.herrera@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: +1 310 595 9662

*Attorneys for Defendant*
*Higher Education Loan Authority of the State of Missouri*

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 California Street, Suite 2000, San Francisco, California 94104.

On April 25, 2025, I served via email the following document(s), concurrently with this Certificate of Service, described as:

**DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

on the parties to this action below by:

☒  (VIA E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed below.

| | |
|---|---|
| Noah Zinner<br>Bay Area Legal Aid<br>1735 Telegraph Ave.<br>Oakland, CA 94612<br>510-250-5266<br>Email: nzinner@ppsl.org | Adam J. McNeile<br>Malachi Haswell<br>Kemnitzer, Barron & Krieg LLP<br>1120 Mar West St.<br>Ste. C2<br>Tiburon, CA 94920<br>415-632-1979<br>Emails:<br>adam@kbklegal.com<br>kai@kbklegal.com |
| Daniel David McDonough Abraham<br>Jubilee Legal<br>300 E Esplanade Dr.<br>Ste 900<br>Oxnard, CA 93036<br>805-946-0386<br>Email: sparky@jubilee.legal | Rebecca Clare Eisenbrey<br>Rebecca C. Ellis<br>Project on Predatory Student Lending<br>769 Centre Street<br>Jamaica Plain, MA 02130<br>617-322-2808<br>Emails:<br>reisenbrey@ppsl.org<br>rellis@ppsl.org |

I declare under penalty of perjury under that the foregoing is true and correct.

Executed on April 25, 2025 at Half Moon Bay, California.

_____
Jennifer Hiwa