Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Tony S. Mekari (SBN 347057)
tony.mekari@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200

Anna Tutundjian (SBN 309969)
atutundjian@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9662

Jacquelyn Fradette (*pro hac vice*)
jfradette@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8822

*Attorneys for Defendant*
*Higher Education Loan Authority of the*
*State of Missouri*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAIME MALDONADO, ANNA VARELA, ALMA GARY, and JEFF PLAMONDON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, and DOES 1-30,<br><br>Defendants. | Case No. 3:24-CV-07850 VC<br><br>Assigned to Hon. Vince Chhabria<br><br>Referred for Discovery to Hon. Peter Kang<br><br>**DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY**<br><br>Date: August 28, 2025<br>Time: 1:00 p.m.<br>Location: Courtroom F, 15th Floor<br><br>Case Removed: November 8, 2024<br><br>(Superior Court of California for the County of Alameda, Case No. 24CV090146) |

## I. INTRODUCTION

MOHELA seeks to maintain the confidentiality of certain documents produced in discovery, which Plaintiffs have challenged. Plaintiffs' opposition fails to demonstrate that MOHELA's confidentiality designations are improper or that the public interest outweighs the significant privacy concerns at stake. The challenged documents consist primarily of sensitive communications with the Department's Office of Federal Student Aid ("Department") and related information that may constitute Controlled Unclassified Information ("CUI") under federal regulations.

Plaintiffs' opposition concedes that: (1) MOHELA, as an authorized holder of the Challenged Documents, has an obligation to maintain their confidentiality; (2) only the Department may determine which documents and information constitute CUI, not the recipient or authorized holder; and (3) MOHELA could face penalties and/or sanctions for improper disclosure. It is clear that on one side of the scale, the broad release of CUI would result in particularized harm because: (1) the Department has an interest in the treatment of its CUI material; and (2) MOHELA has contractual and regulatory obligations to safeguard material that is or may constitute CUI, and noncompliance may result in penalties and/or sanctions. On the other side of the scale, Plaintiffs still have not articulated any valid reason for challenging confidentiality. Plaintiffs' challenge of the documents' confidential status has not arisen because they want to use them in connection with some imminent filing, such as a motion. Unlike materials filed in support of a motion, in this posture, there is no public interest to consider as the public has no generalized right to all documents produced in discovery.

Because MOHELA's interest in protecting the confidentiality of those materials significantly outweighs any public interest, MOHELA respectfully requests the Court grant its Motion to Maintain Confidentiality.

## II. ARGUMENT

### A. MOHELA Has Demonstrated Good Cause

#### 1. Only the Department Can Determine Whether the Challenged Documents are CUI

Plaintiffs argue that MOHELA has failed to meet its burden of establishing that the

1

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY, CASE NO. 3:24-CV-07850 VC

Challenged Documents are CUI. Not so. As a threshold matter, only the Department can resolve whether particular information is CUI, and only it has the authority to decontrol CUI-protected information. *See* §§ 2002.18, 2002.20(a)(4). Where CUI is challenged in litigation, the Regulation provides that challengers should notify the agency of its challenge, *id*. § 2002.50(b), and "[u]ntil the challenge is resolved, authorized holders should continue to safeguard and disseminate the challenged CUI at the control level indicated in the markings." *Id*. Plaintiffs concede that a challenger has a duty to notify the agency of its challenge to CUI designations. ECF No. 77 at 6. Yet, they try to delineate an exception where one does not exist by arguing this "is not a challenge to the CUI designation of documents," but rather a "challenge, under the Protective Order, to the confidentiality designation of documents that are not even marked as CUI." *Id*. But this is a distinction without a difference. First, as non-public communications between the Department and its contractor, the records at issue have been properly designated as confidential. Second, these communications may constitute CUI, and their confidential nature cannot be removed unless and until the Department agrees to do so.

      Plaintiffs' insistence on making these documents potentially publicly available is fundamentally a CUI challenge. Under the relevant regulations, documents without a CUI designation may still constitute CUI if they are like those that have been explicitly designated as CUI, since they also consist of communications with FSA or contain information derived from FSA communications, instructions, and/or discharge files. ECF 74 at 5. It is for the Department to decide and for Plaintiffs as the challengers to notify the Department. Plaintiffs cannot shift this burden with sleight of hand.

      Plaintiffs' reliance on a single inapposite case is unavailing. The issue in *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 489 (N.D. Cal. 2012) was about a challenge to Confidentiality and Attorney's Eyes Only designations, not to CUI, which is analyzed under a different framework. The Court, nevertheless, found that the designating party had met its burden for its confidentiality designations. Indeed, other courts are aligned in permitting parties to retain confidentiality designations where there is sensitive information. *See, e.g., Muench Photography, Inc. v. Pearson Educ., Inc*., 2013 WL 4475900, at *4 (N.D.Cal. Aug.

2

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY, CASE NO. 3:24-CV-07850 VC

15, 2013).

Plaintiffs further argue that "the Challenged Documents clearly fall outside the realm of CUI" because they are not "student records." ECF 77 at 11. They are wrong. FSA emails containing discharge instructions and/or discharge files directly relate to borrowers because they reveal information about individual borrowers and loans. In any event, only the Department can make a final determination as to CUI status (32 C.F.R. § 2002.20(a)(4)), and until such a determination is made, MOHELA is obligated to safeguard the information. MOHELA believes this can be accomplished simply by maintaining the documents as confidential. Plaintiffs' suggestion that MOHELA must conclusively prove CUI status before designating documents as confidential is inconsistent with both the regulatory framework and the parties' protective order, which contemplates good faith designations where there is a reasonable basis for confidentiality. That is met here.

