UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAIME MALDONADO, et al.,

        Plaintiffs,

v.

HIGHER EDUCATION LOAN
AUTHORITY OF THE STATE OF
MISSOURI (MOHELA),

        Defendant.

Case No.  24-cv-07850-VC

**ORDER RE CROSS-MOTIONS FOR
PARTIAL SUMMARY JUDGMENT**

Re: Dkt. Nos. 93, 111

      MOHELA's summary judgment motion is granted in part and denied in part. The plaintiffs' summary judgment motion is also granted in part and denied in part. This ruling assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.[1]

      *MOHELA's motion*. Summary judgment is granted to MOHELA to the extent that the plaintiffs' claims are based on a theory that MOHELA was required to treat the plaintiffs' loans as discharged once the Department of Education publicly announced the discharges. Nothing in the Department's announcements suggested that the plaintiffs' loan discharges were immediately effective, and the Department's contracts with MOHELA required MOHELA to process discharges after receiving specific lists of loans to discharge. MOHELA therefore had no

---

[1] In light of the plaintiffs' response to MOHELA's Administrative Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. No. 92, MOHELA is order to file unsealed versions of Exhibits O, P, T, and S on the docket within 7 days of this order. The plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. No. 112, is granted. MOHELA is ordered to file unsealed versions of the exhibits, with redactions, within 7 days of this order.

obligation to treat the plaintiffs' loans as discharged until the Department transmitted the instructions to MOHELA.

The plaintiffs argue that there is a genuine dispute of fact as to whether the Department ever sent MOHELA instructions to discharge Plamondon's and Gary's loans. At the hearing, the plaintiffs clarified that they are also arguing based on Federal Rule of Civil Procedure 56(d) that they can't present facts essential to justify their opposition to summary judgment because, although they have asked MOHELA for all the lists of loan discharges it received, MOHELA has not yet shared all the different types of discharge lists that the Department sent it. The plaintiffs also submitted a declaration stating that MOHELA made errors in producing the discharge lists and filtered the lists in such a way that the plaintiffs are not confident that Plamondon's name was not on them. Dkt. No. 111-1. The declaration also states that MOHELA only recently explained that some loans, including Gary's, would have appeared on lists that are different from the standard discharge lists that MOHELA produced. *Id.* In light of the plaintiffs' declaration, the Court concludes that the record is not yet developed enough to grant summary judgment to MOHELA. Summary judgment is therefore denied as to Plamondon's and Gary's claims.

At the hearing, the plaintiffs articulated an additional theory of MOHELA's liability following the Department's discharge announcements. They now argue that MOHELA violated the law by failing to explain in its communications with the plaintiffs and credit reporting agencies that the plaintiffs' loans had a discharge pending. Because this was not the subject of either party's summary judgment motion, the Court will not rule on this theory now. At the next case management conference, the parties should be prepared to discuss whether and how to litigate this theory.

Finally, MOHELA argues that it is entitled to summary judgment on Maldonado's Rosenthal Act claim because the plaintiffs have offered no evidence that Maldonado's debt was past due. MOHELA contends that several district courts and the California Attorney General have interpreted the Rosenthal Act to apply only to debts that have become delinquent. *See, e.g.*, *Cotter v. Movement Mortg., LLC*, 2023 WL 7713594, at *2 (S.D. Cal. Nov. 15, 2023); 85 Ops.

Cal. Atty. Gen. 215, 2002 WL 31440180, at *2-3 (Oct. 29, 2002). In MOHELA's view, the Rosenthal Act can't apply to Maldonado's loans because they were in forbearance during the entire period at issue. But, even assuming MOHELA's interpretation of the Rosenthal Act is correct, the plaintiffs have presented evidence creating a factual dispute as to whether MOHELA ever treated Maldonado's loans as past due. Specifically, the plaintiffs submitted a letter that MOHELA sent to Maldonado on July 23, 2024 (after MOHELA had received Maldonado's name on a discharge list) stating that her loans had been transitioned to their new service platform, that her account was "past due from 1-59 days during the transfer process," that they had placed a forbearance on her loans starting from the date of her "delinquency," and that she could contact them if she would like to make a payment and have the forbearance removed. Dkt. No. 112-39. From this, a reasonable juror could conclude that MOHELA treated Maldonado's loans as past due. MOHELA's motion for summary judgment as to Maldonado's Rosenthal Act claim is therefore denied.

