United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JAIME MALDONADO, et al.,

Plaintiffs,

v.

HIGHER EDUCATION LOAN
AUTHORITY OF THE STATE OF
MISSOURI (MOHELA),

Defendant.

Case No. 24-cv-07850-VC    (PHK)

**ORDER DENYING DEFENDANT
MOHELA'S MOTION TO MAINTAIN
CONFIDENTIALITY**

Re: Dkt. 74

**INTRODUCTION**

This case arises out of a dispute between Plaintiffs Jaime Maldonado, Alma Gary, Anna Varela, and Jeff Plamondon ("Plaintiffs") and Defendant Missouri Higher Education Loan Authority's ("MOHELA") concerning federal student loans. On May 13, 2025, all discovery issues in this case were referred to the undersigned for resolution. [Dkt. 55]. Now before the Court is a dispute as to whether or not certain documents have been properly designated as Confidential under the Protective Order. Defendant MOHELA seeks to maintain the confidentiality designation of twenty (20) documents under the Protective Order entered in this case. [Dkt. 74]. Plaintiffs challenge the confidentiality designations and seek to have the documents de-designated and therefore treated as non-confidential.

After carefully reviewing the Parties' briefing, counsel's oral argument at the hearing on the dispute, and numerous Joint Status Reports filed by the Parties after the hearing (in which they report some narrowing of the disputes), the Court resolves the remaining issues in dispute as set forth in this Order.

///

**RELEVANT BACKGROUND**

On March 18, 2025, the Court issued a stipulated protective order submitted by the Parties. [Dkt. 42]. Under the protective order, "Confidential" information includes "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." *Id.* at 2. Parties may challenge the confidentiality designation by requesting relief from the Court.

After numerous meet and confers, Plaintiffs and Defendant MOHELA reported that they reached an impasse regarding twenty (20) documents that Defendant MOHELA produced that were designated as "Confidential" under the Protective Order – these are the original set of documents for which Plaintiffs challenge the confidentiality designations and requested be de-designated as not confidential. [Dkt. 74 at 6–7]. The original disputed documents are labeled with the Bates Nos.:

MOHELA_000003; MOHELA_000010; MOHELA_000011; MOHELA_000012;
MOHELA_000013; MOHELA_000014; MOHELA_000019; MOHELA_000021;
MOHELA_000023; MOHELA_000025; MOHELA_000027; MOHELA_000029;
MOHELA_000031; MOHELA_000038; MOHELA_000049; MOHELA_000055;
MOHELA_000061; MOHELA_000068; MOHELA_000069; MOHELA_000073

*Id.* at 2. Defendant MOHELA argued, and continues to argue, that these documents should be designated as Controlled Unclassified Information ("CUI") under 32 C.F.R. § 2002 and, as such, treated as Confidential under the Protective Order. *Id.* at 3.

On July 11, 2025, Defendant MOHELA filed the instant motion to maintain the confidentiality level of the twenty (20) produced documents. [Dkt. 74]. On July 25, 2025, Plaintiffs filed their opposition. [Dkt. 77]. On August 1, 2025, Defendant MOHELA filed a reply to Plaintiffs' opposition. [Dkt. 81]. On August 26, 2025, the undersigned held an in-person hearing on the motion. [Dkt. 84]. At the hearing, it became evident that the Parties were in position to continue to meet and confer to resolve or at least narrow the disputes, and therefore the Parties were ordered to file a Status Report following that hearing. Since then, the Parties have filed six Joint Status Reports regarding their ongoing negotiations to attempt to resolve or narrow this dispute over confidentiality. *See* Dkts. 85, 89, 90, 91, 97, 106. In the Joint Status Report filed on November 12, 2025, [Dkt. 97], MOHELA reported that there was delay in resolving the dispute because the then-government shutdown impeded MOHELA's ability to confer with the U.S. Department of

United States District Court
Northern District of California

Education, which MOHELA contended was necessary to obtain the Department of Education's views on whether or not the disputed documents actually contained CUI or not (and delayed the potential of obtaining a declaration from someone in the Department of Education with regard to these issues). [Dkt. 97 at 2-3].

On November 17, 2025, the Court issued a Text Order which required the Parties to file a further Joint Status report by December 5, 2025 (because the government shutdown had ended), ordered MOHELA to communicate with counsel for the Department of Education and provide a copy of that Order to such counsel, and instructed MOHELA to inform the Department of Education of the Court's directive that the Department's counsel enter appearance in this case by December 5, 2025 so that the Court could get direct input from that agency as to whether or not that agency believes the disputed documents constitute CUI under the relevant regulations. [Dkt. 99].

