UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, District Judge

| | |
|---|---|
| MALDONADO, et al., Plaintiffs, vs. HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, Defendant. | No. C 24-07850-VC |

San Francisco, California
Friday, March 27, 2026

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 10:12 = 10:26 MINUTES

APPEARANCES:

For Plaintiffs:

Project on Predatory Student Lending
769 Centre Street
Jamaica Plain, Massachusetts 02130
BY: REBECCA C. EISENBREY, ESQ.

Kemnitzer, Barron & Krieg, LLP
1120 West Mar Street
Suite C2
Tiburon, California 94920
BY: MALACHI HASWELL, ESQ.

(APPEARANCES CONTINUED ON NEXT PAGE)

For Defendant:

Sidley Austin, LLP
1501 K Street, NW
Washington, D.C. 20005
BY: JACQUELYN E. FRADETTE, ESQ.

Sidley Austin, LLP
101 California Street
Suite 3500
San Francisco, California 94111
BY: SHEILA A. G. ARMBRUST, ESQ.

Transcribed by:

Echo Reporting, Inc
Contracted Court Reporter/Transcriber
echoreporting@yahoo.com

Friday, March 27, 2026 10:12 a.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK: Now calling Civil Case 24-7850, Maldonado, et al. versus Higher Education Loan Authority of the State of Missouri.

Will counsel please state your appearances for the record, starting with the Plaintiff.

MS. EISENBREY (via Zoom): This is Rebecca Eisenbrey from the Project on Predatory Student Lending, for the Plaintiffs.

THE COURT: Hi.

MR. HASWELL (via Zoom): Good morning, your Honor. Kai Haswell, Kemnitzer, Barron and Krieg, also for the Plaintiffs.

THE COURT: Morning.

MS. ARMBRUST (via Zoom): Good morning, your Honor. Sheila Armbrust along with Jacquelyn Fradette from Sidley Austin, on behalf of Mohela.

THE COURT: Morning.

Okay. All right. Let me see. I'm pulling up the case management statement.

(Pause.)

THE COURT: I guess it -- it seems like Mohela is wanting to file another motion for summary judgment. Tell

me about that. Explain that to me.

MS. ARMBRUST: Your Honor, at our hearing, the motion for summary judgment and in the Court's order, the Court noted that Plaintiffs have articulated a theory different from what's in the complaint pertaining to what they perceive to be Mohela's violation by way of the particular notices or letters that Plaintiffs might have received and that those are violations of law, not that the Plaintiffs all appeared on discharge files, which is, I think, the case that we thought we were litigating for the last year plus.

Had we understood that to be the theory, I think there are, your Honor, issues relating to federal preemption of state laws that we would have brought to your Honor's attention. And then the Court's order acknowledges that this is an additional theory of Mohela's liability, we would like the opportunity to brief that theory.

Relatedly, your Honor, the Court noted that it understood Plaintiffs in the hearing to be making an argument under Rule 56(d) as to whether or not they had received sufficient discovery regarding Plaintiffs' putative class reps, Jeffrey Plamondon and Alma Gary. And Plaintiffs have requested additional discovery to understand whether or not those two individuals have ever appeared on a discharge file.

So, we would like to ensure that Plaintiffs have that complete discovery to the extent we think that there's anything remaining. But it would substantially narrow the case if the Court could hear briefing to determine whether or not those two individuals have ever appeared on discharge files.

THE COURT: I think it might be -- it might be appropriate to do that. So, you're -- you're not making an argument that the Plaintiffs should not be allowed to pursue this theory that they articulated at -- at the hearing? You're just saying you want to -- you want to have an opportunity to move for summary judgment on that, and I think that is probably appropriate.

I guess the only -- the question I have, though, is maybe it's time to -- we -- we could allow you to do that, but it may also be time to open up class discovery and start -- start moving towards class certification.

MS. ARMBRUST: I think, your Honor -- agreed. And I don't know if it's appropriate to articulate a new theory at this point in the case, but functionally, I suppose Plaintiffs would dismiss or file a new case, and it just sort of seems like we get back to here anyway.

And, so, just as a matter of moving this matter forward, I think that we would welcome just an opportunity to brief this now that we've understood that this is a

theory.

