# EXHIBIT 12

Sheila A.G. Armbrust (SBN 265998)
sarmbrust@sidley.com
Tony S. Mekari (SBN 347057)
tony.mekari@sidley.com
SIDLEY AUSTIN LLP
101 California Street, Suite 3500
San Francisco, CA 94111
Telephone: (415) 772-1200

Jacquelyn Fradette (pro hac vice)
jfradette@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8822

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9662

*Attorneys for Defendant*
*Higher Education Loan Authority*
*of the State of Missouri*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JAIME MALDONADO, ANNA VARELA, ALMA GARY, and JEFF PLAMONDON, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI, and DOES 1-30,

Defendants.

Case No. 3:24-CV-07850 VC

Assigned to Hon. Vince Chhabria

**DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS**

Complaint filed: September 4, 2024

Date Propounded: July 15, 2026

Response Date: August 18, 2026

PROPOUNDING PARTY: JAIME MALDONADO, ANNA VARELA, ALMA GARY, and JEFF PLAMONDON

RESPONDING PARTY: HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI

SET NO.: FIRST

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and any other applicable law, Defendant Higher Education Loan Authority of the State of Missouri ("MOHELA") hereby provides the following responses and objections to Plaintiffs' Jaime Maldonado, Anna Varela, Alma Gary, and Jeff Plamondon's (collectively, "Plaintiffs") First Set of Requests for Admission ("Request"). The following objections and responses are made to the best of MOHELA's present knowledge, information, and belief. MOHELA reserves the right to supplement, amend, or correct these objections and responses pending further discovery. MOHELA objects and responds to the Requests solely on behalf of itself and no other person or entity.

**GENERAL OBJECTIONS**

1. The following general objections ("General Objections") apply and are expressly incorporated into each of the individual Request. The assertion of the same, similar, or additional objections or the provision of partial answers in the individual responses to each of the Requests does not waive any of the General Objections.

2. MOHELA objects to the Requests on the ground that certain information should be sought directly from the Department of Education and/or the Office of Federal Student Aid.

3. MOHELA objects to the Requests to the extent they seek information or documents that are not relevant, proportional to the needs of this action, or reasonably calculated to lead to the discovery of admissible evidence. MOHELA further objects to the Requests and each Request therein to the extent that they are overbroad and unduly burdensome.

4. MOHELA objects to the Requests, and will not provide information in response thereto, to the extent they seek information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine, or is otherwise protected by law from disclosure. MOHELA intends to and does claim all applicable privileges and protections with respect to all such information, and inadvertent disclosure shall not be deemed a waiver of any such privilege or protection. Any inadvertent production of privileged information or material, or of any other materials otherwise protected from disclosure, shall not

constitute a waiver of any claim of privilege or exemption from production, and MOHELA reserves the right to claw back any such documents.

5. MOHELA objects to the Requests to the extent they purport to impose obligations beyond those set forth under applicable law or rule.

6. MOHELA objects to the Requests to the extent that they seek the production of documents or information constituting confidential, proprietary, private, or controlled unclassified information. Any production of documents constituting or containing confidential, proprietary, private, or controlled unclassified information, or information containing personal identifying information, which MOHELA may disclose in response to these Requests are subject to the protective order on file in this action.

7. MOHELA objects to the Requests to the extent they seek to require MOHELA to search for or provide information in the possession, custody, or control of persons or entities other than MOHELA. MOHELA is not under any obligation to search for or provide information not in MOHELA's possession, custody, or control, and does not take on a responsibility to do so.

8. The objection, failure to object, or an agreement to provide information does not constitute a representation by MOHELA that any information or documents responsive to the Requests exist or are within its possession, custody or control. No incidental or implied admissions are intended by any objection herein. MOHELA's objections shall not be deemed an admission that MOHELA accepts or admits the existence of any facts set forth or assumed by such Request, that MOHELA accepts or admits the propriety of the Request, or that such objection constitutes admissible evidence.

9. By providing a response, MOHELA does not concede that any Request seeks information that is relevant to a claim or defense, nor that it seeks information that is reasonably calculated to lead to the discovery of admissible evidence.

10. MOHELA's responses to the request are based on its current knowledge, information, and belief. MOHELA reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein at any time.

11. MOHELA objects to the use of these responses in any proceeding other than the above-captioned action or for any other purpose.

**OBJECTIONS TO DEFINITIONS**

1. MOHELA objects to the definition of "Group Discharge" as vague, ambiguous, and inconsistent with the Court's Order granting in part MOHELA's motion for partial summary judgment holding that the U.S. Department of Education's (the "Department") public announcements lacked any legal effect. As the Court ordered, MOHELA "had no obligation to treat the plaintiffs' loan as discharged until the Department transmitted the instructions to MOHELA." Order, Dkt. 92 at 1-2. Moreover, "[n]othing in the Department's announcements suggested that the plaintiffs' loan discharges were immediately effective, and the Department's contracts with MOHELA required MOHELA to process discharges after receiving specific lists of loans to discharge." *Id.* at 1. Subject to and without waiving the foregoing objections, in responding to these Requests, MOHELA interprets "Group Discharge" to mean the lists of loans the Department sent MOHELA to discharge pursuant to the Department's Change Request 6346 for the educational institutions that are specifically identified and alleged in Plaintiffs' Complaint. *See* Complaint, Dkt. 1-25 ¶¶ 2, 26-31.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that You service consolidation loans of borrowers whose loan information was contained in Group Discharge Files sent to other federal student loan servicers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

MOHELA objects to this Request to the extent it calls for a legal conclusion and to the extent the term "Group Discharge Files" is vague or ambiguous as used herein. Subject to and without waiving the foregoing objections, MOHELA admits that it services federal Direct Consolidation Loans, and that for certain such loans the underlying loan information was contained in Group Discharge Files (as MOHELA interprets that term) sent to other federal student loan servicers.

**<u>REQUEST FOR ADMISSION NO. 2</u>:**

Admit that where You service the consolidation loan(s) of a borrower whose loan information was contained in Group Discharge Files sent to other servicers, You do not receive a Group File containing that borrower's loan information.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 2</u>:**

MOHELA objects to this Request as vague and ambiguous as to the term "Group Discharge Files." MOHELA further objects on the ground that this Request calls for information beyond MOHELA's possession, custody, or control, as it encompasses the Department of Education's (the "Department") communications and conduct with respect to other federal student loan servicers. Subject to and without waiving the foregoing objections, whether the Department sends group discharge instructions only to the current consolidation loan servicer, only the loan servicer who serviced a portion or all of the loans underlying the consolidation loan, or both is beyond MOHELA's possession, custody, and control, and MOHELA therefore denies on that ground. The Department controls if, when, and to which federal student loan servicer (or other entity) group discharge instructions are sent. Where MOHELA services a borrower's consolidation loan, the Department may send group discharge instructions to the prior servicer of the loans underlying the consolidation loan, and the Department may also send MOHELA a discharge instruction to discharge all or a portion of a consolidation loan that MOHELA services, notwithstanding any discharge instruction sent to another servicer or agency.

