United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAIME MALDONADO, et al.,<br>Plaintiffs,<br>v.<br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI (MOHELA),<br>Defendant. | Case No. 24-cv-07850-VC (PHK)<br>**DISCOVERY ORDER**<br>Re: Dkt. 185 |

**INTRODUCTION**

All discovery matters in this case have been referred to the undersigned. [Dkts. 53, 55]. Now before the Court is a joint discovery letter brief regarding a dispute between the Plaintiffs Jaime Maldonado, et al. ("Plaintiffs") and Defendant MOHELA ("Defendant") regarding whether MOHELA should be compelled to provide certain discovery. [Dkt. 185]. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

**LEGAL STANDARD**

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may

limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The relevant legal standards for discovery are well-known. Rule 26(b)(1) delineates the scope of discovery in federal civil actions and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id.* Relevancy for purposes of discovery is broadly defined to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)); *see also In re Facebook, Inc. Consumer Privacy User Profile Litig.*, No. 18-MD-2843 VC (JSC), 2021 WL 10282215, at *4 (N.D. Cal. Sept. 29, 2021) ("Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial.") (alteration omitted).

While the scope of relevance is broad, discovery is not unlimited. *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries."). Information, even if relevant, must be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed. R. Civ. P. 26(b)(1). The 2015 amendments to Rule 26(b)(1) emphasize the need to impose reasonable limits on discovery through increased reliance on the commonsense concept of proportionality: "The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry. The [proportionality requirement] is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. In evaluating the proportionality of a discovery request, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense

of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

With regard to proportionality, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. "A party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination. A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

As part of its inherent discretion and authority, the Court has broad discretion in determining relevancy for discovery purposes. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (*citing Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Similarly, a district court's determination as to proportionality of discovery is within the district court's discretion. *See Jones v. Riot Hospitality Grp. LLC*, 95 F.4th 730, 737-38 (9th Cir. 2024) (finding district court did not abuse discretion on proportionality ruling). Ultimately, "the timing, sequencing and proportionality of discovery is left to the discretion of the Court." *Toro v. Centene Corp.*, No. 19-cv-05163 LHK (NC), 2020 WL 6108643, at *1 (N.D. Cal. Oct. 14, 2020).

**DISCUSSION**

In the instant discovery letter brief, the Parties dispute whether Defendant should be

compelled to provide certain discovery. [Dkt. 185]. The discovery requests at issue were served in 2025. *Id.* at 1. On April 2, 2026, Judge Chhabria set the Fact Discovery Deadline for July 31, 2026. *See* Dkt. 142 at 5. The Parties met and conferred in July and August 2026 concerning the discovery requests at issue here. [Dkt. 185 at 1-2]. Under Civil L.R. 37-3, "no motions related to fact discovery may be filed more than 7 days after the fact discovery cut-off[.]" The instant motion was filed on November 3, 2026, more than three months after the fact discovery cut-off. [Dkt. 185].

Plaintiff argues that the requested discovery is relevant to commonality and willfulness and cites case law in support of the argument that the requested discovery is relevant to class certification issues. [Dkt. 185 at 2-3]. As noted, fact discovery leading up to the class certification motion ended on July 31, 2026. Defendant argues that, to the extent the requested files are needed to identify members of the putative class, the Court should defer until after any class is certified the requested individualized borrower inquiries (which would take, according to Defendant, 75 hours of attorney time to process). In light of the record presented, pursuant to Civil L.R. 37-3, the motion is **DENIED WITHOUT PREJUDICE.**

It is apparent from the case schedule and docket that the Parties should have been focusing their efforts on summary judgment and class certification and finishing related expert discovery. Fact discovery on class certification ended months ago, and no new deadline for any future fact discovery has been set (and, to be clear, the undersigned makes no findings implicit or express on the merits of class certification or the pending summary judgment motion). If and when any such new period of fact discovery is set, and if the requested discovery remains at issue at that stage, the Court encourages the Parties to meet and confer in a renewed effort to resolve these disputes.

The Court notes that the Parties' discovery letter brief refers to or characterizes at least some of the "meet and confer" efforts here as having been conducted via correspondence. *See, e.g.*, Dkt. 185 at 2. Sending emails or correspondence is neither "meeting and conferring," nor "conferring." *See* Civil L.R. 1-5(n). Going forward, the Court expects the Parties' meet and confer process under Section H.1 of the Standing Discovery Order to include (in addition to or in place of correspondence and emails) actual, live meeting and conferring between the Parties (whether by telephone,

United States District Court
Northern District of California

videoconference, or in-person) which not only complies with the Standing Discovery Order but also Rule 1-5(n). The requirement for in-person or videoconference meet and confer of lead counsel under Section H.2 of the Standing Discovery Order remains in force as well.

**CONCLUSION**

For all the reasons discussed herein, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request to compel production.

This Order **RESOLVES** Dkt. 185.

**IT IS SO ORDERED.**

Dated: November 9, 2026

PETER H. KANG
United States Magistrate Judge