2. <u>MOHELA has Demonstrated Prejudice as to the Challenged Documents</u>

Plaintiffs contend that MOHELA has not met its burden because it has not provided the actual documents to the Court or described their content in detail. ECF 77 at 8-9. However, MOHELA *has* provided descriptions of the documents and the basis for their designation, and has offered to submit the documents for *in camera* review if the Court so desires. Plaintiffs' demand for public filing of potentially protected information is precisely the harm the CUI regulations are designed to prevent.

MOHELA faces particularized harm if the challenged documents are disclosed. First, the Department has a strong interest in the controlled treatment of its material pursuant to the CUI Program. Second, MOHELA is contractually and regulatorily obligated to safeguard information that is or may be CUI. *See* 32 CFR 2002.56(b); *see also* ECF 54-3 at 28 at (m)(vii). Noncompliance could expose MOHELA to penalties and/or sanctions. *Id*. Plaintiffs' assertion that MOHELA has not shown "specific prejudice" ignores the fact that the harm here is not speculative: it is rooted in federal law and the express requirements of MOHELA's servicing contract with the Department.

Plaintiffs rely on *United States ex rel. Kelly v. Serco, Inc.*, No. 11-cv-2975, 2014 WL

3

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY, CASE NO. 3:24-CV-07850 VC

12675246, at *1 (S.D. Cal. Dec. 22, 2014), to argue that MOHELA must demonstrate specific prejudice as to each particular document, and show specific and particularized reasons as to why each exhibit warrants sealing. ECF 77 at 8-9. They are mistaken. In *Kelly*, defendant filed Motions to File Documents Under Seal in support of its motion for summary judgment. *Id*. The standard in *Kelly* was the heightened "compelling reasons" standard and as such, the court gave the defendant an "opportunity to offer specific and particularized 'compelling reasons' as to why each exhibit warrants sealing. *Id*. As MOHELA has explained, the *Kelly* standard is not the operative one here. Specifically, while a party typically must demonstrate "compelling reasons" to maintain the confidentiality of a document filed with the Court under seal, "this standard does not exist" for documents exchanged between litigants. ECF 74 at 8; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Where, as here, there are simply documents produced in discovery, the lower standard of good cause applies. Thus, *Kelly* is materially distinguishable from the case at hand.

### B. The Private Interest in Protecting the Challenged Documents Outweighs the Public Interest in Disclosure

Contrary to Plaintiffs' assertion, the privacy interest in protecting the Challenged Documents outweighs the public interest in disclosure.

The first *Glenmede* factor counsels in favor of retaining confidentiality: despite Plaintiffs' efforts to minimize the confidential nature of the Challenged Documents, the Department's interest in maintaining the confidentiality of its communications and instructions is substantial, as reflected in its CUI designations and the regulatory framework.

The second *Glenmede* factor also counsels in favor of retaining confidentiality. Plaintiffs still have not articulated a legitimate need for public disclosure at this stage. The documents are not being sought for use in a dispositive motion or for any purpose that would implicate a strong public interest in access. Plaintiffs' purported justification for seeking de-designation "to streamline discovery and maintain transparency," is baseless. ECF 77 at 10. Confidentiality designations do not delay or otherwise obstruct the flow of discovery. Nor is there any threat to "transparency" where Plaintiffs have access to materials designated as confidential.

The fifth *Glenmede* factor also supports confidentiality as Plaintiffs concede that they have access to the Challenged Documents, and therefore, there is no unfairness or inefficiency in maintaining confidentiality. *Id*.

The sixth *Glenmede* factor also counsels against disclosure. While the party who would benefit from the Protective Order, the Department, is a public entity, it is not a party to this suit and MOHELA's obligation to safeguard federal information serves the public interest in protecting sensitive government data. Despite Plaintiffs' characterizations, MOHELA has not failed to establish that any prejudice would befall the Department if the Challenged Documents were disclosed.

Lastly, the seventh *Glenmede* factor also counsels in favor of confidentiality. Plaintiffs argue that "[t]he public has a right to know how MOHELA is servicing those loans on behalf of the Department." *Id*. But, as already explained, MOHELA is not advocating that this student-loan relief case should be litigated behind closed doors or without the public's knowledge. Rather, MOHELA seeks a narrow order to retain confidentiality at this time for documents it has a contractual and regulatory obligation to protect.

## III.   CONCLUSION

Based on the foregoing, MOHELA respectfully requests this Court order that the Challenged Documents retain their designations as Confidential under the Protective Order.

Respectfully submitted,

SIDLEY AUSTIN LLP

Date:  August 1, 2025

By: */s/ Jacquelyn Fradette*
  Jacquelyn Fradette
  Sheila A.G. Armbrust
  Amy P. Lally
  Anna Tutundjian
  Tony S. Mekari

*Attorneys for Defendant*
*Higher Education Loan Authority of the*
*State of Missouri*

5

DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S REPLY IN SUPPORT OF MOTION TO MAINTAIN CONFIDENTIALITY, CASE NO. 3:24-CV-07850 VC