At a minimum, what's left of the case after MOHELA's summary judgment motion are the issues of whether MOHELA violated the law as to Maldonado and Varela after MOHELA received their names on the discharge lists. The other pending questions about what's left in this case, described above, will be sorted out later.

*Plaintiffs' motion*. Summary judgment is granted to Varela as to her claims that MOHELA violated the SBBR and the UCL "unlawful" prong by continuing to represent to her that she owed money on her loans after it had received her name on the discharge lists. Varela presents undisputed evidence that the Department of Education sent her name on discharge lists on April 18, 2023, and June 11, 2024, but that MOHELA sent Varela a bill on February 15, 2024, indicating that she had a payment of $362.66 due, that MOHELA told her on March 21, 2024, that she was being placed on a temporary "delinquency forbearance," and that MOHELA sent Varella a billing statement on March 28, 2024, stating that she had a payment of $62.45 due (which Varella paid). Dkt. Nos. 112-17; 112-18; 112-19. Based on this evidence, a reasonable juror could only conclude that MOHELA violated the SBBR by "misrepresenting the amount,

nature, or terms of a fee or payment due or claimed to be due on a student loan," Cal. Civ. Code § 1788.101(b)(2).

Varela also submits undisputed evidence that she complied with the SBBR's notice requirement, Cal. Civ. Code § 1788.103(d)-(f), by sending MOHELA a letter by certified mail on May 6, 2024, that gave MOHELA notice of its misrepresentations, and that MOHELA responded that the Department had not instructed it to discharge her loans. Dkt No. 111-3.

Similarly, summary judgment is granted to Maldonado as to her claims that MOHELA violated the SBBR and UCL "unlawful" prong by making misrepresentations about the status of her loans after receiving discharge instructions. Maldonado presents undisputed evidence that her name first appeared on discharge lists on January 27, 2023, but that when she inquired about her discharge status in August 2023, MOHELA told her that they hadn't received any indication from the Department of her loans being discharged. Dkt. No. 112-11. She also presents evidence that she sent a SBBR notice letter to MOHELA on July 6, 2024, but that MOHELA responded by telling her again that it was still waiting for final approval to discharge her loans. Dkt. No. 111-2.

As to the Rosenthal Act claims, MOHELA argues that it is entitled to a "bona fide error" defense on the grounds that any misrepresentations were unintentional and that MOHELA had procedures in place to avoid such errors. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). The plaintiffs respond that MOHELA failed to include a bona fide error defense in the answer to the complaint. MOHELA has since moved to file a second amended answer. In light of MOHELA's pending motion to file an amended answer that would include a bona fide error defense, and in light of the evidence MOHELA has presented about the unusual demands MOHELA faced at the time the Education Department was discharging the plaintiffs' loans, including COVID-19 forbearances and the Education Department's instructions to also process the *Sweet* class action discharges and Public Service Loan Forgiveness applications, the plaintiffs' summary judgment motion is denied as to the Rosenthal Act claims.

Summary judgment is denied as to Varela's and Maldonado's claims based on MOHELA's delay in discharging their loans after receiving discharge instructions. The issue of what constitutes an unreasonable delay is a factual issue for the jury.

Finally, for the same reasons described in the discussion of MOHELA's summary judgment motion above, the plaintiffs' summary judgment motion is denied as to Plamondon's and Gary's claims.

**IT IS SO ORDERED.**

Dated: March 10, 2026

_____
VINCE CHHABRIA
United States District Judge