Counsel for the Department of Education entered appearance on December 5, 2025. [Dkt. 105]. The most recent Joint Status Report was filed on December 5, 2025. [Dkt. 106]. That Joint Status Report included a declaration from the Acting Executive Director in the Office of Loan Portfolio Management at Federal Student Aid within the U.S. Department of Education. [Dkt. 106-1].

It is clear from the Joint Status Reports that the disputes originally raised in the instant motion have been narrowed to fewer than the original twenty disputed documents. *See* Dkt. 85 at 2 ("The parties met and conferred … regarding the documents at issue in MOHELA's Motion. During that meeting, the Parties were able to narrow the dispute as to certain documents and continue to meet and confer on the remaining documents."). Despite the Parties' representations in that Joint Status Report, no further continuing meet and confers appear to have resolved the remaining disputes in the interim. Further, because the Parties' Joint Status Reports did not list by Bates numbers the documents for which the disputes were narrowed by the meet and confer process, there remains some ambiguity as to exactly which, and how many, documents remain at issue.

## LEGAL STANDARDS

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude

3

in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

## DISCUSSION

"[W]hen a confidentiality designation is challenged, the burden of persuasion rests upon the designating party." *La. Pac. Corp. v. Money Market 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 490 (N.D. Cal. 2012); *see also* Stipulated Protective Order, Dkt. 42 at 7 ("The burden of persuasion in any such challenge [to confidentiality] proceeding shall be on the Designating Party."). Confidentiality cannot be established by mere designation or possibility alone. *Flextronics Int'l USA, Inc. v. Murata Mfg. Co.*, 2020 WL 14032219 at *1 (N.D. Cal. Dec. 16, 2020).

A court may, for good cause, issue a protective order. *See* Fed. R. Civ. P. 26(c)(1). However, the "good cause" standard requires more than a generalized claim that protection is needed. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (affirming a request for disclosure where the designating party failed to allege "*specific* prejudice or harm *now*" resulting from disclosure) (emphasis added). Under the "good cause" standard as set forth in Rule 26(c)(1), a particularized showing is required. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("a 'particularized showing,' under the 'good cause' standard of Rule 26(c) will 'suffice[ ] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'") (citation omitted).

MOHELA has contended for months, and continues to contend, that MOHELA is, itself, unable to make a determination of whether or not the disputed documents are or are not CUI, and that MOHELA needs the U.S. Department of Education's guidance (and potentially a declaration) on whether or not these particular documents are or are not CUI. *See* Dkts. 89 ("MOHELA has

4

contacted the Department of Education's Office of General Counsel and is currently in discussions regarding the confidentiality treatment of the documents at issue"), 90 ("MOHELA continues to confer with the Department's Office of General Counsel to seek additional guidance and clarification"), 91 ("MOHELA continues to seek additional guidance and clarification from the Department's Office of General Counsel"), 97 ("MOHELA continues to seek additional guidance and clarification from the Department's Office of General Counsel"), 106 ("MOHELA has asked for additional guidance and clarification from the Department's Office of General Counsel").

Despite six months' worth of alleged contact and communications with the Department of Education and despite counsel for the Department of Education entering appearance in this case, MOHELA has remained unable to provide the Court with any evidence (much less an explanation showing good cause) as to why the remaining disputed documents constitute CUI and thus why they are properly designated as Confidential under the Protective Order. MOHELA has submitted no declarations from any MOHELA employees which explain how or why any of the disputed documents should be deemed Confidential under the Protective Order.

In the most recent Status Report, MOHELA included a declaration from Mell Brittian-Smith, the Acting Executive Director in the Office of Loan Portfolio Management at Federal Student Aid within the United States Department of Education. [Dkt. 106-1]. The Court expected that that long-awaited Department of Education declaration would finally provide actual evidence as to why the disputed documents constitute CUI (and thus why the documents should be treated as Confidential). As MOHELA repeatedly informed the Court, MOHELA was trying for months to obtain guidance and clarification from the Department of Education as to these documents. Unfortunately, the Brittian-Smith declaration does not take a position and provides no statement that these documents are (or are not) CUI.