THE COURT: Okay. And, but are you of the view that any further discovery needs to be done on this one way or another or we already understand the facts relating to the theory?

MS. ARMBRUST: The preemption theory, your Honor, I think is a legal matter.

THE COURT: No. I mean, their theory -- their theory about how Mohela violated the law by failing to explain in its communications with the Plaintiffs that -- that the Plaintiffs had loan discharges pending.

MS. ARMBRUST: I suppose, your Honor, it could go to what class discovery looks like. And just to -- to take your first question about schedule, I think our proposed schedule does contemplate that we move forward on both paths so that -- discovery has been open for more than a year. We think discovery can continue. Class-wide discovery should continue.

I think that, to your Honor's point, there may be some question about what is appropriate class discovery because I think the class articulated in the complaint and what we have now and what we're hearing even just about Plaintiffs' theories about Ms. Maldonado and Mohela show that these are individualized communications. And, so, it could be that we come to this Court or Judge Kang, who's been referred to for

discovery disputes, to ask about what is appropriate class discovery versus individualized discovery. But we do think class discovery can and should start.

THE COURT: Okay. Ms. Eisenbrey, what's your --

MS. EISENBREY: Just as an initial matter, your Honor, I think that -- I don't want to have this same issue arise later. I just want to be very clear that our theory is not that communications should have included some disclosure. It's that after these announcements were made in which the Department said no further payments are due, any attempt to collect further payments and any communications sent suggesting that further payments were, in fact, due was a violation of California law.

So, this is -- this is not a missing disclosure claim. This is really -- and I think, you know, we articulated this in our section of the case management statement, and we included citations to the complaint that conform with us, but it's really that communications stating that payment was due on these loans after it had been made clear to Mohela by the Department that no payment was due, that is the violation.

And we cited to numerous allegations in the complaint and in our -- in our briefing that conform with that. If your Honor thinks that it was not clear enough and --

THE COURT: Well, but I mean, isn't that the --

it's basically the same thing, right? It's that in your -- in Mohela, in its communications with the Plaintiffs, did not adequately explain that they didn't have to pay anything more because they had a discharge pending.

MS. EISENBREY: Just any attempt to collect a payment when no payment was due. So, it's -- I don't think that it's -- they needed to say --

THE COURT: Well, but, I mean, if they --

MS. EISENBREY: -- your monthly --

THE COURT: -- sent them a -- if they sent them an invoice, for example, or they sent them a bill but they specified, you know, you -- you don't have to pay this. We're sending you this bill, but you don't have to pay it because the Department of Education has said you don't have to pay any more bills while your discharge is pending --

MS. EISENBREY: Sure. I -- I think that --

THE COURT: -- wouldn't be an attempt to collect a payment, right?

MS. EISENBREY: I think a disclosure could have cured it, absolutely, the -- the disclosure that you're describing. We think any attempt to do it without such a disclosure -- also, a cure would have been to not send any bill.

THE COURT: Sure.

MS. EISENBREY: Right. So, yes.

THE COURT: Right. Okay. So, but I -- I guess I -- I'm wondering why Ms. Armbrust's proposed schedule does not make sense. I mean, we're -- we're going to move forward on class certification discovery. We're -- you know, if they want to take another crack at summary judgment on this issue or, you know, on the issue relating -- on the 56(d) issue, they can do that, but, meanwhile, we're -- we'll get ready for -- you know, we're not going to delay class certification proceedings anymore. We'll plow ahead on that.

MS. EISENBREY: I just wanted to clarify the theory just in case in our reply to any motion. They say -- now they're saying something else.

THE COURT: Okay. Yeah.

MS. EISENBREY: And -- yes, and also just on the issue of the group lists, this -- we haven't filed new requests. We filed these requests. It was our -- our first request for production was these group lists. We simply haven't gotten them in the form that we need them in yet. So, just to -- to clarify that, this isn't an issue of --

THE COURT: You know, there's also a general --

MS. EISENBREY: -- Plaintiffs delaying in discovery.

THE COURT: And there's also a general concern

about whether Mohela is such a mess that it's not going to be able to find what it -- what it needs, right?