**<u>REQUEST FOR ADMISSION NO. 3</u>:**

Admit that You received notice from the Department of Education about the Group Discharge announcement for borrowers who took out federal student loans to attend Marinello Schools of Beauty from 2009 through the schools' closure in February 2016 on or around April 28, 2022.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 3</u>:**

MOHELA admits that the Department made a public announcement on or around April 28, 2022 that it would discharge at some unknown point in the future certain loans for certain borrowers

who attended Marinello Schools of Beauty. MOHELA admits that it became aware of that public announcement. MOHELA denies all other parts of this request, including but not limited to the assertion that the Department's public announcements regarding Group Discharge constituted legally operative "notice" or effect with respect to MOHELA's loan servicing obligations, consistent with the Court's Order at Dkt. 92.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You received notice from the Department of Education about the Group Discharge announcement for borrowers who took out federal student loans to attend any campus owned and operated by Corinthian Colleges Inc. from its founding in 1995 through its closure in April 2015 on or around June 1, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

MOHELA admits that the Department made a public announcement on or around June 1, 2022 regarding Group Discharge for certain borrowers who attended Corinthian Colleges Inc. campuses, and that MOHELA became aware of that public announcement. MOHELA denies all other parts of this request, including but not limited to the assertion that the Department's public announcements regarding Group Discharge constituted legally operative "notice" or legal effect with respect to MOHELA's loan servicing obligations, consistent with the Court's Order at Dkt. 92.

**REQUEST FOR ADMISSION NO. 5:**

Admit that You received notice from the Department of Education about the Group Discharge announcement for borrowers who took out federal student loans to attend ITT Technical Institute from January 1, 2005, until its closure in September 2016 on or around August 16, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

MOHELA admits that the Department made a public announcement on or around August 16, 2022 that it would discharge at some unknown point in the future certain loans for certain borrowers who attended ITT Technical Institute. MOHELA admits that it became aware of that

public announcement. MOHELA denies all other parts of this request, including but not limited to the assertion that the Department's public announcements regarding Group Discharge constituted legally operative "notice" or effect with respect to MOHELA's loan servicing obligations, consistent with the Court's Order at Dkt. 92.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You received notice from the Department of Education about the Group Discharge announcement for borrowers who took out federal student loans to attend any location of Westwood College between January 1, 2002, and November 17, 2015, on or around August 30, 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

MOHELA admits that the Department made a public announcement on or around August 30, 2022 regarding Group Discharge for certain borrowers who attended Westwood College, and that MOHELA became aware of that public announcement. MOHELA denies all other parts of this request, including but not limited to the assertion that the Department's public announcements regarding Group Discharge constituted legally operative "notice" or effect with respect to MOHELA's loan servicing obligations, consistent with the Court's Order at Dkt. 92.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You received notice from the Department of Education about the Group Discharge announcement for borrowers who took out federal student loans related to enrollment at Colorado-based locations of CollegeAmerica between January 1, 2006, and July 1, 2020, on or around July 25, 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

MOHELA admits that the Department made a public announcement on or around July 25, 2023 regarding Group Discharge for certain borrowers who attended Colorado-based locations of CollegeAmerica, and that MOHELA became aware of that public announcement. MOHELA denies all other parts of this request, including but not limited to the assertion that the Department's public announcements regarding Group Discharge constituted legally operative

"notice" or effect with respect to MOHELA's loan servicing obligations, consistent with the Court's Order at Dkt. 92.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You received notice from the Department of Education about the Group Discharge announcement for borrowers who took out federal student loans related to enrollment at any Art Institute campus on or after January 1, 2004, through October 16, 2017, on or around May 1, 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

MOHELA admits that the Department made a public announcement on or around May 1, 2024 regarding Group Discharge for certain borrowers who attended Art Institute campuses, and that MOHELA became aware of that public announcement. MOHELA denies all other parts of this request, including but not limited to the assertion that the Department's public announcements regarding Group Discharge constituted legally operative "notice" or effect with respect to MOHELA's loan servicing obligations, consistent with the Court's Order at Dkt. 92.

**REQUEST FOR ADMISSION NO. 9:**

Admit that You have access to the Department of Education's public websites which contain information about the Group Discharge announcements made between 2022 and 2024.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

MOHELA objects to this Request on the ground that "access" is vague and ambiguous as presented in this context. MOHELA also objects to this Request on the ground that the phrase "public websites" is vague and ambiguous because there is no link or web address provided, and neither is the "information about the Group Discharge announcements" sufficiently detailed to permit MOHELA to identify which public website or websites Plaintiffs reference. Subject to and without waiving the foregoing objections, MOHELA denies that the Department's public websites "contain information about the Group Discharge announcements made between 2022 and 2024" because it is vague and ambiguous which "public website[(s)]" the Request is referring to, what "information" is purportedly reflected on those websites, what time period

those "public website[(s)]" purportedly include(d) such information, and because the *Department's* public websites are outside MOHELA's possession, custody, or control. MOHELA further denies all other parts of this Request.

**REQUEST FOR ADMISSION NO. 10:**

Admit that loans approved for Group Discharge do not have to be repaid.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

MOHELA objects to this Request to the extent it is vague, ambiguous, and calls for a legal conclusion as to the legal effect of a "Group Discharge" approval. Subject to and without waiving the foregoing objections, and subject to the Court's Order at Dkt. 92, MOHELA admits that loans for which the Department has transmitted discharge instructions to MOHELA and which MOHELA has processed as discharged are not required to be repaid.

**REQUEST FOR ADMISSION NO. 11:**

Admit that You have access to the National Student Loan Data System (NSLDS), which includes enrollment information for student loan borrowers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

MOHELA objects to the Request on the ground that it is unlimited as to time. MOHELA narrows this Request to the period of April 1, 2022 to September 4, 2024, the date Plaintiffs filed the Complaint in this action (the "Relevant Period"). MOHELA further objects on the ground that "enrollment information" is vague and ambiguous as presented in this context. Subject to and without waiving the foregoing objection, MOHELA admits that it had access to the National Student Loan Data System ("NSLDS") during the Relevant Period. MOHELA denies all other parts of this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You can use NSLDS to determine the school or schools related to a consolidation loan it services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

MOHELA objects to this Request as vague and ambiguous as to what it means to "determine the

school or schools related to a consolidation loan." MOHELA further objects on the grounds that it assumes the scope, completeness, and accuracy of information available in NSLDS. MOHELA neither controls nor verifies the accuracy or currentness of information reported to NSLDS by third parties. Subject to and without waiving the foregoing objections, MOHELA admits that it can "utilize NSLDS in order to find [] what school the borrower had attended on those underlying award IDs" on a consolidation loan. *See* L. Anthony Rule 30(b)(6) Dep. Tr. at 60:18–61:20. MOHELA denies all other parts of this request.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Your website allows borrowers to upload documents that You can review.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

MOHELA objects to this Request to the extent it is vague and ambiguous as to which "documents" it is referring to and at what point in time. MOHELA further objects to this Request on the ground that "Your website" is vague and ambiguous as presented in this context. Subject to and without waiving the foregoing objections, MOHELA admits that its website includes functionality that allows borrowers to upload certain documents, which MOHELA can then access and review, as appropriate.