Instead, the Brittian-Smith declaration simply says that "[t]o the extent CUI" is produced, then it should be treated as Confidential under the Protective Order. [Dkt. 106-1]. There is no discussion of the actual disputed documents. There is nothing in the declaration which actually addresses the question raised in this dispute. Rather, the presumably intentionally and artfully drafted declaration simply sidesteps the question of whether the remaining challenged documents

are or are not CUI. Declaring that documents should be treated as confidential "to the extent" they are CUI is a circular statement which, in essence, merely repeats MOHELA's attorney argument without saying once and for all whether the Department of Education (or MOHELA) believes these actual documents in dispute are or are not CUI and why. The Brittian-Smith declaration simply restates the generalized requirement that *if* a document is CUI, then that document should be treated under regulatory requirements under 32 C.F.R. part 2002, without ever mentioning any of the documents disputed here. [Dkt. 106-1 at 2]. As such, the Brittian-Smith declaration is unhelpful in resolving the instant dispute.

The Court notes that, despite the entry of appearance of counsel for the Department of Education, that agency has filed no brief or statement arguing why the disputed documents should be treated as confidential under the Protective Order. In other cases in which there was a dispute as to whether or not CUI should be sealed due to confidentiality, the Government certainly knew how to intervene and file statements of interest to support a confidentiality designation. *Cf. United States ex rel. Kelly v. Serco, Inc.*, 2014 WL 12675246 at *4 (S.D. Cal. Dec. 22, 2014) (government declaration affirmatively stated that disclosure of disputed documents would "significantly harm the government's interest" and United States filed "statement of interest" in support of sealing alleged CUI due to confidentiality). The Government's failure to submit any argument or brief is notable in light of this precedent.

Further, based on the record presented to the Court, some of the remaining challenged documents are not themselves alleged to be CUI but rather are alleged to be "derived" from other documents which might or might not be CUI. That is, MOHELA identified six of the originally disputed documents as "contain[ing] information derived from FSA [Federal Student Aid] communications, instructions, and/or discharge files." [Dkt. 74 at 4]. As to those "derived" documents, the claim that they are CUI is even more attenuated because there is no explanation as to how much alleged CUI (if any) is actually contained in these "derivations" and no detailed showing as to why these derived documents reveal any CUI. The Brittian-Smith declaration does not address these "derived" documents at all (because that declaration does not address any of the disputed documents at all). Accordingly, MOHELA has failed to identify how much CUI is actually

reflected in these "derived" documents and thus has not shown good cause why these "derived" documents should be treated as Confidential under the Protective Order.

For all these reasons, on the record presented to the Court, the Court **FINDS** that MOHELA has not met its burden of production of evidence, despite months of delay, to demonstrate by any amount of evidence why any of the remaining disputed documents should be treated as Confidential under the Protective Order. Because MOHELA has not met its burden of production at all, by definition MOHELA has not met its burden of proof and has not met its burden of persuasion. Accordingly, Defendant MOHELA's motion to maintain confidentiality as to the remaining challenged documents is **DENIED**. These remaining disputed documents **SHALL NOT** be treated as Confidential under the Protective Order going forward (subject to the provisions below).

**CONCLUSION**

For all the reasons discussed herein, the Court **DENIES** Defendant MOHELA's motion to maintain confidentiality as to the remaining challenged documents and **ORDERS** that these documents are no longer deemed confidential under the Protective Order.

As noted, there remains some ambiguity as to exactly which documents remain in dispute, given the Parties' reports that they have negotiated and narrowed some of the disputes as to some of the originally disputed documents (without identifying the resolved documents by Bates number). Accordingly, for clarity of the record, the Parties are **ORDERED** to file a Joint Statement **on or before April 10, 2026** which lists or identifies by Bates number each of the documents which were not resolved previously and which therefore are impacted by this Order and thus no longer deemed Confidential under the Protective Order. Further, in light of this deadline and to ensure continuing clarity of the record and to ensure that there is no ambiguity as to which documents are impacted by this Order going forward, the Court **STAYS** the de-designation of confidentiality ordered herein **until April 17, 2026**. The deadline to file the Joint Statement and the expiration of the stay may be extended by the Parties by Stipulation and Proposed Order, or by further Court order.

This Order **RESOLVES** Dkt. 74.

United States District Court
Northern District of California

7

**IT IS SO ORDERED.**

Dated: March 27, 2026

_____

PETER H. KANG
United States Magistrate Judge

United States District Court
Northern District of California

8