MS. EISENBREY: Correct. Yes. But we --

THE COURT: Has there been any -- any discovery on the Department -- I can't remember if I asked this at the hearing, but has there ever -- have you done any -- you know, have you made any FOIA requests or --

MS. EISENBREY: Plaintiffs have submitted -- we submitted Privacy Act requests in September of last year. The Department has not responded to those yet. So, we will -- we're drafting third party subpoenas, and we will be confirming with Defendants about those before those go out.

THE COURT: Yeah. I mean, it seems like you need to get the Court involved to make sure that the Department responds adequately and promptly to your requests.

MS. EISENBREY: Yes. The Department is also a bit of a mess at the moment, as your Honor may be aware. So --

THE COURT: Yes.

MS. EISENBREY: -- we are doing what we can there.

THE COURT: Everything's a mess.

MS. EISENBREY: Yes.

THE COURT: Okay. All right. So, then -- so, then, in light of this, do you have any objections to the schedule that Mohela laid out here?

MS. EISENBREY: So, the -- I think our big

objection is they propose closing fact discovery.

THE COURT: On July 15th?

MS. EISENBREY: On July 15th. We would -- we would strongly object to that. In our initial proposed schedule that the parties jointly submitted last year, we had fact discovery close after a ruling on the motion for class certification. We think that that is, you know, much more standard, and we would agree to that.

THE COURT: Okay. I agree with you on that. What else?

MS. ARMBRUST: Your Honor, the only thing I'd say there is that fact discovery has been open for more than a year. So --

THE COURT: I understand, but, you know, there have been difficulties, and there are difficulties getting stuff from the Department of Education. So, you know, and often -- you know, often during class certification proceedings, you know, there -- there is a need to do further discovery as the -- as the briefing is happening and stuff like that. So, I -- I agree that -- that class cert -- class discovery -- sorry -- discovery should remain open through class certification.

MS. EISENBREY: And then there's also that Mohela proposes closing expert discovery earlier as well. You know, we're obviously exchanging expert reports before class

certification would make sense, but closing expert discovery in October, we -- we would not agree with.

THE COURT: Okay. I agree with you about that too.

I think that why don't we -- why don't you work together -- with those guidelines, why don't you work together to submit a proposed schedule, and with -- with the hearing on class certification taking place on January 28th of 2027 as proposed, and I don't think we need to set anything beyond the class certification hearing other than a case management conference about three weeks later. So, you could include that in there. And why don't you work together and -- and confer on a new schedule consistent with those guidelines and submit it by close of business on Tuesday.

MS. ARMBRUST: Happy to do that, your Honor. Just one thought for -- I think part of the concern with the fact discovery deadline coming so late is this sort of -- the goal is to do our work now in advance of class cert. And, so, I think we would ask if the Court would consider and if the Plaintiffs would consider a substantial completion date for fact discovery, understanding that perhaps the briefing raises issues. If it does, those might be issues that, yes, could be appropriate to take up through additional discovery because they're new issues. They aren't things that we

could have anticipated in advance of briefing. But the concern is just this like it all gets pushed to the end as opposed to proceeding in an orderly fashion. Yeah.

THE COURT: Well, and the other -- the related option, somewhat similar option, would be the close of class discovery as to liability relating to the named Plaintiffs -- close of fact discovery as to liability relating to the named Plaintiffs could come, you know, before -- before the -- the -- Mohela's second motion for summary judgment. But, obviously, you know, class -- expert discovery and, you know, class related discovery could continue.

MS. ARMBRUST: Okay.

THE COURT: What about that, Ms. Eisenbrey?

MS. EISENBREY: I think that -- that could work, and I think we can discuss that with -- with Mohela as we put together a proposal for you.

THE COURT: Okay. Very good.

(Pause.)

THE COURT: Okay. Thanks. Anything else we can do for you right now?

MS. EISENBREY: No. Thank you, your Honor.

THE COURT: All right. Thank you.

MS. ARMBRUST: Nothing from Mohela. Thank you.

(Proceedings adjourned at 10:26 a.m.)

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.



Echo Reporting, Inc., Transcriber

Tuesday, March 31, 2026