**REQUEST FOR ADMISSION NO. 14:**

Admit that borrowers have uploaded copies of their Group Discharge notices through Your website.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "Group Discharge notice" and as lacking specificity as to time period and volume. For purposes of this Request, MOHELA interprets "Group Discharge notices" as the alleged communications from the Department notifying certain borrowers that their loan(s) "will be discharged" pursuant to the Group Discharge process and that "it will take the Department some time to process [the] discharge." *E.g.*, PLS0001126. MOHELA further objects to this Request on the ground that "Your website" is vague and ambiguous as presented in this context. Subject to and without

waiving the foregoing objections, MOHELA admits that borrowers could upload copies of Group Discharge notices that they may have received through MOHELA's website. MOHELA lacks sufficient information to admit or deny the remainder of this Request, and on that basis denies the remainder.

**REQUEST FOR ADMISSION NO. 15:**

Admit that You committed errors in your communications to Plaintiff Anna Varela by sending her billing statements on February 15, 2024, and on March 15, 2024, as referenced in Judge Chhabria's Order on the Parties Cross-Motions for Partial Summary Judgment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

MOHELA objects to this Request to the extent it characterizes MOHELA's sending of billing statements as "errors" and to the extent it calls for a legal conclusion. MOHELA further objects as vague and ambiguous as to what constitutes "billing statements." MOHELA further objects to this Request to the extent it incorporates findings or characterizations from the Court's Order that went beyond the scope of summary judgment and remain subject to dispute at trial. Subject to and without waiving the foregoing objections, MOHELA denies this Request as written. To the extent any "billing statement" sent to Plaintiff Varela on February 15, 2024, or March 15, 2024, is ultimately determined to have been sent in violation of any applicable statute or regulation, any such violation was not intentional, resulted from a *bona fide* error, and occurred notwithstanding MOHELA's maintenance of procedures reasonably adopted to avoid any such error. Moreover, any statement sent to Plaintiff Varela during the referenced period was generated as a result of her individualized account and servicing history.

**REQUEST FOR ADMISSION NO. 16:**

Admit that Plaintiff Anna Varela did not owe the balances reflected on the February and March 2024 billing statements at the time those billing statements were sent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

MOHELA objects to this Request as calling for a legal conclusion regarding what amounts Plaintiff Varela "owed" at the time the billing statements were sent, which turns on disputed

legal and factual questions regarding when discharge obligations arose and whether MOHELA had any obligation to treat her loans as discharged prior to receiving specific discharge instructions from the Department. MOHELA further objects as vague and ambiguous as to what constitutes "billing statements." MOHELA further objects to this Request to the extent it incorporates findings or characterizations from the Court's Order that went beyond the scope of summary judgment and remain subject to dispute at trial. Subject to and without waiving the foregoing objections, MOHELA denies this Request as stated. At the time of those communications, Varela had an outstanding federal student loan balance on her consolidation loan that MOHELA serviced.

**REQUEST FOR ADMISSION NO. 17:**

Admit that Your errors mentioned in Request No. 15 were intentional.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

MOHELA objects to this Request to the extent it characterizes MOHELA's sending of billing statements as "errors" and to the extent it calls for a legal conclusion. MOHELA further objects to this Request to the extent it incorporates findings or characterizations from the Court's Order that went beyond the scope of summary judgment and remain subject to dispute at trial. Subject to and without waiving the foregoing objections, MOHELA denies this Request as written. To the extent any communication is ultimately determined to have been sent in violation of any applicable statute or regulation, any such violation was not intentional, resulted from a *bona fide* error, and occurred notwithstanding MOHELA's maintenance of procedures reasonably adopted to avoid any such error. Moreover, any statement sent to Plaintiff Varela during the referenced period was generated as a result of her individualized account and servicing history.

**REQUEST FOR ADMISSION NO. 18:**

Admit that Your errors mentioned in Request No. 15 were unintentional.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

MOHELA objects to this Request to the extent it characterizes MOHELA's sending of billing statements as "errors" and to the extent it calls for a legal conclusion. MOHELA further objects

to this Request to the extent it incorporates findings or characterizations from the Court's Order that went beyond the scope of summary judgment and remain subject to dispute at trial. Subject to and without waiving the foregoing objections, MOHELA admits that to the extent any communication is ultimately determined to have been sent in violation of any applicable statute or regulation, any such violation was unintentional, resulted from a *bona fide* error, and occurred notwithstanding MOHELA's maintenance of procedures reasonably adopted to avoid any such error. Moreover, any statement sent to Plaintiff Varela during the referenced period was generated as a result of her individualized account and servicing history.

**REQUEST FOR ADMISSION NO. 19:**

Admit that You maintained policies and procedures designed to prevent the errors referred to in Request No. 15.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

MOHELA objects to this Request to the extent it characterizes MOHELA's actions as "errors" and to the extent it calls for a legal conclusion. MOHELA further objects to this Request to the extent it incorporates findings or characterizations from the Court's Order that went beyond the scope of summary judgment and remain subject to dispute at trial. Subject to and without waiving the foregoing objections, MOHELA admits that it maintains policies and procedures designed to avoid any such errors referenced in Request No. 15. Further, to the extent any action is ultimately determined to have been in violation of any applicable statute or regulation, any such violation was not intentional, resulted from a *bona fide* error, and occurred notwithstanding such policies and procedures. Moreover, any statement sent to Plaintiff Varela during the referenced period was generated as a result of her individualized account and servicing history.

**REQUEST FOR ADMISSION NO. 20:**

Admit that You did not maintain policies and procedures designed to prevent the errors mentioned in Request No. 15.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

MOHELA objects to this Request to the extent it characterizes MOHELA's actions as "errors"

and to the extent it calls for a legal conclusion. MOHELA further objects to this Request to the extent it incorporates findings or characterizations from the Court's Order that went beyond the scope of summary judgment and remain subject to dispute at trial. Subject to and without waiving the foregoing objections, MOHELA denies this Request as stated. To the extent any action is ultimately determined to have been in violation of any applicable statute or regulation, any such violation was not intentional, resulted from a *bona fide* error, and occurred notwithstanding MOHELA's maintenance of procedures reasonably adopted to avoid any such error. Moreover, any statement sent to Plaintiff Varela during the referenced period was generated as a result of her individualized account and servicing history.

**REQUEST FOR ADMISSION NO. 21:**

Admit that the Department sends You spreadsheets of consumer complaints related to accounts You service, such as MOHELA_017841.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

MOHELA objects to this Request as vague, ambiguous, and argumentative as to the phrase "spreadsheets of consumer complaints." MOHELA also objects to "such as" as it cannot respond to documents that are not included in the Request, and neither cannot it respond to the following Requests that refer back to this Request. Subject to and without waiving the foregoing objections, MOHELA denies this Request. Pursuant to section 32000 of Attachment 1 to the Department's Unified Servicing and Data Solution contract (the "USDS Contract"), inquiries or cases submitted to FSA through FSA's Feedback system "(sometimes referred to as Feedback & Dispute Management system or FDMS)" are "assigned to the contractor's queue" on the system. Section 32004.000 uses the term "cases" to describe inquiries assigned to a contractor's queue via the FDMS system. The document at MOHELA_017841, for example, appears to reflect data from the FDMS system.

**REQUEST FOR ADMISSION NO. 22:**

Admit that complaints in the spreadsheets referenced in Request No. 21 mentioned the Group Discharges.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

MOHELA objects to this Request on the ground that the use of the term "complaints" is argumentative. Section 32004.000 of the Attachment 1 to the USDS Contract uses the term "cases" in referring to communications assigned to a contractor's queue via the FDMS system. MOHELA further objects on the ground that this request seeks information beyond the scope of discoverable information. MOHELA_017841 consists of communications from nationwide borrowers unlimited to a particular subject or issue. Plaintiffs' putative class action is limited to only California residents, therefore data on nationwide borrowers is not responsive and disproportionate to the needs of the case. MOHELA further objects on the ground that the phrase "mentioned the Group Discharges" is vague and ambiguous as presented in this context. Moreover, such would require MOHELA to review thousands of rows of data, most of which concern borrowers who could never be part of the putative class nor even relate to the issues in this suit, thus unduly burdensome and disproportionate to the needs of the case. Moreover, MOHELA interprets this phrase to mean whether the document produced at MOHELA_017841 includes the phrase "group discharge." MOHELA objects on the ground that this Request seeks to conduct discovery on discovery, and this document is the subject of ongoing meet and confer efforts between the parties. Subject to and without waiving the foregoing objections, MOHELA denies that the document produced at MOHELA_017841 contains the term "group discharge." MOHELA denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 23:**

Admit that You reviewed internal documents to determine whether borrowers whose complaints were included in the spreadsheets referenced in Request No. 21 and whose complaints mentioned the Group Discharges were included in a Group Discharge File or a PCA File after receiving the complaint spreadsheets referenced in Request No. 21.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

MOHELA objects to this Request on the ground that the use of the term "complaints" is argumentative. Section 32004.000 of the Attachment 1 to the USDS Contract uses the term

"cases" in referring to communications assigned to a contractor's queue via the FDMS system. MOHELA further objects to this Request on the ground that it improperly seeks discovery on discovery. MOHELA further objects on the ground that this request seeks information beyond the scope of discoverable information. MOHELA_017841 consists of communications from nationwide borrowers unlimited to a particular subject or issue. Plaintiffs' putative class action is limited to only California residents, therefore data on nationwide borrowers is not responsive and disproportionate to the needs of the case. MOHELA further objects to this Request as vague and ambiguous as to the meaning of "reviewed internal documents" and as to the phrase "mentioned the Group Discharges" and as assuming that MOHELA had an obligation to cross-reference borrowers identified in the spreadsheet against Group Discharge Files or PCA Files, thereby creating new documents that do not exist in the ordinary course of business.

In light of the foregoing objections, this Request is entirely improper, and MOHELA therefore denies on that ground. MOHELA is willing to meet and confer regarding an appropriate revision of this Request, to the extent one exists. MOHELA denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 24:**

Admit that You did not review internal documents to determine whether borrowers whose complaints were included in the spreadsheets referenced in Request No. 21 and whose complaints mentioned the Group Discharges were included in a Group Discharge File or a PCA File after receiving the complaint spreadsheets referenced in Request No. 21.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

MOHELA objects to this Request on the ground that the use of the term "complaints" is argumentative. Section 32004.000 of the Attachment 1 to the USDS Contract uses the term "cases" in referring to communications assigned to a contractor's queue via the FDMS system. MOHELA further objects to this Request on the ground that it improperly seeks discovery on discovery. MOHELA further objects on the ground that this request seeks information beyond the scope of discoverable information. MOHELA_017841 consists of communications from nationwide borrowers unlimited to a particular subject or issue. Plaintiffs' putative class action is

limited to only California residents, therefore data on nationwide borrowers is not responsive and disproportionate to the needs of the case. MOHELA further objects to this Request as vague and ambiguous as to the meaning of "review internal documents" and as to the phrase “mentioned the Group Discharges” and as assuming that MOHELA had an obligation to cross-reference borrowers identified in the spreadsheet against Group Discharge Files or PCA Files. Subject to and without waiving the foregoing objections, MOHELA admits that it did not conduct a review of internal documents to cross-reference borrowers identified in the spreadsheet referenced in Request No. 21 against Group Discharge Files or PCA Files and denies that it had any obligation to conduct such a review in the ordinary course. MOHELA denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 25:**

Admit that You reviewed internal records and/or NSLDS to determine whether borrowers whose complaints were included in the spreadsheets referenced in Request No. 21 and whose complaints mentioned the Group Discharges were approved for Group Discharge based on the school(s) their loans were taken to attend and their dates of attendance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

MOHELA objects to this Request on the ground that the use of the term “complaints” is argumentative. Section 32004.000 of the Attachment 1 to the USDS Contract uses the term “cases” in referring to communications assigned to a contractor’s queue via the FDMS system. MOHELA further objects to this Request on the ground that it improperly seeks discovery on discovery. MOHELA further objects on the ground that this request seeks information beyond the scope of discoverable information. MOHELA_017841 consists of communications from nationwide borrowers unlimited to a particular subject or issue. Plaintiffs’ putative class action is limited to only California residents, therefore data on nationwide borrowers is not responsive and disproportionate to the needs of the case. MOHELA further objects to this Request as vague and ambiguous as to the meaning of "reviewed internal records" and as to the phrase “mentioned the Group Discharges” and as assuming that MOHELA had an obligation to cross-reference borrowers identified in the spreadsheet against internal records and/or NSLDS. In light of the

foregoing objections, this Request is entirely improper, and MOHELA therefore denies on that ground. MOHELA is willing to meet and confer regarding an appropriate revision of this Request, to the extent one exists. MOHELA denies the remainder of this Request.

**REQUEST FOR ADMISSION NO. 26:**

Admit that You did not review internal records and/or NSLDS to determine whether borrowers whose complaints were included in the spreadsheets referenced in Request No. 21 and whose complaints mentioned the Group Discharges were approved for Group Discharge based on the school(s) their loans were taken to attend and their dates of attendance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

MOHELA objects to this Request on the ground that the use of the term "complaints" is argumentative. Section 32004.000 of the Attachment 1 to the USDS Contract uses the term "cases" in referring to communications assigned to a contractor's queue via the FDMS system. MOHELA further objects to this Request on the ground that it improperly seeks discovery on discovery. MOHELA further objects on the ground that this request seeks information beyond the scope of discoverable information. MOHELA_017841 consists of communications from nationwide borrowers unlimited to a particular subject or issue. Plaintiffs' putative class action is limited to only California residents, therefore data on nationwide borrowers is not responsive and disproportionate to the needs of the case. MOHELA further objects to this Request as vague and ambiguous as to the meaning of "review internal records" and as to the phrase "mentioned the Group Discharges" and as assuming that MOHELA had an obligation to cross-reference borrowers identified in the spreadsheet against internal records and/or NSLDS. Subject to and without waiving the foregoing objections, MOHELA admits that it did not conduct a review of internal records or NSLDS to cross-reference borrowers identified in the spreadsheet referenced in Request No. 21 against Group Discharge Files and denies that it had any obligation to conduct such a review in the ordinary course. MOHELA denies the remainder of this Request.

//

**<u>REQUEST FOR ADMISSION NO. 27</u>:**

Admit that You receive complaints directly from borrowers whose accounts you service.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 27</u>:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes "complaints directly from borrowers." Subject to and without waiving the foregoing objections, MOHELA admits that it receives direct inquiries from borrowers whose accounts it services. *See, e.g.*, J. Melear Rule 30(b)(6) Dep. Tr. at 210:4-9, 211:17–213, 215:12-216-2: M. Bates Rule 30(b)(6) Dep. Tr. at 40:8–41:1, 75:7-76:16.

**<u>REQUEST FOR ADMISSION NO. 28</u>:**

Admit that You track all complaints You receive directly from borrowers whose accounts you service in complaint spreadsheets (e.g., MOHELA_018321, MOHELA_018732).

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 28</u>:**

MOHELA objects to this Request as vague and ambiguous as to the terms "track all complaints" and "complaint spreadsheets." MOHELA further objects to this Request as vague and ambiguous as to what constitutes "complaints." MOHELA also objects to "e.g." as it cannot respond to documents that are not included in the Request. Subject to and without waiving the foregoing objections, MOHELA admits that it maintains records of borrowers' inquiries. MOHELA denies the remainder of this Request.

**<u>REQUEST FOR ADMISSION NO. 29</u>:**

Admit that you do not track all complaints You receive directly from borrowers whose accounts you service in complaint spreadsheets.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 29</u>:**

MOHELA objects to this Request as vague and ambiguous as to the phrase "track all complaints." MOHELA further objects to this Request as vague and ambiguous as to what constitutes "complaints." Subject to and without waiving the foregoing objections, MOHELA denies this Request as stated. MOHELA maintains records of borrowers' inquiries.

//

**<u>REQUEST FOR ADMISSION NO. 30</u>:**

Admit that the complaint spreadsheets referenced in Request No. 28 assign each complaint a "complaint reason" or "case reason" and contain a description of each complaint.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 30</u>:**

MOHELA objects to this Request as vague and ambiguous as to the "description of each complaint." Subject to and without waiving the foregoing objections, MOHELA admits that the documents referenced in Request No. 28 use the phrases "complaint reason" or "case reason," and have a description column.

**<u>REQUEST FOR ADMISSION NO. 31</u>:**

Admit that complaints You receive directly from borrowers mentioned the Group Discharges.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 31</u>:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes "complaints." MOHELA objects to the phrase "mentioned Group Discharges" as vague and ambiguous as presented in this context. MOHELA interprets "mentioned Group Discharges" to mean relating to the Department's announcements and communications with borrowers to discharge at some unknown point in the future certain loans for certain borrowers who attended certain for-profit institutions. Subject to and without waiving the foregoing objections, MOHELA admits generally that it has received inquiries from borrowers relating to Group Discharge. MOHELA denies the remainder of this Request.

**<u>REQUEST FOR ADMISSION NO. 32</u>:**

Admit that You reviewed internal documents to determine whether borrowers who make complaints directly to You and whose complaints mentioned the Group Discharges were included in a Group Discharge File or a PCA File after receiving the complaints.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 32</u>:**

MOHELA objects to this Request on the ground that it improperly seeks discovery on discovery. MOHELA objects to this Request on the ground that it is unintelligible as to whether it seeks an admission regarding whether MOHELA "review[ed] internal documents" or whether MOHELA

reviewed a "Group Discharge File or a PCA File," or both. MOHELA further objects to this Request as vague and ambiguous as to the meaning of "reviewed internal documents," and as incorporating the phrase "mentioned the Group Discharges," which is vague and ambiguous. MOHELA further objects to the phrase "mentioned Group Discharges" as vague and ambiguous as presented in this context. MOHELA interprets "mentioned Group Discharges" to mean relating to the Department's announcements and communications with borrowers to discharge at some unknown point in the future certain loans for certain borrowers who attended certain for-profit institutions. MOHELA further objects on the ground that the use of the term "complaints" is vague and ambiguous because it is not clear what constitutes a "complaint" as used in this Request. MOHELA further objects to the extent this Request assumes MOHELA had an obligation to conduct such a review and create documents that do not exist in the ordinary course of business. Subject to and without waiving the foregoing objections, MOHELA admits it at times reviewed borrowers' internal account records, which may include Group Discharge Files or PCA Files associated with a borrower's account, after receiving certain borrower complaints.

**REQUEST FOR ADMISSION NO. 33:**

Admit that You did not review internal documents to determine whether borrowers who make complaints directly to You and whose complaints mentioned the Group Discharges were included in a Group Discharge File or a PCA File after receiving the complaints.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

MOHELA objects to this Request on the ground that it is unintelligible as to whether it seeks an admission regarding whether MOHELA "review[ed] internal documents" or whether MOHELA reviewed a "Group Discharge File or a PCA File," or both. MOHELA further objects to this Request as vague and ambiguous as to the meaning of "reviewed internal documents," and as incorporating the phrase "mentioned the Group Discharges," which is vague and ambiguous. MOHELA further objects to the phrase "mentioned Group Discharges" as vague and ambiguous as presented in this context. MOHELA interprets "mentioned Group Discharges" to mean relating to the Department's announcements and communications with borrowers to discharge at

some unknown point in the future certain loans for certain borrowers who attended certain for-profit institutions. MOHELA further objects on the ground that the use of the term "complaints" is vague and ambiguous because it is not clear what constitutes a "complaint" as used in this Request. MOHELA further objects to the extent this Request assumes MOHELA had an obligation to conduct such a review and create documents that do not exist in the ordinary course of business. Subject to and without waiving the foregoing objections, MOHELA denies this Request. MOHELA reviewed borrowers' internal account records, which may include Group Discharge Files or PCA Files associated with a borrower's account, after receiving certain borrower inquiries.

**REQUEST FOR ADMISSION NO. 34:**

Admit that You reviewed internal records and/or NSLDS to determine borrowers who make complaints directly to You and whose complaints mentioned the Group Discharges were approved for Group Discharge based on the school(s) their loans were taken to attend and their dates of attendance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

MOHELA objects to this Request as vague and ambiguous as to the meaning of "reviewed internal records," and as incorporating the phrase "mentioned the Group Discharges," which is vague and ambiguous. MOHELA further objects to the extent this Request assumes MOHELA had an obligation to conduct such a review. Subject to and without waiving the foregoing objections, MOHELA admits that in responding to certain direct borrower complaints referencing Group Discharge, MOHELA at times reviewed internal records and/or NSLDS information, which may have included information about the school or schools associated with a borrower's loans and relevant dates of attendance.

**REQUEST FOR ADMISSION NO. 35:**

Admit that You did not review internal records and/or NSLDS to determine whether borrowers who make complaints directly to You and whose complaints mentioned the Group Discharges were approved for Group Discharge based on the school(s) their loans

were taken to attend and their dates of attendance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

MOHELA objects to this Request as vague and ambiguous as to the meaning of "review internal records," and as incorporating the phrase "mentioned the Group Discharges," which is vague and ambiguous. MOHELA further objects to the extent this Request assumes MOHELA had an obligation to conduct such a review. Subject to and without waiving the foregoing objections, MOHELA denies this Request.

**REQUEST FOR ADMISSION NO. 36:**

Admit that the Department of Education's Business Operations Servicing Requirements direct You to respond to conduct a reasonable investigation when responding to borrower complaints.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

MOHELA objects to this Request as vague and ambiguous as to the specific provision of the Department's Business Operations Servicing Requirements ("BOSR") referenced, and to the extent it calls for a legal conclusion regarding the scope of that requirement. Subject to and without waiving the foregoing objections, MOHELA admits that the Department's BOSR includes a section regarding responding to borrower complaints, which outlines any reasonable investigation required. *See* BOSR § 32000.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the Department of Education's Business Operations Servicing Requirements direct You to notify FSA of any trends or issues affecting more than 25 borrowers that are identified during responding to credit disputes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

MOHELA objects to this Request as vague and ambiguous as to "trends or issues" and as to the specific provision of the Department's Business Operations Servicing Requirements ("BOSR") referenced, and to the extent it calls for a legal conclusion regarding the scope of that requirement. Subject to and without waiving the foregoing objections, MOHELA admits that the

BOSR includes a provision stating that, for credit history disputes, "the contractor shall notify FSA of any trends or issues affecting more than 25 borrowers that are identified during responding to disputes." BOSR § 30020.020.

**REQUEST FOR ADMISSION NO. 38:**

Admit that You have received credit disputes from at least 25 borrowers relating to their Group Discharge approvals.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "credit dispute" from at least 25 borrowers relating to "their Group Discharge approvals" and as to the relevant time period. In light of the foregoing objections, this Request is entirely improper, and MOHELA therefore denies on that ground. MOHELA is willing to meet and confer regarding an appropriate revision of this Request, to the extent one exists.

**REQUEST FOR ADMISSION NO. 39:**

Admit that You have notified FSA about the disputes referenced in Request No. 38.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "credit dispute" from at least 25 borrowers relating to "their Group Discharge approvals" as referenced in Request No. 38. In light of the foregoing objections, this Request is entirely improper, and MOHELA therefore denies on that ground. MOHELA is willing to meet and confer regarding an appropriate revision of this Request, to the extent one exists.

**REQUEST FOR ADMISSION NO. 40:**

Admit that You have not notified FSA about the disputes referenced in Request No. 38.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "credit dispute" from at least 25 borrowers relating to "their Group Discharge approvals" as referenced in Request No. 38. In light of the foregoing objections, this Request is entirely improper, and MOHELA therefore denies on that ground. MOHELA is willing to meet and confer regarding an

appropriate revision of this Request, to the extent one exists.

**REQUEST FOR ADMISSION NO. 41:**

Admit that You can suppress credit reporting of any tradeline.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

MOHELA objects to this Request as vague and ambiguous as to what it means to "suppress" credit reporting and as to whether the Request is limited to MOHELA's technical capabilities or encompasses its contractual authority to do so unilaterally. Subject to and without waiving the foregoing objections, MOHELA denies this Request. MOHELA can only suppress tradelines for federal student borrowers and federal student loans when specifically instructed by FSA to do so.

**REQUEST FOR ADMISSION NO. 42:**

Admit that You receive PCA Files from the Department of Education.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

MOHELA admits that it receives post-consolidation adjustment files ("PCA Files") from the Department of Education, which instructs MOHELA to apply upward or downward adjustments to borrowers' accounts, but do not provide the Department's rationale for doing so.

**REQUEST FOR ADMISSION NO. 43:**

Admit that You receive PCA Files from other student loan servicers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

MOHELA objects to this Request as vague and ambiguous as to what it means to receive PCA Files "from other student loan servicers" as opposed to from the Department of Education. Subject to and without waiving the foregoing objections, MOHELA denies that it receives PCA files from other student loan servicers. *See, e.g.*, K. Siess 30(b)(6) Dep. Tr. at 26:23-25.

**REQUEST FOR ADMISSION NO. 44:**

Admit that the PCA Files You receive include borrower names and Social Security Numbers.

//

//

//

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 44</u>:**

MOHELA admits that PCA Files it receives from the Department include "a borrower name, a Social [Security Number], the consolidation information and the disbursement information[.]" K. Siess 30(b)(6) Dep. Tr. at 85:13-20 ("Yes").

**<u>REQUEST FOR ADMISSION NO. 45</u>:**

Admit that the PCA Files include information about how a borrower's outstanding balance should be adjusted.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 45</u>:**

Deny. The PCA Files that MOHELA receives from the Department include information about "adjustment[s] to a loan's *disbursement*." K. Siess 30(b)(6) Dep. Tr. at 30:7-31:14 (emphasis added).

**<u>REQUEST FOR ADMISSION NO. 46</u>:**

Admit that You did not review internal records and/or NSLDS to determine whether borrowers whose loans are included in PCA Files as receiving downward adjustments are approved for Group Discharge, based on the school(s) their loans were taken to attend and their dates of attendance.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 46</u>:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "review" and as assuming MOHELA had an obligation to conduct such a cross-reference. Subject to and without waiving the foregoing objections, deny. MOHELA does, at times, utilize the National Student Loan Data System ("NSLDS") as part of its processing operations. L. Anthony 30(b)(6) Dep. Tr. at 57:1-7 ("The only way that MOHELA can determine a school that is attached to an award ID would be for us to utilize the department's external program, which is NSLDS."); *see also id.* at 61:6-20 ("[A]n agent would utilize NSLDS in cases on consolidation loans similarly because consolidation loans contain underlying award IDs that were taken out from borrowers that may have attended multiple schools. . . . So they would have to utilize NSLDS in order to find, you know, what school the borrower had attended on those underlying award IDs so that we can prep our letter appropriately.").

**REQUEST FOR ADMISSION NO. 47:**

Admit that You have the technical ability to review internal records and/or NSLDS to determine whether borrowers whose loans are included in PCA Files as receiving downward adjustments are approved for Group Discharge, based on the school(s) their loans were taken to attend and their dates of attendance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

MOHELA objects to the Request on the ground that it is unlimited as to time. MOHELA further objects to the Request as vague and ambiguous as to the phrase "technical ability," which is subject to multiple interpretations. MOHELA narrows this Request to the period of April 1, 2022 to September 4, 2024, the date Plaintiffs filed the Complaint in this action (the "Relevant Period"). Subject to and without waiving the foregoing objection, MOHELA admits that it had access to the National Student Loan Data System ("NSLDS") during the Relevant Period. MOHELA denies all other parts of this Request.

**REQUEST FOR ADMISSION NO. 48:**

Admit that You maintained reasonable procedures to ensure that You did not report to CRAs that borrowers approved for Group Discharge owed and would have to repay amounts that they did not owe and would not have to repay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

MOHELA objects to this Request to the extent it calls for a legal conclusion as to whether MOHELA's procedures were "reasonable" under applicable law, and to the extent it assumes MOHELA reported inaccurate information, which MOHELA denies. Subject to and without waiving the foregoing objections, MOHELA admits that it maintains policies and procedures governing credit reporting, including those reflected in documents produced in this action, such as MOHELA_003174, MOHELA_003178, MOHELA_004195, MOHELA_004202, MOHELA_004205, MOHELA_004215, MOHELA_005062, and MOHELA_005069, and that those procedures were designed to ensure accurate credit reporting consistent with its contractual and legal obligations.

**REQUEST FOR ADMISSION NO. 49:**

Admit that You did not maintain reasonable procedures to ensure that You did not report to CRAs that borrowers approved for Group Discharge owed and would have to repay amounts that they did not owe and would not have to repay.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

MOHELA objects to this Request to the extent it calls for a legal conclusion as to whether MOHELA's procedures were "reasonable" under applicable law, and to the extent it assumes MOHELA reported inaccurate information, which MOHELA denies. Subject to and without waiving the foregoing objections, MOHELA denies that it failed to maintain reasonable procedures to ensure that it did not report inaccurate information to credit reporting agencies.

**REQUEST FOR ADMISSION NO. 50:**

Admit that the Return to Repayment notifications You sent to borrowers in 2023 (e.g., MOHELA_001414) were Form Letters.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "Form Letter." MOHELA also objects to "e.g." as it cannot respond to documents that are not included in the Request. Subject to and without waiving the foregoing objections, MOHELA admits that the Return to Repayment notifications sent to borrowers were "based on the template . . . that had been reviewed and approved by FSA." S. Lester 30(b)(6) Dep. Tr. II at 59:23-60:2. Individual borrower communications may vary due to individualized issues, such as the specific substance of the borrower's communication, the date of the borrower's communication, the borrower's individual loan history, activity, payment plan, account status at the time of the communication, and the available account information at the time of the communication, along with potentially many other issues.

**REQUEST FOR ADMISSION NO. 51:**

Admit that the Disclosure Statements You send to borrowers (e.g., MOHELA_001730) are Form Letters.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 51</u>:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "Form Letter." MOHELA also objects to "e.g." as it cannot respond to documents that are not included in the Request. Subject to and without waiving the foregoing objections, MOHELA admits that the Disclosure Statement sent to borrowers produced at MOHELA_001730, was a "template letter that is sent by MOHELA." S. Lester 30(b)(6) Dep. Tr. II at 62:13-21; *see also id.* at 12:25-13:3 ("We use a variety of templates that we either receive from FSA or that we create that are approved from FSA."). Individual borrower communications may vary due to individualized issues, such as the specific substance of the borrower's communication, the date of the borrower's communication, the borrower's individual loan history, activity, payment plan, account status at the time of the communication, and the available account information at the time of the communication, along with potentially many other issues.

**<u>REQUEST FOR ADMISSION NO. 52</u>:**

Admit that the forbearance notifications You send to borrowers (e.g., MOHELA_001352) are Form Letters.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 52</u>:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "Form Letter." MOHELA also objects to "e.g." as it cannot respond to documents that are not included in the Request. Subject to and without waiving the foregoing objections, MOHELA admits that the forbearance notification produced at MOHELA_001352, was a standardized communication generated from templates, and approved by FSA, and sent to multiple borrowers. Individual borrower communications may vary due to individualized issues, such as the specific substance of the borrower's communication, the date of the borrower's communication, the borrower's individual loan history, activity, payment plan, account status at the time of the communication, and the available account information at the time of the communication, along with potentially many other issues.

//

**REQUEST FOR ADMISSION NO. 53:**

Admit that the billing statements You send to borrowers (e.g., MOHELA_001574) are Form Letters.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "Form Letter." MOHELA also objects to "e.g." as it cannot respond to documents that are not included in the Request. Subject to and without waiving the foregoing objections, MOHELA admits that the billing statement sent to borrowers produced at MOHELA_001574, was a standardized communication generated from a template and sent to borrowers. Individual borrower communications may vary due to individualized issues, such as the specific substance of the borrower's communication, the date of the borrower's communication, the borrower's individual loan history, activity, payment plan, account status at the time of the communication, and the available account information at the time of the communication, along with potentially many other issues.

**REQUEST FOR ADMISSION NO. 54:**

Admit that the notifications You sent to borrowers regarding non-capitalization of interest during the COVID payment pause (e.g., MOHELA_001578) were Form Letters.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "Form Letter." MOHELA also objects to "e.g." as it cannot respond to documents that are not included in the Request. Subject to and without waiving the foregoing objections, MOHELA admits that the notification regarding non-capitalization of interest during the COVID payment pause produced at MOHELA_001578, was a standardized communication generated from a template, approved by FSA, and sent to borrowers. Individual borrower communications may vary due to individualized issues, such as the specific substance of the borrower's communication, the date of the borrower's communication, the borrower's individual loan history, activity, payment plan, account status at the time of the communication, and the available account information at the

time of the communication, along with potentially many other issues.

**REQUEST FOR ADMISSION NO. 55:**

Admit that the notices You send to borrowers regarding repayment and loan forgiveness options (e.g., MOHELA_001579) are Form Letters.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "Form Letter." MOHELA also objects to "e.g." as it cannot respond to documents that are not included in the Request. Subject to and without waiving the foregoing objections, MOHELA admits that the notice regarding repayment and loan forgiveness options produced at MOHELA_001579, was a standardized communication generated from a template, and approved by FSA, and sent to borrowers. Individual borrower communications may vary due to individualized issues, such as the specific substance of the borrower's communication, the date of the borrower's communication, the borrower's individual loan history, activity, payment plan, account status at the time of the communication, and the available account information at the time of the communication, along with potentially many other issues.

**REQUEST FOR ADMISSION NO. 56:**

Admit that the IDR approval letters You send to borrowers (e.g., MOHELA_001710) are Form Letters.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes a "Form Letter." MOHELA also objects to "e.g." as it cannot respond to documents that are not included in the Request. Subject to and without waiving the foregoing objections, MOHELA admits that the IDR approval letter produced at MOHELA_001710, was a standardized communication generated from a template, and approved by FSA, and sent to borrowers. Individual borrower communications may vary due to individualized issues, such as the specific substance of the borrower's communication, the date of the borrower's communication, the borrower's individual loan history, activity, payment plan, account status at the time of the communication, and the

available account information at the time of the communication, along with potentially many other issues.

**REQUEST FOR ADMISSION NO. 57:**

Admit that You did not make any adjustments to Your reporting of borrower and loan information to CRAs until after You processed discharges for borrowers whose loan information was contained in Group Discharge Files, not upon receiving notice from the Department of Education about the Group Discharges.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

MOHELA objects to this Request as vague and ambiguous as to the meaning of "notice" and as incorporating the characterization that public Group Discharge announcements imposed obligations on MOHELA, which is inconsistent with the Court's Order at Dkt. 92. Subject to and without waiving the foregoing objections, MOHELA denies this Request. Upon receiving a group discharge file from the Department, and before MOHELA fully processed the discharge instructions in those files, MOHELA immediately placed borrowers' accounts on forbearance where one or more of their loans appeared in group discharge files. *See* L. Anthony Rule 30(b)(6) Dep. Tr. 45:13-24; M. Bates Rule 30(b)(6) Dep. Tr. 206:3-08. MOHELA's reporting to CRAs would reflect this account status update. Separately, at times, for example, the Department has also instructed MOHELA to place certain borrowers into forbearance status without regard to whether that borrower has appeared in a group discharge file. MOHELA would accordingly place those borrowers in forbearance and report that account status update to the CRAs.

**REQUEST FOR ADMISSION NO. 58:**

Admit that You did not make any adjustments to Your reporting of borrower and loan information to CRAs until after You processed discharges for borrowers whose loan information was contained in PCA Files, not upon receiving notice from the Department of Education about the Group Discharges.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

MOHELA objects to this Request as vague and ambiguous as to the meaning of "notice" and as

incorporating the characterization that public Group Discharge announcements imposed obligations on MOHELA, which is inconsistent with the Court's Order at Dkt. 92. Subject to and without waiving the foregoing objections, MOHELA denies this Request. Upon receiving a group discharge file from the Department, and before MOHELA fully processed the discharge instructions in those files, MOHELA immediately placed borrowers' accounts on forbearance where one or more of their loans appeared in group discharge files. *See* L. Anthony Rule 30(b)(6) Dep. Tr. 45:13-24; M. Bates Rule 30(b)(6) Dep. Tr. 206:3-08. MOHELA's reporting to CRAs would reflect this account status update. Separately, at times, the Department has also instructed MOHELA to place certain borrowers into forbearance status without regard to whether that borrower has appeared in a group discharge file. MOHELA would accordingly place those borrowers in forbearance and report that account status update to the CRAs.

**REQUEST FOR ADMISSION NO. 59:**

Admit that, when reporting borrower and loan information to CRAs, You did not use any Metro 2 Special Comment Codes to indicate that the balances reflected for borrowers whose loans were approved for Group Discharge would not have to be repaid.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

MOHELA objects to this Request as vague and ambiguous as to which Metro 2 "Special Comment Codes" would have permitted MOHELA to indicate that the balances reflected for borrowers whose loans were approved for Group Discharge at some future, undetermined date would not have to be repaid. Subject to and without waiving the foregoing objections, MOHELA denies that the Metro 2 credit reporting format includes any Special Comment Code that would permit a servicer to indicate that a borrower's outstanding loan balance would not have to be repaid on the basis of a pending Group Discharge that had not yet been processed. Moreover, the Department did not instruct MOHELA to use any Special Comment Code in its reporting to CRAs to reflect a borrower's group loan discharge was pending, and MOHELA doesn't have "discretion to simply report a special comment code if it is not outlined by FSA." *E.g.*, M. Bates Rule 30(b)(6) Dep. Tr. at 54:16-55:4. Because no such Special Comment Code exists in the

Metro 2 format, MOHELA denies that it had any obligation to apply such a code, and states that its credit reporting practices were consistent with the Metro 2 format and applicable credit reporting requirements.

**REQUEST FOR ADMISSION NO. 60:**

Admit that You do not use different Form Letters for borrowers whose loans are subject to Group Discharge than for borrowers whose loans are not subject to Group Discharge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

MOHELA objects to this Request as vague and ambiguous as to what constitutes "different Form Letters" and as to what it means for loans to be "subject to Group Discharge" prior to discharge processing. Subject to and without waiving the foregoing objections, MOHELA denies this Request as stated. MOHELA sent certain standardized servicing communications generated from templates approved by FSA to borrowers without differentiation based on a borrower's approval for Group Discharge, however MOHELA also sent certain group-discharge-specific communications to certain borrowers whose loans appeared on a group discharge file that were not sent to borrowers whose loans were not subject to Group Discharge.

**REQUEST FOR ADMISSION NO. 61:**

Admit that You did not develop or use correspondence (including, but not limited to, Form Letters) to indicate to borrowers whose loans are approved for Group Discharge that their loan balances do not have to be repaid.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

MOHELA objects to this Request as vague and ambiguous as to the meaning of "approved for Group Discharge" and as to MOHELA's obligations prior to receiving discharge processing instructions from the Department. MOHELA further objects to this Request as vague and ambiguous as to what constitutes " Form Letters." Subject to and without waiving the foregoing objections, MOHELA admits that it did not develop or send mass communications to all borrowers whose loans appeared on a group discharge file that MOHELA received from the Department. MOHELA's communications with borrowers whose loans appeared on a group

discharge file were individualized and varied from borrower-to-borrower based on the individualized circumstances of borrowers' communications and account statuses, such as the specific substance of the borrower's communication, the date of the borrower's communication, the borrower's individual loan history, activity, payment plan, account status at the time of the communication, and the available account information at the time of the communication, along with potentially many other issues.

**REQUEST FOR ADMISSION NO. 62:**

Admit that You did not implement processes or procedures that would allow customer-facing representatives to determine whether a borrower contacting MOHELA for information had loans approved for Group Discharge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

MOHELA objects to this Request to the extent it calls for a legal conclusion as to what processes MOHELA was obligated to implement, and as vague and ambiguous as to "customer-facing representatives" and what it means to "determine" Group Discharge status. Subject to and without waiving the foregoing objections, MOHELA denies the Request as written.

**REQUEST FOR ADMISSION NO. 63:**

Admit that You did not train customer-facing representatives to confirm whether a borrower contacting MOHELA for information had loans approved for Group Discharge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

MOHELA objects to this Request to the extent it calls for a legal conclusion as to what training MOHELA was obligated to provide, and as vague and ambiguous as to "customer-facing representatives" and what it means to "confirm" Group Discharge status. Subject to and without waiving the foregoing objections, MOHELA denies the Request as written.

**REQUEST FOR ADMISSION NO. 64:**

Admit that You send billing statements like the ones referenced in Request No. 15 to borrowers in an attempt to collect payments.

//

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 64</u>:**

MOHELA objects to this Request as vague, ambiguous, and calling for a legal conclusion to the extent the phrase "in an attempt to collect payments" imports terminology from debt collection statutes or otherwise characterizes the legal nature of MOHELA's billing statements. MOHELA further objects that the term "billing statements" are vague and ambiguous. MOHELA further objects to this Request to the extent it assumes that billing statements sent in the ordinary course of loan servicing constitute "debt collection" activity, which MOHELA disputes. Subject to and without waiving the foregoing objections, MOHELA denies the Request as written and denies that such communications are "billing statements."

Date: August 18, 2026

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Jacquelyn E. Fradette
Amy P. Lally
Sheila A.G. Armbrust
Jacquelyn E. Fradette
Tony S. Mekari

*Attorneys for Defendant*
*Higher Education Loan Authority of the State of Missouri*

**CERTIFICATE OF SERVICE**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 101 California Street, Suite 3500, San Francisco, CA 94111.

On August 18, 2026, I served the foregoing document(s) described as **DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS** on all interested parties in this action as follows:

| | |
|---|---|
| Noah Zinner<br>nzinner@ppsl.org<br>Rebecca C. Eisenbrey<br>reisenbrey@ppsl.org<br>Rebecca C. Ellis<br>rellis@ppsl.org<br>PROJECT ON PREDATORY STUDENT LENDING<br>769 Centre Street<br>Jamaica Plain, MA 02130 | Adam McNeile<br>adam@kbklegal.com<br>Malachi J. Haswell<br>kai@kbklegal.com<br>Sean Barry<br>sean@kbklegal.com<br>KEMNITZER, BARRON & KRIEG LLP<br>1120 Mar West Street, Suite C2<br>Tiburon, CA 94920 |
| Daniel "Sparky" Abraham<br>sparky@jubilee.legal<br>JUBILEE LEGAL<br>300 E. Esplanade Drive, Suite 900<br>Oxnard, CA 93036 | |
| *Attorneys for Plaintiffs*<br>*JAIME MALDONADO, ANNA VARELA, ALMA GARY, and JEFF PLAMONDON* | |

☒ (VIA E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above, concurrently with the transmittal of this e-mail. I am familiar with the e-mail delivery system used, and will notify the parties, within a reasonable time after the transmission, of any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 18, 2026, at San Francisco, California.

*/s/ Tony Mekari*
Tony Mekari